EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | SUPERSEDING INDICTMENT |
| vs. | ) | |
| | ) | [21 U.S.C. §§ 846; 841(a)(1); |
| MICHAEL F. SCHULZE,       (01) | ) | 841(b)(1)(A) and (B); 853] |
| aka: "Michael Dannon" | ) | |
| RALPH LUTHER BYRD,        (02) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges:

On or about between January 1, 1997 and March 21, 2002, in the District of Hawaii and elsewhere, MICHAEL F. SCHULZE, aka: "Michael Dannon," the defendant, and Anthony Martin Tabion, Earl Yamada, aka: "Achi," and Susan Fukumoto, did willfully and unlawfully conspire together and with other persons known and

unknown to the Grand Jury, to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS OF ACCOMPLISHING CONSPIRACY

1.  In order to facilitate his plan to distribute and possess with intent to distribute crystal methamphetamine, MICHAEL F. SCHULZE, aka: "Michael Dannon" (SCHULZE), devised a scheme whereby he would acquire multi-pound quantities of crystal methamphetamine through sources in California, and distribute the methamphetamine from his base of operations in Las Vegas, Nevada.

2.  Once SCHULZE acquired methamphetamine he would arrange for its transfer to Hawaii either by utilizing couriers to transport the methamphetamine by air, or by shipping said methamphetamine via Federal Express or some other package service.

3.  Once the methamphetamine had arrived in Hawaii, SCHULZE would arrange for it to be distributed by sub-dealers working in conjunction with him to sell the methamphetamine to users and other dealers in Hawaii.

4.  These sub-dealers, including, but not limited to, RALPH LUTHER BYRD, Anthony Tabion, (Tabion) Earl Yamada, aka:

"Achi," and Susan Fukumoto, over the life of the conspiracy, distributed hundreds of pounds of methamphetamine in Hawaii that had been acquired by SCHULZE in Las Vegas or Southern California.

## OVERT ACTS

In furtherance of the aforesaid conspiracy, and in order to accomplish the illegal objectives thereof, overt acts were committed in the District of Hawaii and elsewhere by members of the conspiracy, including, but not limited to, the following acts:

1. Between 1997 and 2000, MICHAEL F. SCHULZE, aka: "Michael Dannon" (hereinafter "SCHULZE"), distributed on multiple occasions, multi-pound quantities of methamphetamine to RALPH BYRD (BYRD), for further distribution by BYRD to various methamphetamine users and sub-dealers. These amounts varied from 6 pound quantities to amounts as high as 15 pounds at a time.

2. In or about 1999 through July 2000, SCHULZE distributed on multiple occasions, multi-pound quantities of methamphetamine to Earl Yamada, for further distribution by Yamada in Hawaii. These amounts varied from 2 pound quantities to amounts as high as 6 pounds at a time.

3. At an unknown time during the life of the conspiracy, but approximately between 1999 and 2000, SCHULZE contacted an associate involved in collection of drug debts and

asked him to send "guys" to collect $40,000 in drug debt owed to SCHULZE from a sub-dealer of SCHULZE.

4. During 1999 and 2000, Earl Yamada on multiple occasions sent packages through commercial package services such as Federal Express from Las Vegas, Nevada to Susan Fukumoto in Honolulu, Hawaii containing multi-pound quantities of methamphetamine he had acquired through or from SCHULZE.

5. During late 1999 through July 2000, Susan Fukumoto delivered packages on several occasions to BYRD containing multi-pound quantities of methamphetamine at his residence in Ewa Beach, Hawaii.

6. During 1999 and 2000, Earl Yamada delivered packages to BYRD containing multi-pound quantities of methamphetamine at his residence in Ewa Beach, Hawaii.

7. On or about August 30, 2001, SCHULZE distributed 2 ounces of methamphetamine in Honolulu, Hawaii with the expectation of receiving $4,800 at a later date.

8. On or about September 5, 2001, SCHULZE, who was in Las Vegas at the time, telephonically asked an associate to pay Anthony Tabion (Tabion) the $4,800 in lieu of paying SCHULZE.

9. On or about September 11, 2001, Tabion accepted the $4,800 on behalf of SCHULZE at his business, Custom Rod Shop located in Kapolei, Hawaii.

10. On or about October 2, 2001, SCHULZE distributed approximately 2 ounces of methamphetamine for $2,000.

11. On or about October 4, 2001, SCHULZE, who was in Las Vegas at the time, telephonically asked an associate to loan Tabion $2,000 to facilitate SCHULZE's methamphetamine business.

12. On or about October 4, 2001, an associate of SCHULZE's paid Tabion $2,000.

13. On or about October 13, 2001, Tabion sold one ounce of methamphetamine at his auto body shop, the "Custom Rod Shop," located in Kapolei, Hawaii.

14. On or about October 19, 2001, Tabion was paid $2,000 at the "Custom Rod Shop" in Kapolei, Hawaii.

15. On or about October 29, 2001, Tabion called an associate to advise him that he had methamphetamine available at his shop for purchase.

16. On or about November 5, 2001, Tabion was paid $1,400 by an associate for methamphetamine he had previously "fronted."

17. On or about November 10, 2001, SCHULZE transported, or arranged for the transport, of a large load of methamphetamine to Hawaii.

18. In or about December 2001, SCHULZE shipped or transported approximately 4 pounds of crystal methamphetamine from Las Vegas, Nevada to Honolulu.

19. On or about December 15, 2001, SCHULZE fronted two pounds of methamphetamine to an associate for further distribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

The Grand Jury charges:

On or about August 30, 2001, in the District of Hawaii, MICHAEL F. SCHULZE, aka: "Michael Dannon,", the defendant, did knowingly and intentionally distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 3

The Grand Jury charges:

On or about October 2, 2001, in the District of Hawaii, MICHAEL F. SCHULZE, aka: "Michael Dannon," the defendant, did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNT 4

The Grand Jury charges:

On or about October 31, 2001, in the District of Hawaii, RALPH LUTHER BYRD, the defendant, did knowingly and intentionally distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 5

The Grand Jury charges:

On or about November 1, 2001, in the District of Hawaii, RALPH LUTHER BYRD, the defendant, did knowingly and intentionally distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 6

The Grand Jury charges:

On or about November 1, 2001, in the District of Hawaii, RALPH LUTHER BYRD, the defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more

of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### COUNT 7

The Grand Jury charges:

On or about November 7, 2001, in the District of Hawaii, RALPH LUTHER BYRD, the defendant, did knowingly and intentionally distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

### COUNT 8 (FORFEITURE)

As a result of committing the offense alleged in Count 1 of this Indictment, Defendant MICHAEL SCHULZE shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant MICHAEL F. SCHULZE obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

A. <u>Proceeds of Violations of Count 1</u>

   1. A sum of money equal to $1,000,000 in United States funds or currency, representing the amount of proceeds obtained as a result of the offense(s) listed in Count 1.

B. <u>Real Property</u>

   1. The fee simple interest in the real property located at 2121 Geronimo Way, Las Vegas, Nevada, titled in the name of Innovative Investments, Inc., and more specifically identified as Parcel Number: 162-14-612-015, together with all improvements, appurtenances, fixtures, attachments and easements.

C. <u>Conveyances and Personal Property Subject to Forfeiture</u>

   1. One 1995 Chevrolet, C1500, Pick-Up Truck, silver in color, VIN: 2GCEC19Z3S1253051, Nevada license number: 832-LBC, registered to Alan D. Banks.

   2. One 2000 Four Winns Cabin Cruiser Boat, Vista 248, white and blue in color, Hull Registration number: FWNCB243B000, Nevada Boat Registration number: NV7734KS, with trailer, license number: 25669M.

   3. One 1994 Four Winns Cabin Cruiser Boat, Single Axle, green in color, Hull Identification number: 4WNCK221D494, Registration number: NV0921KM, Vessel name: Hawaiian Punch, with trailer, license 70579K.

   4. One Bob Cat Front End Loader located at 2121 Geronimo Way, Las Vegas, Nevada.

   5. One 1997 Yamaha Jet Ski, Model GP760, Wave Runner, yellow in color, Hull ID#: YAMA2522A797, license number: HA1816G.

   6. One 1992 Mercedes Benz, 500SL, convertible, black in color, VIN: WDBFA66E6NF052894, Nevada license number: 599-JVV, registered to Carrie Watkins.

   7. One 1994 Chevrolet, C5000, Dually Pick-Up Truck, white in color, VIN: 1GCHC33N8RJ377931, Nevada license number: 375-MKN.

8. One blue 1995 Chevrolet Impala, VIN: 1G1BL52P2TR183188, Nevada license number: 632JUN.

9. One 1995 GMC Suburban, C1500 SLT, blue in color, VIN: 1GKFK16K4SJ700382, Nevada license number: 971KJD.

10. One 1995 GMC Suburban, C2500 SLT, tan in color, VIN: 1GKGK26JXXJ780022, Nevada licence number: "LOAN" 14958.

11. One 2000 Nissan Frontier, Crew Cab Pick-Up Truck, grey in color, VIN: 1N6ED27T9YC377245; Nevada license number: 705NAF.

12. One Ladies Platinum Solitaire ring containing one heart-shaped brilliant cut diamond weighing 1.04 carats of "D" color and "SI1" clarity, replacement value $10,840.00.

13. $180,000 representing the proceeds from the sale of one parcel of land, being further described as Parcel #125-29-304-007, in Clark County, Nevada.

D.  SUBSTITUTE ASSET PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third person;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Sections 853, 846, and 841(a)(1).

## COUNT 9 (FORFEITURE)

As a result of committing the offense alleged in Count 1 of this Indictment, Defendant RALPH BYRD shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant RALPH BYRD obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

1. One black 1986 Chevrolet Corvette CPE, Hatchback, VIN: 1G1YY0786G5109835, Hawaii License Number FTP-301.

2. One grey 1984 Chevrolet Corvette, VIN: 1G1AY078XE5121601, Hawaii License Number FWP-369.

3. One red 1996 Harley Davidson motorcycle, VIN: 1H9MCV601TM201010, Hawaii license number: 198MVD.

4. One green Chevrolet K1500 Blazer, Utility 4 WD, VIN: 1GNEK18K8NJ307873, Hawaii license number: JPD-271.

5. Two cashier's checks dated August 8, 2002 valued at $9,000.00 each made payable to Ralph Byrd or Shilo Byrd for a total of $18,000.00 further described as: American Savings Bank cashier's check number 40041632 in the amount of $9,000.00 and Territorial Savings cashier's check number 10094757 in the amount of $9,000.00.

6. One red 1975 Porsche Carrera, two door coupe, VIN: 9115210090, Hawaii license number: GNE702.

7. Seventeen pieces of jewelry more fully described as:

    (a)  One gold rope chain with gold Scorpion pendant - 14K yellow gold rope link chain measuring 20.25 inches long and 4.20 mms and one yellow-gold molded scorpion-shaped pendant stamped 14K measuring 69.20.

    (b)  One gold link chain with diamond and gold ring - 14K yellow gold chain measuring 27 inches and Hawaiian style ring pave set with 22 round brilliant cut diamonds melee set in shape of an "R."

    (c)  One yellow gold chain - Curb-link chain stamped 14K measuring 24 inches long and 11.20 mms wide.

    (d)  One gold pendant - Yellow gold three dimensional Hawaiian Warrior Helmet pendant stamped 14K, textured and engraved "feathers" and rope chain tassels, measuring length 63 x width 33.40 mms and weighing 57 grams.

    (e)  One ladies diamond and gold nugget ring - 14K yellow-gold signet ring "Arnie" with a nugget style finish with one round brilliant cut diamond solitaire measuring 3.50 - 3.55 mms and weighing approximately .17 carats.

    (f)  One diamond, emerald and gold ring - Containing nine round brilliant cut diamonds melees measuring 1.50 mms and weighing .09 carats.

    (g)  One men's gold Seiko wristwatch - Black dial and gold numerals and 14K stamped gold nugget style tapered ink bracelet.

    (h)  One Seiko wristwatch with gold bracelet - Stainless steel back and 14K bracelet.  The watch has a rectangular gold dial and markers.

    (i)  One men's Rolex two-tone wristwatch.

    (j)  One men's gold curb-link bracelet - Yellow-gold link bracelet stamped "750 K18."

    (k)  One Tahitian pearl and gold ring - Nearly round Tahitian black pearl with rose and green overtones measuring 11.70 mms set in a 14K yello-gold mounting.

    (l)  One jade and gold ring - Contains five brilliant cut diamonds measuring 3.20 mms to 4.00 mms and weighing 1.05 carats total.

(m)  One diamond and gold ring - Contains five brilliant cut diamonds measuring 3.20 mms to 4.00 mms and weighing 1.05 carats total.

(n)  One men's diamond and gold ring - Contains four round brilliant cut diamonds melees measuring 2.00 mms and weighing .12 carats.  Engraved "Happy Birthday I Love You Terri 3/26/95."

(o)  One gold ring - Yellow-gold ring tested to be 18K polished.

(p)  One gold nugget ring - Stamped 14K yellow-gold nugget style.

(q)  One gold link necklace - 14K yellow-gold curb-link chain with lobster claw clasp measuring 24 inches long, weighing 220 grams.

A.  SUBSTITUTE ASSET PROVISION

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred or sold to, or deposited with, a third person;

3.  has been placed beyond the jurisdiction of the court;

4.  has been substantially diminished in value; or

5.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

//

//

All in violation of Title 21, United States Code, Sections 853, 846, and 841(a)(1).

DATED: October 3, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
KENNETH M. SORENSON
Assistant U.S. Attorney