ORIGINAL

Michael F. Schulze
Reg.#36817-048
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512-5220

In pro per

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 6 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>      Plaintiff,   )<br>v.   )<br>MICHAEL F. SCHULZE,   )<br>      Defendant.   )<br>_____ ) | CR. NO. 02-00090-DAE<br><br>MOTION FOR NEW TRIAL PURSUANT<br>TO THE FEDERAL RULES OF<br>CRIMINAL PROCEDURE, RULE 33;<br>CERTIFICATE OF SERVICE |

COMES NOW the Defendant, Michael Schulze, acting pro se, and hereby moves this honorable Court to grant a new trial. This motion is made in place of Defendant's post-conviction Second motion for Re-consideration, filed April 7, 2005, which is based upon newly discovered evidence related to the elements of the crimes charged, and is still pending.

This Court has the power to grant a Rule 33 motion for a new trial. United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992).

On a Defendant's motion, the court may grant a new trial to that defendant if the interest of justice so require. United States v. Allen, 2001 U.S. Dist. LEXIS 181.

This motion is timely, as the verdict was returned by a jury on this day, three years ago. This motion is submitted under the mailbox rule in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988).

## I. BACKGROUND

The facts underlining this case have been repeated in volume and are provided in the April 7, 2005, Second motion for Reconsideration, as well as the exhibits related to this motion. The core issue before this Court is Defendant's attempt to suppress tape recorded evidence obtained by an informant who stole money and drugs from targets and used the recorded information to commit and further his own criminal and tortious objectives.

The court denied Defendant's pre-trial motion(s) to suppress on the grounds that the Informant was acting under the "color of law". The court's decision was based on the Government's claim that the Informant was under the "direction" of the FBI, which they supported by citing United States v. Tousant, 619 F.2d 810, 813 (9th Cir. 1980).

During trial, however, it was revealed by the FBI that the Informant was not under their direction during a significant period of the investigation - FBI agents could not receive authorization to use the informant because he was on state probation, and participating in the investigation would cause him to "undertake in criminal activity" which was not authorized. Therefore, the Informant could not have been under the "color of law" during the period of his probation, which ended on October 25, 2001. The evidence the jury relied upon to reach its findings was obtained by the Informant on August 30, and October 2, 2001.

This information was newly discovered evidence because the Government had not disclosed this to the court or Defendant pre-trial. Rather, it falsely claimed the recordings were legal under the color or law. Had this information been known pre-trial, this Court would have suppressed evidence as a matter of law. And

it would have served justice as the withholding of this information was in violation of Brady v. Maryland, 373 U.S. 83 (1963).

## II. REASON FOR GRANTING THE MOTION

This newly discovered evidence came into light when Defendant was reviewing the transcripts from the trial, which is when he first brought it to the attention of this Court through the April 7, 2005 motion made pursuant to Local Rules 7.2(e) and 60.1(a). Because this Court appears to treat that motion as stale, Defendant moves the court to construe that motion as a timely filed Rule 33 motion and grant Defendant a new trial because excluding the unlawful recordings would have caused an acquittal.

## III. CONCLUSION

For the foregoin reasons submitted upon this and Defendant's April 7, 2005, motion, Defendant prays that this Court grant a new trial to correct the miscarrage of justice that has occured.
DATED: February 11, 2006, at Bennettsville, South Carolina.

Respectfully submitted,

Michael Schulze
Defendant, pro se

//
//

** CERTIFICATE OF SERVICE **

I hereby certify that on February 11, 2006, a true copy of the attached was served upon counsel for the United States of America, by depositing the same in the United States Institutional mail at FCI Bennettsville, South Carolina, first class, with sufficient postage attached and addressed to:

> Kenneth M. Sorenson, Esq. AUSA
> Office of the U.S. Attorney
> Room 6-100, PJKK Federal Building
> Honolulu, HI 96850

DATED: February 11, 2006, at the Federal Correctional Institution at Bennettsville, South Carolina.

By: _____
Michael Schulze
Defendant, pro se