Michael F. Schulze
Reg. #36817-048
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512-5220

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 11 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 (DAE) |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT'S OUT-OF-TIME NOTICE OF APPEAL / ALTERNATIVE MOTION TO RE-ENTER ORDERS FOR APPEAL |
| MICHAEL F. SCHULZE, | ) | |
| Defendant. | ) | |

DEFENDANT'S OUT-OF-TIME NOTICE OF APPEAL
ALTERNATIVE MOTION TO RE-ENTER ORDERS FOR APPEAL

COMES NOW defendant Michael Schulze, pro se, and hereby submits notice for an out-of-time appeal to the court's denial of four (4) motions submitted by defendant, filed pro se, which were denied without defendant's knowledge, or, alternatively, defendant moves this Honorable Court to Re-Enter its previous Orders and allow defendant the right to appeal the court's decisions.

This Notice / Motion is based upon defendant's reception of his criminal docket on May 1, 2006, which informed him that five motions, submitted without the assistance of council, and from his place of confinement at USP Atwater, of which address was clearly mentioned at the heading of each motion, and believed to remain pending, had been denied. Defendant was deprived of his Fifth Amendment right to due process of law.

## FACTUAL BACKGROUND

Defendant was sentenced on September 3, 2003. Following his sentence hearing, retained trial attorneys, H. Dean Steward, Shawn Perez, and Earle Partington, were dismissed as counsel.

On direct appeal, defendant was represented by appointed Attorney, Georgia McMillan, who was replaced by retained Attorney, Sung B. Park, who was relieved by defendant, who proceeded pro se and submitted his own reply brief on March 21, 2005.

On remand for re-sentencing, Attorneys, H. Dean Steward and Shawn Perez, agreed to assist defendant, pro bono, at the hearing scheduled for June of 2006 (docket # 242). Counsel's pro bono assistance is for resentencing purposes only and none other.

Defendant has been proceeding pro se in all matters occurring before this Honorable Court since September 3, 2003, and at no time during this period has he authorized anyone to accept any correspondence from any court on his behalf.

Begining on August 5, 2004, defendant filed eleven (11) pro se motions in this Court. These motions are:

(1) to Correct Sentence, filed: 08/05/04 (docket # 210);
(2) to Stay Forfeiture Pending Appeal, filed: 10/07/04 (# 218);
(3) Second Motion for Re-consideration of Orders Denying Motion to Suppress Tape Recorded Evidence-(Newly Discovered Evidence, Post-Trial), filed: 04/07/05 (# 228);
(4) for Bail Pending Appeal, filed: 05/26/05 (# 232);
(5) for Injunctive Relief, filed: 06/13/05 (# 233);
(6) to Modify Fine, filed: 06/28/05 (# 235);
(7) to Stay Fine, filed: 08/03/05 (# 237);
(8) for Temporary Injunction, filed: 09/14/05 (# 239);
(9) for Judicial Notice of Adjudicative Facts, filed: 02/22/06 (# 243);
(10) for New Trial, filed 03/16/06 (# 245); and
(11) Disclosure of Grand Jury Transcripts, filed: 04/13/06 (#246).

On or about October 15, 2004, defendant received an order denying the Motion to Correct Sentence (1) (docket # 217). On or about December 14, 2004, defendant received an order denying without prejudice, the Motion to Stay Forfeiture Proceedings (docket # 222), and filed a response on January 19, 2005 (docket # 223). And on or about August 3, 2005, defendant received an order denying the Motion for Bail Pending Appeal (4) (docket # 236). Of the eleven motions filed by defendant, these three were all that he was aware had been ruled upon by the court.

On October 18, 2005, defendant was transferred from USP Atwater, California, to an unknown destination. On December 15, 2005, defendant arrived at FCI Bennettsville, South Carolina, and on December 22, 2005, sent this Court a Notice of Change of Address. On April 19, 2006, defendant wrote to the Clerk of this Court to request a Docket Report. Defendant also submitted a second Notice of Change of Address.

On May 1, 2006, defendant received the requested Criminal Court Docket. It was at this point that he learned that motions (2), (3), (5) and (9) had been denied. Defendant never received any Order from this Court denying these motions.

ARGUMENT

Federal Rules of Criminal Procedure, Rule 49(c)(Notice of a Court Order) provides in part:

> "When the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action."

Federal Rules of Civil Procedure, Rule 77(d)(Notice of Orders or Judgments) provides in part:

> "Immediately upon the entry of an order of judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party ... and shall make a note in the docket of the service."

Federal Rules of Civil Procedure, Rule 5(b)(1) (Making Service), provides:

> "Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party."

Defendant is unable to locate a specific rule which would direct service upon a pro se litigant, but submits that in a case where a party is not represented by an attorney, the clerk must follow F.R.C.P., Rule 49(c), and F.R.Civ.P., Rule 77(d).

As the Supreme Court opined in Houston v. Lack, 487 U.S. 266 (1988), "the pro se prisoner has no chance but to entrust the fowarding of [mail] to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Id. at 272. Defendant submits here that the same must apply in the other direction, he also has no chance but to entrust that any orders or judgments issued from the court will be delivered by prison authorities unless proper measures are taken.

The Ninth Circuit has also expressed similar concerns by stating, "our cases addressing Houston have consistently demonstrated a concern with the pro se prisoner's lack of control relative to the ordinary litigant... Thus the role in Houston relies on policy concerns surrounding the pro se prisoner's lack of control over delays between prison authorities' receipt of the notice and its formal 'filing' by the district court. Faile v. UpJohn Co., 988 F.2d 985, 988 (9th Cir. 1993).

In <u>Ex Parte Hall</u>, 312 U.S. 546 (1941), the Supreme Court held that prisoners have a fundamental right to adequate, effective, and meaningful access to courts. See also <u>Wilson v. Yaklich</u>, 148 F.3d 596 (6th Cir. 1998). Defendant submits that failure to properly serve a court's order to a pro se prisoner to allow him the right to appeal that order is, in essence, denying that defendant access to the court. "A defendant's excercise of a right of appeal must be free and unfettered." <u>North Carolina v. Pearce</u>, 395 U.S. 711, 724 (1969).

This case is similar to the matter in <u>Barrett v. Yearwood</u>, 83 Fed. Appx. 160, U.S. App. LEXIS 18138 (9th Cir. 2003). In <u>Barrett</u>, the petitioner did not receive the court's recommendation to dismiss his § 2254 petition due to an error on the part of the clerk. The district subsequently dismissed and the Ninth Circuit reversed and remanded.

In dealing with a motion for summary judgment, the Ninth Circuit held that "a failure to give adequate notice to an incarcerated pro se litigant was reversable error affecting the pro se litigant's substantial rights," <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

While the instant matter does not involve a motion for summary judgment, the issue of adequate notice to pro se prisoners should be just as important when substantial rights are involved. Here, defendant did not received a copy of the court's order(s) denying his motion(s), which prevented defendant's right to file an appeal. Whether by error on the part of the clerk or prison authorities, under either scenario, defendant's fundamental rights have been denied.

## CONCLUSION

For the foregoing reasons, defendant respectfully urges this Honorable Court to Grant this motion.

DATED: May 5, 2006, at Bennettsville, South Carolina.

Respectfully submitted,

Michael F. Schulze
Defendant, pro se