ORIGINAL

Michael F. Schulze
Reg.#36817-048
FCI Bennetsville
P.O. Box 52020
Bennettsville, SC. 29512

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 6 2006

at 2 o'clock and 50 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL F. SCHULZE, )<br>)<br>Defendnat. )<br>) | CR. NO. 02-00090-DAE<br><br>MOTION FOR A NEW AND<br>ACCURATE PRESENTENCE<br>INVESTIGATION REPORT |

COMES NOW defendant Michael F. Schulze, pro se, with the acknowledgement of pro bono counsel, Shawn Perez, and hereby moves this Honorable Court to Order that a new and accurate Presentence Investigation Report ("PSR") be issued prior to defendant's resentencing. This motion is based on the following reasons:

1. The original PSR, prepared on July 18, 2003, is completely inaccurate and contradictive in comparison to trial testimony. For example, paragraph 37 states:

> "Additionally, an IRS agent and an FBI financial anaylyst testified and presented evidence as to 1) Schulze's use of three shell corporations identified as Innovative Investments, Inc., New Vision Equipment and Galaxie Records which reflected over $1,000,000 in deposits to these coporate accounts;"

Fact: No-one in this case testified that these companies were "shell" corporations; there was no such company as New Vision Equipment; Galaxie Records was <u>not</u> mentioned at all, and it did

not have an account; IRS agent, John Madinger, did not testify to either, he simply explained how accounts can be structured as to implicate money laundering, however, money laundering was not charged in this case; and financial anaylist, Conrad Ho, did not testify or provide evidence that demonstrated these accounts had $1,000,000 deposited. In fact, as defendant has demonstrated in his Motion for Grand Jury Transcripts, filed on April 13, 2006, the documents relied on by Agent Ho were manufactured by FBI Special Agent, Cindy Maglasang, and defendant provided proof to this Court to support that fact.

 2. The original PSR is based on information outside the court's record and is therefore unreliable because the facts are unverifiable. The specifics are necessary because they cause defendant prejudice through the assumption that they are true. For example, a number of paragraphs contained in the PSR is based on information provided by the informant in this case, Steve Olaes ("Olaes"). Olaes, as this Court is aware, is a proven thief and a lier. Olaes testified that he committed a plethora of criminal acts without the FBI's knowledge, and he lied to federal officials during the investigation into the instant matter.

   Begining at paragraph 14, the PSR describes numerous activities involving Olaes which were never verified in court or witnessed. The fact that Olaes is a proven lier should be enough to have any information provided by him stricken from consideration. Each paragraph that contains information which cannot be confirmed is prejudicial to defendant. For example, paragraph 15, the alleged phone conversations that Olaes claimed to have occurred on September 5, 2001, are not recorded

conversations and connot be verified. Olaes is not a credible source and his word alone cannot be used as information to base defendant's PSR on. Paragraphs like 14 and 15 must be stricken from the PSR or proven to be factual events.

3. The accuracy of the PSR is important because it impacts the decisions made by the Bureau of Prisons with respect to educational programs, security levels, institution placement, housing conditions, work programs, early release, furloughs, funerals, visitor approval, camp placement and halfway house considerations, and drug treatment programs.

4. The "defendant bears the burden of bringing errors in the PSR to the court's attention under Rule 32." See United States v. Scrivner, 114 F.3d 964, 969 (9th Cir. 1997); United States v. Visman, 919 F.2d 1390, 1394 (9th Cir. 1990). And does so here.

5. The information provided by the probation officer must be based on some sort of specific evidence and not just conjecture or speculation. See United States v. McMeen, 49 F.3d 255 (6th Cir. 1995).

6. Pursuant to 5 U.S.C. § 552a, the Government is required to maintain a system of records that are accurate, relevant, and complete in order to assure fairness to the individual whose records are being retained. See United States Dept. of Justice v. Julian, 486 U.S. 1 (1988).

7. "A district court may not rely on facts contained in a presentence report (PSR) in sentencing a defendant if the defendant contests those facts." United States v. Garrett, 161 F.3d 1131, 1133 (8th Cir. 1998). Defendant hereby challenges the facts contained in the original PSR and respectfully requests that

this Honorable Court grant this motion and order that a new PSR be compiled and issued to defendant prior to his resentencing.

8. I swear under the penalty of perjury that the above statements are true examples based upon facts that I am prepared to submit.

DATED: June 1, 2006

Respectfully submitted,

_____
Michael Schulze
Defendant, pro se

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing was served upon the United States Attorney's Office, ATTN: Kenneth M. Sorenson, AUSA, Rm. 6-100, 300 Ala Moana Blvd., Honolulu, HI 96850, by tendering the same to prison officials at the Federal Correctional Institution, Bennettsville, South Carolina, this 1st day of June, 2006, for mailing purposes.

_____
Michael Schulze, pro se