IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR
DEFENDANT MICHAEL F. SCHULZE AND GRANTING MOTION TO
CONTINUE RESENTENCING HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. The Court has reviewed Defense Counsel's Motion to Allow Counsel to Withdraw as Counsel of Record, and the supporting memoranda, including Defendant Michael F. Schulze's Notice of Termination of Counsel(s) and Invocation of the Right to Self-Representation Under Faretta v.

California ("Notice"), filed with the Court on June 30, 2006. The Court did not receive any opposing memoranda from the Government.

## DISCUSSION

A.  Withdrawal of Counsel

Rule 1.16(a)(3) of the Hawaii Rules of Professional Conduct mandates that a lawyer shall withdraw from the representation of a client if the lawyer is discharged. In this case, Defense Counsel Shawn R. Perez has represented that he was one of Defendant's counsels of record through trial and had agreed to appear with local counsel Earle A. Partington *pro bono* for Defendant's resentencing hearing. On or about July 6, 2006, Defendant notified Mr. Perez and Mr. Partington that their services were terminated and that Defendant wished to proceed *pro se*, pursuant to Faretta v. California, 422 U.S. 806 (1975). (See Notice.) As Defendant has expressly terminated the attorney-client relationship with Mr. Perez and Mr. Partington, the Court hereby GRANTS Defense Counsel's Motion to Allow Counsel to Withdraw as Counsel of Record.

B.	Proceed *Pro Se*

Through representations made by Defense Counsel and by his Notice, Defendant's intention to proceed *pro se* at his resentencing hearing is clear and unequivocal.

A criminal defendant has a constitutional and statutory right to represent himself at trial. Faretta v. California, 422 U.S. 806 (1975) (holding that the Sixth Amendment to the United States Constitution "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense"); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally."). The right of self-representation extends to a criminal defendant in the sentencing phase of a trial. See United States v. Silkwood, 893 F.2d 245, 247-49 (10th Cir. 1989) (noting a criminal defendant had a right to self-representation when the defendant requested self-representation after the guilt phase of the trial), cert. denied, 496 U.S. 908 (1990).

In order to invoke his right to self-representation, a defendant must satisfy four requirements. First, he must clearly and unequivocally assert his right. United States v. Mackovich, 209 F.3d 1227, 1235-36 (10th Cir.), cert. denied, 531 U.S. 905 (2000). Second, he must knowingly and intelligently forgo the benefits of

representation by counsel. Id. Third, he must assert his right in a timely fashion. See id.; United States v. Nunez, 877 F.2d 1475, 1478-79 (10th Cir.), cert. denied, 493 U.S. 981 (1989). Finally, the defendant's request for self-representation cannot be made for the purpose of delay. See United States v. Akers, 215 F.3d 1089, 1097 (10th Cir.), cert. denied, 531 U.S. 1023 (2000).

The Court finds that Defendant has satisfied each of the four requirements. Defendant's Notice provides that Defendant understands the possible penalties and dangers of self-representation and that Defendant exerts his right to self-representation knowingly, intelligently, and voluntarily. (See Notice at ¶¶ 7, 8.). As a precaution, in the event Defendant should waive his right to self-representation prior to the resentencing hearing, standby counsel shall be appointed.

The Court having considered the Motion, and good cause appearing therefor, the Court hereby GRANTS the Motion of Defense Counsel to Withdraw as Counsel of Record. Accordingly, the Court orders that Defendant Michael F. Schulze's resentencing hearing be continued from July 20, 2006 until October 27,

2006, 1:30 p.m. in order to allow standby counsel to be appointed and to provide

Defendant the opportunity to prepare his own defense for the resentencing hearing.

       IT IS SO ORDERED.

       DATED:   Honolulu, Hawaii, July 17, 2006.



                                      David Alan Ezra
                                      United States District Judge

United States v. Schulze, Cr. No. 02-00090 DAE, ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD AND DEFENDANT SCHULZE'S MOTION TO POSTPONE RESENTENCING HEARING