ORIGINAL

Michael F. Schulze
Reg. #36817-048
FDC Honolulu
P.O. Box 30080
Honolulu, Hawaii
96820

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 10 2006

IN THE UNITED STATES DISTRICT COURT at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090-DAE |
| Plaintiff, | ) | |
| vs. | ) | REQUEST FOR AN EVIDENTIARY |
| MICHAEL F. SCHULZE, | ) | HEARING; CERTIFICATE OF |
| Defendant. | ) | SERVICE |

COMES NOW the Defendant, Michael F. Schulze ("Schulze"), pro se, and hereby respectfully submits this request for an evidentiary hearing to support his pending motion for Disclosure of Grand Jury Transcripts, made pursuant to F.R.Crim.P., Rule 6e ("Rule 6 motion"), and, pending motion for a New Trial, made pursuant to F.R.Crim.P., Rule 33 ("Rule 33 motion").

In support thereof, Schulze would show:

1.  Schulze is currently in Hawaii from South Carolina to attend his re-sentencing hearing which is scheduled for October 27, 2006. His local presence provides an excellent opportunity to confront the Government (his accuser) and prove to this Honorable Court that the conviction in this matter was obtained as a direct result of Governmental and Prosecutorial misconduct; that FBI Special Agent, Cindy Maglasang, fabricated documents that testimony was solicited from (and was likely represented to the grand jury); that the Prosecution allowed statements and evidence he knew to be false and misleading into trial (which was likely presented to the grand jury); that critical information was deliberately withheld from the defense

in violation of Brady v. Maryland; and, where the Prosecution represented facts to this Court that were contradicted by trial testimony and evidence.

2. Either motion, if granted, could eliminate the need for a resentencing hearing because the Rule 6 motion would require a dismissal of the indictment should the requested transcripts demonstrate Governmental and Prosecutorial misconduct before the grand jury, and, the Rule 33 motion would require either a new trial or dismissal of the indictment should it be proven that an acquittal would have occurred had the Government not willfully and deliberately committed a Brady violation.

3. The controversy over these matter would be best settled through an oral hearing because the Government continues to deliver misspoken statements and deny its act of withholding Brady information, which not only continues to cause Schulze prejudice, it violates the canon of ethics and insults the jurisprudence of American law.

4. An evidentiary hearing as to these allegations brought forth by Schulze should be required by the Fifth Amendment's due process right that allows an accused to confront his accuser.

5. Because Governmental and Prosecutorial misconduct should be exposed at every corner and brought to this Court's attention.

6. Because the interests of justice demands.

DATED: August 8, 2006, at Honolulu, Hawaii.

Respectfully submitted,

_____
Michael F. Schulze
Defendant, pro se

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the attached REQUEST FOR AN EVIDENTIARY HEARING, was duly served upon counsel for the United States of America, by depositing the same in the Institutional Legal Mailbox at FDC Honolulu, Hawaii, first class, with sufficient postage attached and addressed to:

>Kenneth M. Sorenson, Esq., AUSA
>Office of the U.S. Attorney
>Room 6-100, PJKK Federal Building
>300 Ala Moana Blvd.
>Honolulu, Hawaii  96850

DATED: August 8, 2006, at FDC Honolulu, Hawaii.

By: /s/ Michael F. Schulze
Michael F. Schulze
Defendant, pro se