ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 7 2006

at 1 o'clock and 10 min. P M
SUE BEITIA, CLERK

Michael F. Schulze
Reg.#36817-048
FDC Honolulu
P.O. Box 30080
Honolulu, Hawaii 96820

A Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090-DAE |
| Plaintiff, | ) | |
| vs. | ) | MOTION TO POSTPONE RESENTENCING HEARING SCHEDULED ON OCTOBER 27, 2006, at 1:30 PM |
| MICHAEL F. SCHULZE, | ) | |
| Defendant. | ) | |

   **COMES NOW** the Defendant, Michael Schulze ("Schulze"), pro se, and hereby moves this Honorable Court to postpone his resentencing hearing, scheduled for October 27, 2006, at 1:30 P.M., before The Honorable Judge David Alan Ezra.

   For Good Cause, Schulze would show:

1. Schulze is a Pro Se Defendant.

2. On September 2, 2003, this Court sentenced Schulze to a term of 360 months' imprisonment pursuant to the then-mandatory United Sentencing Guidelines ("U.S.S.G."), through determining, by a preponderance of the evidence, drug quantity and type, and, adding a four-level increase for a leadership role.

3. On appeal, Schulze claimed an **Apprendi** error occurred, arguing that the court violated the Sixth Amendment by enhancing his sentence based not on facts found by the jury beyond a reasonable doubt, but rather, based on facts the court found using a preponderance of the evidence standard.

4.  While Schulze's appeal was pending, the Supreme Court rendered its decision in United States v. Booker, 125 S.Ct 738 (2005), which held that the mandatory application of the U.S.S.G. violates the Sixth Amendment.

5.  Following Booker, the Government responded to Schulze's appellate brief and conceded to his **Apprendi**-based Sixth Amendment claim, stating,

> "the District court erred in making factual findings which increased Schulze's maximum sentence beyond that justified by the jury's verdict. At the sentencing hearing, the district court made factual findings related to drug weight that went beyond the jury's findings of 50 grams or more of methamphetamine as charged in Counts 1 and 3. The Court also found that Schulze was an organizer or leader of criminal activity involving 5 or more persons. Based on this finding, Schulze's offense level increased by four levels." (Brief of Appellee, at 9 & 10).

6.  On November 28, 2005, despite the fact that Schulze's appeal was specifically based on **Apprendi**, which pertains to **statutory** sentencing, the Ninth Circuit ordered Schulze to a limited remand pursuant to United States v. Ameline, 409 F,3d 1073 (9th Cir. 2005)(en banc)(where the court held that because **Booker** rendered the mandatory application of the U.S.S.G. unconstitutional, any defendant on direct review who was sentenced pursuant to the Guidelines were entitled to a "limited remand", in order to allow the sentencing court to determine whether it would have imposed the same sentence had the Guidelines been advisory and not binding).

7.  The original resentencing hearing was scheduled for March 1, 2006, but postponed by pro bono counsel, Shawn Perez, until June 21, 2006.

8.  On June 6, 2006, Schulze filed a motion requesting a New and Accurate Presentence Investigation Report ("PSR"). In that motion, Schulze demonstrated a number of inaccuracies contained in the original PSR, which had been prepared in 2003, and would be detrimental in current and future consideration. Schulze supported his position by citing authority in which a defendant is allowed a preemptive challenge to a PSR prior to sentencing.

9. On June 9, 2006, pro bono counsel, Shawn Perez, postponed the June resentencing hearing until July 20, 2006.

10. On June 30, 2006, Schulze terminated pro bono counsel, Shawn Perez; invoked his right under <u>Feretta v. California</u> to self-representation; and consequently moved the court on July 3, 2006, to postpone the resentencing, which the court granted on July 21, 2006, and set a new date for October 27, 2006.

11. On August 17, 2006, Schulze filed a Second Motion for a New and Accurate Presentence Investigation Report. Citing 18 U.S.C. §3552(d); F.R.Crim.P., Rule 32(C)(1); and case law, Schulze informed the court that he represents himself and objects to the court's reliance of an outdated and factually inaccurate PSR at the resentencing hearing. The court has not responded, and the resentencing hearing is within 30 days.

12. Schulze does not currently possess his PSR, nor any amended portions. Therefore, he is unprepared at this point to continue with his resentencing.

13. The "limited" remand ordered by the Ninth Circuit is misplaced because Schulze did not appeal this Court's imposition of a mandatory Guideline sentence, he appealed the error committed by this Court when it relied on facts it found to enhance his sentence using a preponderance of the evidence standard, where the Ninth Circuit held in <u>United States v. Buckland</u>, 289 F.3d 558 (9th Cir. 2002)(en banc), that drug type and quantity are the type of facts that <u>Apprendi</u> requires be submitted to the jury and proven beyond a reasonable doubt. And <u>Booker</u> does nothing to disturb <u>Apprendi</u> or <u>Buckland</u> because these cases, as well as Schulze's, specifically pertain to **statutory** sentencing under a **mandatory** system. In contrast, <u>Booker</u> and <u>Ameline</u> pertain to a sentencing court's consideration of a guideline system that is strictly **advisory**. See <u>United States v. Cardenas</u>, 405 F.3d 1046, 1048 (9th Cir. 2005)(holding that "Booker does not bear on

mandatory minimums" because mandatory minimum sentences are driven by statutes, and not the Guidelines. Therefore, Ameline's application here is misplaced, and a "limited" remand would not be in the best interest of justice because any failure to correct an error here would force this matter to repeat itself. Consequently, Schulze is due a full resentencing hearing.

14. Schulze has not but nine (9) hours per week use of the legal library at the Federal Detention Center (FDC) at Honolulu, Hawaii. In fact, his allowed use was recently increased from three (3) to nine hours. On August 8, 2006, Schulze filed a motion with exhibits in this Court requesting Injunctive Relief. Schulze informed this Honorable Court that he was acting pro se and needed more than the several hours per week allowed at the FDC to properly defend himself and prepare for the upcoming resentencing. That motion is still pending and the situation has not changed but slightly.

15. On August 10, 2006, Schulze filed a request for an evidentiary hearing into the matters pending before the court in relation to his motion for a new trial and disclosure of grand jury transcripts. Schulze informed the court that the outcome of these matters would affect, and possibly eliminate the need for a resentencing hearing. Schulze believes it is in the best interest of justice for this Court to grant an evidentiary hearing, and allow him the opportunity to demonstrate governmental and prosecutorial misconduct. Postponing the resentencing hearing would provide opportunity.

16. The original PSR does not meet the requirements to satisfy 18 U.S.C. § 3553(a)(6), which requires that a sentencing court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This cannot be done in the instant case without considering the prior records of the co-defendants, which are not contained in the old PSR. Furthermore, in order to properly assess and compare similarly situated co-defendants, sufficient information

must be provided to the court. Here, the old PSR does not mention any background information from either co-defendant that would allow the court to properly assess the appropriate punishment and "avoid sentencing disparities". See 18 U.S.C. § 3553(a). Consequently, a postponement of Schulze's resentencing hearing is necessary to allow the Probation Department ample time to prepare and submit a New and Accurate PSR, and allow Schulze his due process right to object to information and statements contained therein. See United States v. Petty, 80 F.3d 1384 (9th Cir. 1996).

17. **WHEREFORE**, through this showing of good cause, and in the interest of justice, Schulze prays that this Honorable Court Postpone his Resentencing Hearing, and Order the Production of a New and Accurate Presentence Investigation Report.

DATED: September 25, 2006, at Honolulu, Hawaii.

Respectfully submitted,

Michael F. Schulze
Defendant, in pro per

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the attached **Motion to Postpone Resentencing Hearing**, was duly served upon counsel for the United States of America, by depositing the same in the Institutional Legal Mailbox at FDC Honolulu, Hawaii, first class, with sufficient postage attached and addressed to:

>Kenneth M. Sorenson, Esq., AUSA
>Office of the United States Attorney
>Room 6-100, PJKK Federal Building
>300 Ala Moana Boulevard
>Honolulu, Hawaii 96850

DATED: September 25, 2006, at FDC Honolulu, Hawaii.

By: _____
Michael F. Schulze
Defendant, in pro per