IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR NEW TRIAL, MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS, MOTION FOR EMERGENCY INJUNCTIVE RELIEF, AND MOTIONS FOR A NEW AND ACCURATE PRESENTENCE INVESTIGATION REPORT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion for New Trial Pursuant to Federal Rule of Criminal Procedure, Rule 33, Motion for Disclosure of Grand Jury Transcripts Pursuant to Federal Rules of Criminal Procedure, Rule 6(e), Motion for Emergency Injunctive Relief, and Motions for a New and Accurate Presentence Investigation Report.

## BACKGROUND

In April, 2002, Michael F. Schulze ("Defendant") was charged with one count of conspiracy to distribute 50 grams or more of methamphetamine in Hawaii and two counts of distribution of methamphetamine.[1] Prior to trial, Defendant filed a motion to suppress evidence of tape recorded conversations between him and a confidential FBI informant named Steve Olaes ("Olaes"), which was denied on November 18, 2002. This was the first of several attempts by Defendant to suppress evidence involving Olaes that eventually led to his conviction. While the Court denied Defendant's motion to suppress, it granted in part his motion for discovery regarding Olaes on November 18, 2002.[2]

On December 31, 2002, Defendant filed a pre-trial motion for reconsideration, asking the Court to reconsider its denial of Defendant's motion to suppress evidence. Defendant based his motion on Olaes's purported lack of veracity and reliability. Despite its acknowledging concerns regarding Olaes's

---

[1] Defendant was convicted on all counts on February 11, 2003.

[2] Pursuant to the Court's order regarding discovery, the following was produced to Defendant and his former counsel: (1) informant's criminal history; (2) any plea or cooperation with the government; (3) information regarding payment to the informant; (4) government memoranda regarding the credibility or integrity of the informant; and (5) conflicting statements.

character, the Court denied the motion because those concerns were inapposite to whether or not the specific information he had provided in the case was unreliable.

After his conviction on all counts on February 11, 2003, Defendant filed a second motion for reconsideration of the denial of his motion to suppress evidence on April 7, 2005. The Court denied this motion on April 18, 2005.

On March 16, 2006, Defendant filed a Motion for New Trial based on newly discovered evidence pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. Defendant claimed that previously undisclosed evidence regarding Olaes's probationary status during part of the FBI's investigation warranted a new trial. Defendant asserted that the Government failed to disclose information on the authorization status of Olaes that would have been favorable to Defendant at trial.

On April 14, 2006, Defendant filed a Motion for Disclosure of Grand Jury Transcripts ("Motion for Disclosure") requesting access to grand jury transcripts based on Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure. Defendant alleged that the grand jury transcripts would support his position in another judicial proceeding, thus outweighing the need to keep grand jury proceedings secret.

On June 6, 2006, Defendant filed a Motion for a New and Accurate Presentence Investigation Report ("First PSR"), claiming that the original presentence report, prepared on July 18, 2003, was inaccurate and contradicted trial testimony. On June 14, 2006, this Court struck Defendant's Motion for New Trial, Motion for Disclosure, and First PSR, because he had filed these motions on his own behalf in violation of Local Rule 83.6.[3]

On June 30, 2006, Defendant filed a Notice of Termination of Counsel followed by a Submission of Previously Filed Pleadings. On August 14, 2006, Defendant filed an Emergency Motion for Injunctive Relief, seeking an Order directing the Warden of the Federal Detention Center (FDC) at Honolulu, Hawai'i, to provide him sufficient access to legal materials and a typewriter.

On August 18, 2006, Defendant filed a Second Motion for a New and Accurate Presentence Investigation Report ("Second PSR"), stating various procedural rules and case law related to presentence reports and explaining that he was now proceeding *pro se*. The Court now reviews together Defendant's Motion

---

[3]Local Rule 83.6 states that "[w]henever a party has appeared by an attorney, the party may not thereafter appear or act in his or her own behalf in the action, or take any step therein . . . ."

for a New Trial, Motion for Disclosure, Emergency Motion for Injunctive Relief, and First and Second PSR.

## STANDARD OF REVIEW

The Court will only grant a timely filed Motion for a New Trial based on newly discovered evidence if a defendant demonstrates that: (1) the evidence relied on is actually "newly discovered" (after trial); (2) the Court can infer diligence on the part of the defendant based on facts alleged in the motion; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; (5) the evidence would probably result in an acquittal. United States v. Arbelaez, 719 F.2d 1453, 1461-62 (9th Cir. 1983), cert. denied, 467 U.S. 1255 (1984) (citations omitted). It is within the sound discretion of the trial court to grant or deny a motion for a new trial. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir. 1991).

In regard to disclosure of grand jury transcripts, it is within the court's substantial discretion to grant or deny the request for the release of grand jury records. Douglas Oil Co. of Cal. v. Petrol Stops N.W., 441 U.S. 211, 223 (1979). The party seeking disclosure of grand jury matters has the burden of proving that their need for the grand jury records outweighs the public's interest in secrecy of the proceedings. Id.

## DISCUSSION

I.  Motion for New Trial based on Newly Discovered Evidence

In order to prevail on a Motion for New Trial, Defendant must meet all five of the Arbelaez elements. First, "a defendant seeking a new trial on the basis of newly discovered evidence must show that 'the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial.'" United States v. McKinney, 952 F.2d 333, 335 (9th Cir. 1991) (quoting Pitts v. United States, 263 F.2d 808, 810 (9th Cir.)). Evidence that is known or discovered by the defendant before the end of the trial cannot be considered newly discovered evidence. McKinney, 952 F.2d at 336.

In this case, Defendant claims that the fact that Olaes was on probation during part of the time he was gathering information on Defendant is newly discovered evidence "because the Government had not disclosed this to the court or Defendant pre-trial." (Def. Mot. for New Trial at 2.) Despite this claim, Defendant, in the same motion, goes on to state that "[d]uring trial, however, it was revealed by the FBI that the Informant . . . was on state probation . . . ." (Def. Mot. for New Trial at 2.)

The record indicates that after an initial meeting with Olaes in August 2001 regarding Defendant's narcotics activity, the FBI began the administrative

procedure of processing him as an informant.  Because Olaes was on probation until October of that year, the administrative process had not been completed by the time that Olaes had participated in at least one recorded conversation with Defendant that was used against him at trial.  Subsequently, Olaes qualified under FBI guidelines and formally became an FBI informant.  All of these facts were elicited during the testimony of Special Agent Cindy Maglasang ("Agent Maglasang") at trial.

Since evidence that is discovered by the Defendant before the end of trial is not newly discovered, McKinney, 952 F.2d at 336, Defendant fails to satisfy the first Arbelaez prong.  Defendant cannot prevail on a Motion for a New Trial based on newly discovered evidence if any of the Arbelaez elements is absent.  Accordingly, the Court denies Defendant's Motion for a New Trial.

II.     Motion for Disclosure of Grand Jury Transcripts

"Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222 (1979).  "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." United

States v. Perez, 67 F.3s 1371, 1381 (9th Cir. 1995), vacated in part, 116 F.3d 840 (1997).

Defendant contends that grand jury transcripts should be disclosed to prove prosecutorial and governmental misconduct as well as perjured testimony which may have served to taint the indicting grand jury.  Defendant believes that disclosure of testimony given during grand jury proceedings would serve to test the credibility of Agent Maglasang.

The Court's denial in this Order of Defendant's Motion for a New Trial renders unnecessary the need for grand jury transcripts as Plaintiff will have no pending judicial proceedings.  Defendant's former counsel was given a transcript of Agent Maglasang's grand jury testimony prior to trial and had ample opportunity to test her credibility at trial.  Defendant also fails to identify with specificity what portions of grand jury materials he is requesting.  Because Defendant makes no showing of a particularized need, the Court denies his Motion for Disclosure of Grand Jury Transcripts.

III.   Motion for Emergency Injunctive Relief

Inmates have fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996), that is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  To state a claim

based on denial of access to the courts, an inmate must demonstrate that he suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Although adequate prison law libraries are one way of ensuring that inmates can exercise their constitutional right of access, Lewis at 351, they do not have "an abstract, freestanding right to a law library or legal assistance. Id. at 354. To prevail on a right of access claim, an inmate must do more than show "that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Defendant "might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." Id. at 351. Or, Defendant might show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." Id.

The Hawaii Federal Detention Center ("HFDC") is divided into units, all with access to the Main Law Library. In addition, each unit contains a discovery room with a typewriter and computer for discovery purposes. The HFDC allows inmates six hours of law research time per week, and extra library time is set aside for inmates proceeding *pro se* or facing an imminent court

9

deadline or date.  Because Defendant was proceeding *pro se* and faced an imminent court date, the HFDC warden doubled his weekly access to the library and granted Defendant unlimited access to the discovery room.

Defendant claims that the library access time allotted by the prison violates his Constitutional right to due process.  However, <u>Lewis</u> requires that the inmate allege specific facts that would support a claim that he suffered an actual injury by being shut out of court.  Defendant's opinion that the library time allotted by HFDC is inadequate does not satisfy this requirement because it is a theoretical assertion unsupported by facts demonstrating an actual injury.  Since it is within the discretion of prison officials to "regulate the time, manner, and place in which library facilities are used," <u>Lindquist v. Idaho State Bd. of Corr.</u>, 776 F.2d 851, 858 (9th Cir. 1985), and Defendant has failed to provide facts supporting a specific injury, the Court denies Defendant's Emergency Motion for Injunctive Relief.

<u>IV.</u>    <u>Motions for a New and Accurate Presentence Investigation Report</u>

Defendant has no right to seek a new Presentence Investigation Report in this Court.  The Probation Officer will consider the contents of Defendant's Motions as objections, and will respond accordingly.  Thus, Defendant's Motions for a New and Accurate Presentence Investigation Report are denied.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Michael F. Schulze's Motion for New Trial, Motion for Disclosure of Grand Jury Transcripts, Motion for Emergency Injunctive Relief, and Motions for New and Accurate Presentence Investigation Report.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 3, 2006.

David Alan Ezra
United States District Judge

United States of America vs. Michael F. Schulze, CR No. 02-00090-DAE; ORDER DENYING MOTION FOR NEW TRIAL, MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS, MOTION FOR EMERGENCY INJUNCTIVE RELIEF, AND MOTIONS FOR A NEW AND ACCURATE PRESENTENCE INVESTIGATION REPORT