EXHIBIT "B"

(Second Superseding Indictment)

ORIGINAL

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U.S. Attorney

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00090 DAE |
| Plaintiff, ) | |
| ) | SECOND SUPERSEDING INDICTMENT |
| vs. ) | |
| ) | [21 U.S.C. §§ 846; 841(a)(1); |
| MICHAEL F. SCHULZE, ) | 841(b)(1)(A) and (B); 853] |
|   aka: "Michael Dannon" ) | |
|        "Alan Banks" ) | |
| ) | |
| Defendant. ) | |

SECOND SUPERSEDING INDICTMENT

COUNT 1

The Grand Jury charges:

At a date unknown to the Grand Jury, but at least beginning by January, 1997 and continuing to March 21, 2002, in the District of Hawaii and elsewhere, MICHAEL F. SCHULZE, aka: "Michael Dannon" and "Alan Banks", and Ralph Luther Byrd, Anthony Martin Tabion, Earl Yamada, aka: "Achi," Susan Fukumoto, who are

not indicted defendants in this indictment, did willfully and unlawfully conspire together and with other persons known and unknown to the Grand Jury, to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

MANNER AND MEANS OF ACCOMPLISHING CONSPIRACY

1.  In order to facilitate his plan to distribute and possess with intent to distribute crystal methamphetamine, MICHAEL F. SCHULZE, aka: "Michael Dannon", "Alan Banks" (SCHULZE), devised a scheme whereby he would acquire multi-pound quantities of crystal methamphetamine through sources in California or elsewhere, and distribute the methamphetamine from his base of operations in Las Vegas, Nevada.

2.  Once SCHULZE acquired methamphetamine he would arrange for its transfer to Hawaii either by transporting the drugs by himself or using couriers using commercial airlines, or by shipping methamphetamine via Federal Express or some other package service.

3.  Once the methamphetamine had arrived in Hawaii, SCHULZE would arrange for it to be distributed by sub-dealers working in conjunction with him to sell the methamphetamine to users and other dealers in Hawaii.

4. These sub-dealers, including, but not limited to, Ralph Luther Byrd (Byrd), Anthony Tabion, (Tabion) Earl Yamada, aka: "Achi," and Susan Fukumoto, over the life of the conspiracy, distributed scores of pounds of methamphetamine in Hawaii that had been acquired by SCHULZE in Las Vegas or Southern California.

## OVERT ACTS

In furtherance of the aforesaid conspiracy, and in order to accomplish the illegal objectives thereof, overt acts were committed in the District of Hawaii and elsewhere by members of the conspiracy, including, but not limited to, the following acts:

1. Between 1997 and 2000, MICHAEL F. SCHULZE, aka: "Michael Dannon", "Alan Banks", (hereinafter "SCHULZE"), distributed on multiple occasions, multi-pound quantities of methamphetamine to Byrd, for further distribution by Byrd to various methamphetamine users and sub-dealers.

2. In or about 1999 through July 2000, SCHULZE distributed on multiple occasions, multi-pound quantities of methamphetamine to Earl Yamada, for further distribution by Yamada in Hawaii. These amounts varied from 2 pound quantities to amounts as high as 6 pounds at a time.

3. At an unknown time during the life of the conspiracy, but approximately between 1999 and 2000, SCHULZE contacted an associate involved in collection of drug debts and

3

asked him to send "guys" to collect $40,000 in drug debt owed to SCHULZE from a sub-dealer of SCHULZE.

4. During 1999 and 2000, Earl Yamada, on multiple occasions, sent packages through commercial package services such as Federal Express from Las Vegas, Nevada to Susan Fukumoto in Honolulu, Hawaii containing multi-pound quantities of methamphetamine he had acquired through or from SCHULZE.

5. During late 1999 through July 2000, Susan Fukumoto delivered packages to Byrd containing multi-pound quantities of methamphetamine at his residence in Ewa Beach, Hawaii.

6. During 1999 and 2000, Earl Yamada delivered packages to Byrd containing multi-pound quantities of methamphetamine at his residence in Ewa Beach, Hawaii.

7. On or about August 30, 2001, SCHULZE distributed 2 ounces of methamphetamine in Honolulu, Hawaii with the expectation of receiving $4,800 at a later date.

8. On or about September 5, 2001, SCHULZE, who was in Las Vegas at the time, telephonically asked an associate to pay Anthony Tabion (Tabion) the $4,800 in lieu of paying SCHULZE.

9. On or about September 11, 2001, Tabion accepted the $4,800 on behalf of SCHULZE at his business, Custom Rod Shop located in Kapolei, Hawaii.

10. On or about October 2, 2001, SCHULZE distributed approximately 2 ounces of methamphetamine for $2,000.

11. On or about October 4, 2001, SCHULZE, who was in Las Vegas at the time, telephonically asked an associate to pay Tabion $2,000 in return for methamphetamine previously fronted by SCHULZE to an associate.

12. On or about October 4, 2001, an associate of SCHULZE's paid Tabion $2,000 in return for methamphetamine "fronted" by SCHULZE.

13. On or about October 13, 2001, Tabion distributed one ounce of methamphetamine at his auto body shop, the "Custom Rod Shop," located in Kapolei, Hawaii at the direction of SCHULZE.

14. On or about October 19, 2001, Tabion received $2,000 at the "Custom Rod Shop" in Kapolei, Hawaii for methamphetamine previously distributed.

15. On or about October 29, 2001, Tabion called an associate to advise him that he had methamphetamine available at his shop for purchase.

16. On or about November 5, 2001, Tabion was paid $1,400 by an associate for methamphetamine he and SCHULZE had previously "fronted."

17. On or about November 10, 2001, SCHULZE transported, or arranged for the transport, of a large load of methamphetamine to Hawaii.

18. In or about December 2001, SCHULZE shipped or transported approximately 4 pounds of crystal methamphetamine from Las Vegas, Nevada to Honolulu.

19. On or about December 15, 2001, SCHULZE fronted two pounds of methamphetamine to an associate for further distribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

The Grand Jury further charges:

On or about August 30, 2001, in the District of Hawaii, MICHAEL F. SCHULZE, aka: "Alan Banks" and "Michael Dannon,", the defendant, did knowingly and intentionally distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 3

The Grand Jury further charges:

On or about October 2, 2001, in the District of Hawaii, MICHAEL F. SCHULZE, aka: "Alan Banks" and "Michael Dannon", the defendant, did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

### COUNT 4 (FORFEITURE)

As a result of committing the offense alleged in Count 1 of this Indictment, Defendant MICHAEL SCHULZE shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds which Defendant MICHAEL F. SCHULZE obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

A. <u>Proceeds of Violations of Count 1</u>

   1. A sum of money equal to $1,000,000 in United States funds or currency, representing the amount of proceeds obtained as a result of the offense(s) listed in Count 1.

B. <u>Real Property</u>

   1. The fee simple interest in the real property located at 2121 Geronimo Way, Las Vegas, Nevada, titled in the name of Innovative Investments, Inc., and more specifically identified as Parcel Number: 162-14-612-015, together with all improvements, appurtenances, fixtures, attachments and easements.

C. <u>Conveyances and Personal Property Subject to Forfeiture</u>

   1. One 1995 Chevrolet, C1500, Pick-Up Truck, silver in color, VIN: 2GCEC19Z3S1253051, Nevada license number: 832-LBC, registered to Alan D. Banks.

2. One 2000 Four Winns Cabin Cruiser Boat, Vista 248, white and blue in color, Hull Registration number: FWNCB243B000, Nevada Boat Registration number: NV7734KS, with trailer, license number: 25669M.

3. One 1994 Four Winns Cabin Cruiser Boat, Single Axle, green in color, Hull Identification number: 4WNCK221D494, Registration number: NV0921KM, Vessel name: Hawaiian Punch, with trailer, license 70579K.

4. One Bob Cat Front End Loader located at 2121 Geronimo Way, Las Vegas, Nevada.

5. One 1997 Yamaha Jet Ski, Model GP760, Wave Runner, yellow in color, Hull ID#: YAMA2522A797, license number: HA1816G.

6. One 1992 Mercedes Benz, 500SL, convertible, black in color, VIN: WDBFA66E6NF052894, Nevada license number: 599-JVV, registered to Carrie Watkins.

7. One 1994 Chevrolet, C5000, Dually Pick-Up Truck, white in color, VIN: 1GCHC33N8RJ377931, Nevada license number: 375-MKN.

8. One blue 1995 Chevrolet Impala, VIN: 1G1BL52P2TR183188, Nevada license number: 632JUN.

9. One 1995 GMC Suburban, C1500 SLT, blue in color, VIN: 1GKFK16K4SJ700382, Nevada license number: 971KJD.

10. One 1995 GMC Suburban, C2500 SLT, tan in color, VIN: 1GKGK26JXXJ780022, Nevada licence number: "LOAN" 14958.

11. One 2000 Nissan Frontier, Crew Cab Pick-Up Truck, grey in color, VIN: 1N6ED27T9YC377245; Nevada license number: 705NAF.

12. One Ladies Platinum Solitaire ring containing one heart-shaped brilliant cut diamond weighing 1.04 carats of "D" color and "SI1" clarity, replacement value $10,840.00.

13. $180,000 representing the proceeds from the sale of one parcel of land, being further described as Parcel #125-29-304-007, in Clark County, Nevada.

D.  **SUBSTITUTE ASSET PROVISION**

     If any of the above-described forfeitable property, as a result of any act or omission of the Defendant -

    1. cannot be located upon the exercise of due diligence;

    2. has been transferred or sold to, or deposited with, a third person;

    3. has been placed beyond the jurisdiction of the court;

    4. has been substantially diminished in value; or

    5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

//
//
//
//
//
//
//
//
//
//
//

9

All in violation of Title 21, United States Code, Sections 853, 846, and 841(a)(1).

DATED: December 27, 2002, at Honolulu, Hawaii.

A TRUE BILL

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
KENNETH M. SORENSON
Assistant U.S. Attorney