IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR.NO. 02-00090-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF LAW** |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

I.  **BACKGROUND**

Schulze was convicted pursuant to a jury's finding that he committed the prohibited act of possessing and/or distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). The total quantity and type of the controlled substance alleged in the Second Superseding Indictment was 105 grams of methamphetamine (50 grams in Counts 1 & 3, and 5 grams in Count 2), which, pursuant to the U.S. Sentencing Guidelines, prescribed a sentencing range of 63 to 78 months' imprisonment. U.S.S.G. § 2D1.1(c)(7).

On September 2, 2003, the District Court enhanced Schulze's sentencing exposure based on information Earl Yamada provided during his testimony at Schulze's trial, and imposed a sentence of 360 months' imprisonment, stating, "The court finds, as did the jury, that Yamada testified truthfully during trial.... the jury was convinced of his testimony and the correctness of it." The Court also imposed a $50,000 fine.

On appeal, Schulze maintained that the District Court violated the Sixth Amendment by enhancing his sentence beyond the range established by the jury's verdict. The Government postponed its Response until the Supreme Court issued its holding in United States v. Booker, 125 S.Ct. 738 (2005), and consequently conceded that "the District Court erred in making factual findings which increased Schulze's maximum sentence beyond that justified by

-3-

the jury's verdict." (Brief of Appellee, at 9 & 10). In Booker, the Court held that a Sixth Amendment violation occurs when a sentencing court enhances a defendant's sentence based on extra-verdict findings in a mandatory Guidelines sentencing system.

In light of Booker, the Ninth Circuit held in United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005)(en banc), that all defendants on direct review who received a sentence under a pre-Booker mandatory Guidelines system and **did not** raise a Sixth Amendment claim, were entitled to a limited remand, whereas those who **did** preserve a Sixth Amendment claim were entitled to a full resentencing. Ameline, 409 F.3d at 1081. However, the Ameline court decided it best to issue a wholesale remand to allow the district courts to conduct their own review of each case, and consequently Schulze was remanded to this Court under Ameline's limited remand title.

On January 11, 2007, Schulze filed a motion requesting a full resentencing hearing pursuant to Ameline, on the basis that he did in fact raise a Sixth Amendment claim in which the Government conceded to. The date set for Schulze's resentencing hearing is April 5, 2007, at 1:30 p.m.

II. **DIRECT EVIDENCE OBTAINED THROUGH A PRIVATE INVESTIGATOR WILL PROVE YAMADA COMMITTED PERJURY THEREBY IMPEACHING HIS UNCORROBORATED TESTIMONY THAT THIS COURT FOUND TO BE RELIABLE AS THE BASIS FOR INCREASING SCHULZE'S SENTENCE 20-PLUS YEARS BEYOND THAT FIXED BY THE JURY'S VERDICT.**

On January 9, 2007, Schulze filed a motion for the production of Earl Yamada at the Government's expense to be present as a defense witness at the April 5, 2007 Resentencing Hearing. It is Schulze's intention to prove to this Court that Yamada was not truthful during his sworn testimony, thereby impeaching his credibility, which, is vital to this matter because the Court enhanced Schulze's sentence at least by 20 years based solely on Yamada's

uncorroborated testimony, whereby he claimed that Schulze was the source of the 2,458 grams of methamphetamine seized from his girlfriend, Susan Fukumoto, who, declined to testify for the Government to support Yamada's claims.

At trial, Yamada testified that while in Las Vegas, Nevada, he received a phone call from Schulze, who was in Florida, and was directed to go to California and obtain the methamphetamine that he subsequently packaged and shipped to Fukumoto that was seized in Honolulu, Hawaii, on July 21, 2000.

Based on Yamada's testimony, the Court found Schulze responsible for the quantity seized in the Yamada/Fukumoto case (Cr.No. 00-00320-SOM), which increased his Base Offense Level from the jury's prescribed range of 26, to 38. The Court then added a 4-point level increase finding that Yamada and Fukumoto make up the required 5 persons to qualify Schulze for a leadership role enhancement, which then established a Base Offense Level of 42 that prescribes a sentencing range of 360 months' to life imprisonment.

Information realized and learned following the imposition of Schulze's original sentence has produced strong grounds that establish Yamada committed perjury during his sworn testimony. (See attached Declaration of Defendant). And it is Schulze's profound belief that evidence will be obtained through the services of a private investigator that will prove Yamada was deceitful during trial and was not forthright as this Court believed. Such evidence is absolutely critical to Schulze and will be used at his resentencing hearing to compel Yamada to admit that he committed perjury, thereby disproving his claims and preventing Schulze from receiving the sentencing enhancements the Court based on Yamada's credibility.

Because Schulze is currently incarcerated and indigent, it is impossible for him to obtain the evidence necessary for his defense to prove Yamada committed perjury, and thereby preventing the 20-plus year enhancement

from being applied again at the April 5th Resentencing Hearing.

### III.  18 U.S.C. § 3006A ALLOWS FOR THE PAYMENT OF WITNESS EXPENSES UNDER THESE CIRCUMSTANCES

Under 18 U.S.C. § 3006A, the Criminal Justice Act, defendants without funds to assist in their defense may apply to the court for authorization to expend public funds for such defense. 18 U.S.C. § 3006(e), ("Services other than counsel"). A defendant who cannot afford necessary services for their defense may apply for CJA funding. United States v. Smith, 893 F.2d 1573 (9th Cir. 1990),

On the basis of a full resentencing, and pursuant to Fed.R.Crim.P., Rule 32(i)(3)(B), Schulze will file a sentencing statement and objections to the Presentence Report challenging, inter alia, the attribution of Yamada's methamphetamine to him, as well as the leadership role enhancement - both of which were a direct result of Yamada's testimony. And this Court will therefore be obligated to resolve these disputed facts. United States v. Ameline, 400 F.3d 646, 657 (9th Cir. 2005).

As stated earlier, Schulze has requested that the Government produce Earl Yamada at the resentencing hearing for the purposes of impeaching the testimony he gave during Schulze's trail that this Court felt was reliable. The process intended by Schulze is to obtain documented evidence and confirm information through the services of a private investigator, then call Yamada as a defense witness, and through direct examination and use of newly obtained documents and information, compel him to admit that he was not truthful during the Schulze trial. The goal of this procedure is to prove to this Court that Yamada testified falsely and concealed material information, thereby diminishing his credibility and raising doubt under the clear and convincing standard that is required when weighing evidence to support a disproportionate sentencing enhancement such as the 16-level increase this

Court imposed in this case. <u>United States v. Munoz</u>, 233 F.3d 1117, 1127 (9th Cir. 2000)(holding that nine-level upward adjustment in sentencing level for uncharged conduct was sufficiently disproportionate to require the district court to apply the clear and convincing evidence standard to the factual findings).

Through the attached CJA form, Schulze has established his current indigency. He seeks reasonable expenses to retain a private investigator to obtain information and documents, interview witness, and if necessary, testify on behalf of information acquired as a result of the investigation; for service of subpoenas for persons and records (if necessary); and reasonable travel expenses (if necessary), otherwise he would be prejudiced by the lack of resources to obtain such expert assistance and evidence, which would violate his constitutional rights.

## IV.   CONCLUSION

**WHEREFORE**, Schulze prays this Honorable Court approve public funds under the Criminal Justice Act for expenses in the interest of justice to prevent the unjust taking of his LIBERTY.

DATED: January 18, 2007, at Honolulu, Hawaii.

Respectfully submitted,

_____
Michael F. Schulze
Defendant, pro se