UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 0 2 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL F. SCHULZE,<br><br>Defendant - Appellant. | No. 06-10629<br><br>D.C. No. CR-02-00090-DAE<br>District of Hawaii,<br>Honolulu<br><br>ORDER |

**RECEIVED**
CLERK U.S. DISTRICT COURT

FEB - 5 2007

DISTRICT OF HAWAII

Before: Peter L. Shaw, Appellate Commissioner

The court has received appellant Michael F. Schulze's request to represent himself on appeal and for leave to proceed on appeal in forma pauperis. The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

Although the district court granted appellant's request to represent himself and appointed Joseph R. Mottl, III, Esq., as appellant's standby counsel, the court of appeals makes an independent determination whether an appellant in a criminal appeal will be permitted to represent himself on appeal. *See* 9th Cir. R. 4-1(d). Permission is ordinarily granted only after a hearing. *See id.*; 9th Cir. Gen. Order 6.3(c). Furthermore, this court does not appoint advisory or standby counsel.

No. 06-10629

Appellant Schulze's request to represent himself on appeal has been referred to the Appellate Commissioner pursuant to Ninth Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to confirm that appellant's request to proceed pro se and waiver of his right to counsel are knowing, intelligent, and unequivocal. *See Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993).

The United States Supreme Court held in *Martinez v. Court of Appeal*, 528 U.S. 152 (2000), that there is no constitutional right to self-representation on appeal, but left this court with the discretion to allow self-representation in appropriate cases. *Id.* at 163. This discretion should be exercised with attention to the court's strong interests in ensuring the integrity of the judicial process and in avoiding the undue burden that may be imposed by a pro se litigant. *Id.* at 162.

Accordingly, the court will permit defendants in direct criminal appeals to represent themselves if: (1) the defendant's request to proceed pro se and the waiver of the right to counsel are knowing, intelligent, and unequivocal; (2) the defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. *See* 9th Cir. R. 4-1(d).

No. 06-10629

The record before the Appellate Commissioner is not adequate at this time to determine whether the court should grant appellant Schulze leave to proceed pro se. Accordingly, within 28 days after the date of this order, appellant Schulze shall file with this court a pro se response to this order that addresses whether self-representation would undermine a just and orderly resolution of the appeal. In particular, the response should address: (1) how appellant intends to comply with this court's rules and procedures; (2) how appellant intends to identify and research the relevant legal issues and present an intelligent and responsible argument; and (3) whether the issues on appeal are so complex that a lay person would require substantial assistance of counsel to aid the court in deciding the case. *See Price v. Johnston*, 334 U.S. 266, 284-85 (1948); *United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985).

Moreover, a review of the record suggests that this court may lack jurisdiction over the appeal because sentence has not yet been imposed. *See United States v. Hickey*, 367 F.3d 888, 890 (9th Cir. 2004). The district court's interlocutory order denying the motion for new trial and for transcripts did not conclusively determine an important issue completely separate from the merits of the action that cannot be effectively reviewed on appeal from a final judgment.

No. 06-10629

*See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978); *Hickey*, 367

F.3d at 895; *see also United States v. MacDonald*, 435 U.S. 850, 854-55 (1978);

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Accordingly, appellant shall include in the response a request for voluntary

dismissal of the appeal or shall show cause why it should not be dismissed for lack

of jurisdiction.  If appellant elects to show cause, the government may file a reply

within 8 days after service of appellant's response.

Appellant's response shall consist of a written statement prepared by

appellant himself, not by a jailhouse lawyer, that does not exceed 20 double-

spaced pages in length.  Appellant Schulze's response also should include a

statement of his education, employment history, legal experience, and research and

writing background.  Appellant Schulze should identify the legal issues that he

intends to raise on appeal.

Appellant Schulze may withdraw his request to proceed pro se at any time

by requesting that the court appoint Mr. Mottl as appellant's counsel, filing a

motion for the appointment of new counsel on appeal, or filing a notice of the

appearance of retained counsel.  The briefing schedule is stayed pending

No. 06-10629

disposition of appellant Schulze's request to represent himself on appeal and Schulze's response regarding jurisdiction over this appeal..

The Clerk shall forward Schulze's responses to the Appellate Commissioner.

The Clerk shall serve a copy of this order on appellant at Michael F. Schulze, Reg. No. 36817-048, FDC Honolulu, Federal Detention Center, P.O. Box 30080, Honolulu, HI 96820, in addition to serving the order on standby counsel Mottl and counsel for the United States.

*Peter L. Shaw*
General Order 6.3(e)