ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 16 2007

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

MICHAEL F. SCHULZE, pro se
Reg.#36817-048
FDC Honolulu
P.O. Box 30080
Honolulu, Hawaii 96820

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY TO THE |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | FUNDS FOR PRIVATE |
| MICHAEL F. SCHULZE, | ) | INVESTIGATOR: CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR FUNDS FOR PRIVATE INVESTIGATOR

The Government urges this Honorable Court to deny Schulze's motion for defense funds to retain a private investigator. The Government submits that Schulze has not met the burden of showing an investigator is necessary and that he is financially unable to pay for such services himself. The Government concludes that the evidence offered at trial supports Yamada's claim that Schulze was his "drug partner". In support, the Government relies on the same testimony that Schulze intends to impeach, and, on transcripts of taped recordings that reference money and pounds. The Government claims that the contents of this particular transcript "clearly demonstrates that [Schulze] was responsible for the 2,458 grams of methamphetamine seized from **Fukumoto** and **Yamada**." (Emphasis added). And finally, the Government claims that other statements of Schulze and witnesses "tied him directly to Yamada."

The Government misunderstands the purpose of the motion. The issue is whether Yamada committed perjury during the course of his sworn testimony -

testimony that this Court relied solely upon in enhancing Schulze's sentence by 20-plus years. At the sentencing hearing, the Court stated, "The court finds, as did the jury, that Yamada testified truthfully during trial... the jury was convinced of his testimony and the correctness of it. And, therefore, the 2,458.2 grams of ice were in fact part of the same course, scheme, and plan of the defendant." (Hearing Transcript at 8 & 9). The Court did not base its findings on "[m]ultiple other statements of Schulze at trial, and the testimony of other witness [that] tied him directly to Yamada." (Government's Response at 6). Schulze does not deny knowing Yamada or Fukumoto. However, Schulze does continue to maintain his actual innocence and challenges any involvement in the Yamada/Fukumoto drug seizure.

The quantity seized from Yamada and Fukumoto occurred on July 21, 2000. Schulze was indicted on March 21, 2002. The Government did not allege in either indictment that the quantity seized in 2000 was part of the instant case. However, at trail the Government introduced this quantity and Yamada's testimony in an attempt to qualify Schulze for sentencing enhancements. And in a preemptive maneuver Schulze moved the Court to allow a special verdict form that would require the jury to determine the amount of drug attributable to him. In this effect, the jury would have resolved the question as to whether it found Yamada's testimony to be credible by determining that Schulze was responsible for more than 50 grams of methamphetamine. However, upon this motion the Government vehemently objected and the Court denied it. The moment that was ripe was lost forever, and Schulze was deprived of the only opportunity to establish whether the jury found that "Yamada testified truthfully".

The fact that Yamada was cross-examined by Schulze's counsel at trial does not eliminate the need to obtain evidence that proves he committed perjury. Much of the information learned that gave rise to the allegation of

perjury was received months and years following Schulze's sentencing hearing. Some of which has been provided by Susan Fukumoto herself, who, had declined to testify on behalf of the Government in support of Yamada's claims.

The Government also points to a transcript that it speculates is "Schulze's recorded admissions" that "clearly demonstrate that he was responsible for the 2,458 grams of methamphetamine seized from Fukumoto and Yamada." The portion relied on is a reference made to "[t]he day Achi lost those nine..." Assuming the conversation was about "pounds", as the Government suggests, nine pounds would equal close to 4,732 grams (448 X 9). Yamada testified, and the Government concedes, that the amount seized from Fukumoto and Yamada was 2,458 grams. The difference between 4,732 and 2,458 is too significant to support the conclusion that the "nine" referred to in the recordings was the quantity seized in the Fukumoto/Yamada case. These recordings do not support the Government's conclusions.

At trial Yamada testified that "Mike" called him to pick up the quantity that was eventually seized from Fukumoto. Yamada stated that Schulze only had two phone numbers the whole time he knew him, yet the Government did not produce a single phone record to support Yamada's claims.

As previously stated, Schulze has received information that Yamada was criminally associated with an individual that he specifically protected from prosecution whose name is Mike, and that Yamada referred to Mike as the "Candy Man", who, Yamada said he delivered approximately four pounds of a controlled substance to a week prior to the seizure from Fukumoto.

Mike is an associate of Jeffrey and Steven Olaes. Steven Olaes is the individual who directed the FBI toward Schulze and made the recordings in this case. And Jeffrey Olaes is the individual with whom Yamada moved to Las Vegas with to further an illegal business of which Mike was an associate of. Mike has a criminal background and is a client of Attorney, Miles Briner,

who, is not only an associate of Attorney, Michael Green (who represented Yamada), but a close friend of Kenneth M. Sorenson, the Assistant U.S. Attorney prosecuting this case.[1]

These circumstances suggest that the Government did not produce any phone records in the Schulze case because they would either prove exculpatory or provide evidence that would implicate Mike. And it is more likely than not that the Government concealed this information in light of the relationship between Mr. Briner and AUSA Sorenson, and, the fact that the Government had already committed a Brady violation during the pre-trial phase of this case by representing that Olaes was acting under color of law during the entire investigation, when in fact the FBI was denied authorization to allow him to participate until his probation expired - information that was deliberately withheld by the Government.

Either way, the fact of the matter is that information now indicates that that quantity seized from Fukumoto on July 21, 2000, was obtained by Yamada on behalf of Mike (the "Candy Man"), not Schulze, and that Yamada committed perjury by testifying that he did not know the real name or identity of the "Candy Man", and by falsely indicating that the "Mike" who called him was Schulze. And the only way for Schulze to obtain proof to support this proposition is to have a private investigator interview and retrieve documents on his behalf because his is confined in prison. And considering the fact that the Government is advocating Schulze receive a 20-plus year enhancement based solely on the word on a convicted felon, it should not be considered a public burden to expend funds to ensure that the life and liberty of a human being is not unjustly taken away.

---

[1] This information was provided by Alena Olaes, fiancee of Schulze and sister of Jeffrey and Steven Olaes. And Attorney Miles Briner, during a meeting on April 27th and 28th, 2002, at the Federal Detention Center in Honolulu, Hawaii.

Conclusion

    In light of the circumstances and in the interest of justice, this Honorable Court should grant Schulze's motion to expend public funds under the Criminal Justice Act.

DATED: February 14, 2007, at Honolulu, Hawaii.

                                            Respectfully submitted,

                                            MICHAEL F. SCHULZE
                                            Defendant, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the attached DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FUNDS FOR PRIVATE INVESTIGATOR, was duly served upon counsel for the United States of America, by depositing the same in the Institutional Legal Mailbox at the Federal Detention Center in Honolulu, Hawaii, first class, pre-paid with sufficient postage attached and addressed to:

> Kenneth M. Sorenson
> Assistant U.S. Attorney
> PJKK Federal Building, Room 6-100
> 300 Ala Moana Boulevard
> Honolulu, Hawaii 96850

DATED: February 14, 2007, at Honolulu, Hawaii.

By: _____
Michael F. Schulze
Defendant, pro se