IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090-DAE |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF LAW** |
| MICHAEL F. SCHULZE, | ) | |
| Defendant. | ) | |

I.  **INTRODUCTION**

Under 18 U.S.C. § 3553 (Imposition of a sentence), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of subsection (a) of § 3553. In determining a particular sentence, the Court shall consider "the nature and circumstances of the offense, and the history and **characteristics** of the defendant." See 18 U.S.C. § 3553(a)(1) (emphasis added).

When determining the application of the guidelines in imposing a sentence, the court "shall impose a sentence of the kind, and with the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or **mitigating** circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1) (emphasis added).

A court may consider expert testimony and written reports of mitigating circumstances when imposing a sentence. See, e.g., United States v. Brown, 985 F.2d 478 (9th Cir. 1993) (court could grant downward departure based on psychologist's report concluding that childhood neglect was primary cause of criminal behavior); United States v. Menyweather, 431 F.3d 692, 698 (9th Cir.

2005) (court was authorized to depart based on psychologist's testimony of defendant's post stress syndrome).

Other mitigating circumstances such as being a deportable alien who has "culturally assimilated" into American society, United States v. Lipman, 133 F.3d 726 (9th Cir. 1998); socio-economic and educational background of a defendant, United States v. Genao, 831 F.Supp 246, 254 (S.D.N.Y. 1993); and lack of guidance as a youth, United States v. Floyd, 945 F.2d 1096 (9th Cir. 1991), are factors a court may consider when imposing a sentence. Schulze intends to rely on such mitigating circumstances and requires support from an expert psychologist to write a sentencing mitigation report.

## II. 18 U.S.C. § 3006A ALLOWS FOR THE PAYMENT OF WITNESS EXPENSES UNDER THESE CIRCUMSTANCES

Under 18 U.S.C. § 3006A, the Criminal Justice Act, defendants without funds to assist in their defense may apply to the court for authorization to expend public funds for such defense. 18 U.S.C. § 3006(e), ("Services other than counsel"). A defendant who cannot afford necessary services for their defense may apply for CJA funding. United States v. Smith, 893 F.2d 1573 (9th Cir. 1990).

All though § 3006A(e) makes reference only to the appointment of an expert at the request of counsel, the courts have generally found that § 3006A(e) is applicable to pro se defendants. See United States v. Hamlet, 456 F.2d 1282 (5th Cir. 1972) ("The fact that [the defendant] was acting as his own counsel does not remove him from the benefits of § 3000A"); see also United States v. Greschner, 802 F.2d 373 (10th Cir. 1986), cert. denied, 480 U.S. 908 (1987); Edwards v. United States, 795 F.2d 958, 963 (11th Cir. 1986), cert. denied, 481 U.S. 1019 (1987).

The decision to grant or deny a request for the appointment of an expert

under § 3006A(e) is committed to the trial court's discretion. <u>United States v. Goodwin</u>, 770 F.2d 631, 635 (7th Cir. 1985), cert. denied, 474 U.S. 1084 (1986). The defendant has the burden of showing both that the appointment of an expert is necessary to his defense and that he is financially unable to afford the experts' services. <u>United States v. Sanchez</u>, 912 F.2d 18, 22 (2nd Cir. 1990). The test for determining whether an expert's services are necessary is "whether a reasonable attorney would engage such services for a client having independent financial means to pay for them." <u>Goodwin</u>, 770 F.2d at 635.

    A.    The Appointment of an Expert is Necessary to Support Schulze's Position that Mitigating Circumstances Exist to Warrant a Reduced Sentence.

In <u>Menyweather</u>, the Ninth Circuit held that following <u>United States v. Booker</u>, 125 S.Ct. 783 (2005), sentencing courts now "have the discretion to weigh a multitude of mitigating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, **mental and emotional conditions**, employment record, and **family ties and responsibilities**." <u>Menyweather</u>, 431 F.3d at 700 (emphasis added).

All though a "probation officer must conduct a presentence investigation and submit a report to the court before it imposes [a] sentence...", the only additional information required aside from the issues relevant to the offense is: (A) the defendant's history and characteristics, including:

    (i)    any prior criminal record;

    (ii)    the defendant's financial condition; and

    (iii)    any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;"

<u>Federal Rules of Criminal Procedure, Rule 32</u>. Consequently, the Presentence

Investigation report does not include information pertaining to mental and emotional conditions, or family ties and responsibilities. See Menyweather, 431 F.3d at 700. Under Section 3553(a)'s primary directive, the court should impose a sentence sufficient, but not greater than necessary to comply with the purpose of sentencing. In United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990), the court held that a sentencing judge may depart downward based on testimony from a psychiatrist that the likelihood of recidivism was low, and that the defendant was not violent and antisocial. Id. at 556. Because these issues are not addressed by the Probation Officer, a presentence report cannot provide a court with certain mitigating factors that have warranted reduced sentences in other cases. And to provide a court with a report and/or testimony from expert witnesses by a defendant, who, is not only incarcerated but indigent, is an improbable matter that the Criminal Justice Act provides specific relief for. "Where expert services are necessary to an adequate defense the court must authorize them." E.g., Christian v. United States, 398 F.2d 517, 519, 6 A.L.R.Fed. 1001 (10th Cir. 1968).

Title 18 U.S.C. § 3661 states that "no limitation shall be placed on information concerning the background, character, and conduct of a person convicted of an offense which the court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Here, because Schulze is limited from providing information to the court because he is incarcerated and indigent, his application for CJA witness funds should be approved under 18 U.S.C. §§ 3006A(e)(1) and 3661.

The Supreme Court in Koon v. United States, 518 U.S. 81, 113 (1986), held that "[i]t has been uniform and consistent in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

In this effect, a court is asked to consider a defendant as a human being and to consider the reasons for his failings. And as stated in Koon, sometimes these factors can "mitigate" the crime and the punishment to ensue. In light of Koon, a criminal defendant should be allowed the opportunity to submit a report or testimony from an expert who is trained to evaluate the failings of a human being and bring to the court's attention mitigating factors that the presentence report fail to produce. And because involving an expert could result in a reduced sentence, it would be prejudicial to deny a defendant access simply because he cannot afford it. Given the Sentencing Commission's acknowledgment of the vast range of human conduct not encompassed by the Guidelines, a unique combination of factors may constitute the circumstance that mitigates a sentence. See United States v. Cook, 938 F.2d 149, 156 (1991). However, as long as a criminal defendant is without means, such mitigating factors will never be considered.

  B. A Reasonable Attorney has Engaged Such Services for a Client Having Independent Financial Means to Pay Them.

Attached is a copy of a letter from Dr. Marvin W. Acklin (Exhibit "A"). This letter represents a communication between Dr. Acklin and Schulze that mentions a sentencing mitigation evaluation report performed in the case of Mr. Lungren. Mr. Lungren is currently represented by retained Attorney, Pamela O'Leary Tower, who recommended Mr. Lungren retain the services of Dr. Acklin. This information was provided by Mr. Lungren who is housed in the same unit as Schulze. Because the services of Dr. Acklin were recommended by a reasonable attorney and paid for by a defendant with financial means, this Court should approve this motion to allow Schulze to submit the same type of sentencing mitigation report as a defendant who had the financial means and did so upon his attorney's advice.

//

### III. CONCLUSION

Schulze was sentenced to 30 years' imprisonment during a period where mitigating circumstances were not taken into consideration due to the binding nature of the U.S. Sentencing Guidelines. Schulze's sentence has since been remanded and he will now have an opportunity to submit mitigating factors this Court had not considered before. In this effect, Schulze intends to submit a sentencing mitigation evaluation report from a board-certified, clinical and forensic psychologist, that will greatly improve the likelihood of receiving a reduced sentence. However, he does not have the means to afford an expert witness and therefore prays this Honorable Court approve this application for defense witness funds under the Criminal Justice Act.

DATED: Honolulu, Hawaii, April 16, 2007.

Respectfully submitted,

Michael F. Schulze
Defendant, pro se