```
 1    GRETCHEN V. SCHULZE
      91-189 Ewa Beach Road
 2    Ewa Beach, Hawaii 96706
```

RECEIVED
UNITED STATES
ATTORNEY

'07 APR -9 P2:32

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

```
 3    MICHAEL F. SCHULZE
      Reg.#36817-048
 4    Federal Detention Center
      Post Office Box 30080
 5    Honolulu, Hawaii 96820
```

MAR 02 2007

at ___ o'clock and ___ min. __ M
SUE BEITIA, CLERK

```
 6    Plaintiffs, pro se

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9                 FOR THE DISTRICT OF HAWAII

10
      GRETCHEN V. SCHULZE, and     )    CIVIL NO. 06-00490 EFS LEK
11    MICHAEL F. SCHULZE,          )
                                   )
12                  Plaintiffs,    )
                                   )
13         vs.                     )
                                   )    AMENDED COMPLAINT FOR DAMAGES
14    CINDY MAGLASANG, CONRAD HO, and )   Summons
      KENNETH M. SORENSON,         )
15                                 )
                    Defendants.    )
16    _____)

17

18         Plaintiffs GRETCHEN V. SCHULZE (hereinafter "G. Schulze"), and

19    MICHAEL F. SCHULZE (hereinafter "M. Schulze"), acting pro se, hereby sues

20    Defendants CINDY MAGLASANG (hereinafter "Maglasang"), CONRAD HO

21    (hereinafter "Ho"), and KENNETH M. SORENSON (hereinafter "Sorenson"), in

22    their official capacity, individually, jointly, ("Defendants"), and for

23    cause says:

24                         Cause of Action

25         1.  This amended complaint for damages is brought pursuant to the

26    Civil Rights Act under Title 42 U.S.C. §§ 1981, clause (2) and (3) of 1985,

27    1986, and the Fourth and Fifth Amendments to the Constitution of the

28    United States of America.
```

-1-

EXHIBIT B

Jurisdiction

2.  Jurisdiction in this Court is proper under Title 28 U.S.C. §§ 1331, 1332, and 1343.[1]

3.  Venue in this Court is proper under Title 28 U.S.C. § 1391, as these claims arose in this district.

Parties

4.  Plaintiff, G. Schulze, is a deaf seventy-seven year old white woman who resides in the state of Hawaii, and is a citizen of the United States of America.

5.  Plaintiff, M. Schulze, is a citizen of Canada who was a legal alien resident in the United States of America when these claims arose, and is the legal son of G. Schulze.

6.  Defendant, Maglasang, was a federal official employed as a Special Agent with the Federal Bureau of Investigation at the field office in Honolulu, Hawaii, during the period covered in this amended complaint.

7.  Defendant, Ho, was a federal official employed as a financial analysis for the Federal Bureau of Investigation, at the field office in Honolulu, Hawaii, during the period covered in this amended complaint.

8.  Defendant, Sorenson, was a federal official employed as an Assistant United States Attorney in and for the District of Hawaii, during the period covered in this amended complaint.

Standing

9.  Plaintiff, G. Schulze, is a disabled elderly white woman with a

---

[1]  On December 7, 2006, upon review of the original complaint, filed September 7, 2006, Chief United States District Judge Helen Gillmor ordered a recusal of all judges of this district to avoid impropriety due to Defendant Sorenson's frequent appearances in the District Court of Hawaii, and on December 15, 2006, reassigned this action to United States District Judge Edward F. Shea, for the Eastern District of Washington.

physical impairment which substantially limits one or more of her life activities, and she is therefore a member of a class of persons who require special federal assistance in protecting her from invidious discrimination, and therefore has standing to bring suit for discrimination, pursuant to 42 U.S.C. § 1981, and for conspiracy to deprive her of her civil rights and privileges, pursuant to 42 U.S.C. § 1985(3).

10.  Plaintiff, M. Schulze, is a white Canadian legal alien who has Article III standing to bring suit for racial discrimination, pursuant to 42 U.S.C. § 1981, and for conspiracy to obstruct justice in influence a verdict in a federal court proceeding, pursuant to 42 U.S.C. § 1985(2).

Preliminary Background

11.  On March 21, 2002, M. Schulze, along with American co-defendants Ralph Byrd and Anthony Tabion, were indicted for conspiring to distribute a controlled substance in violation of Title 21 U.S.C. §§ 846 and 841(a)(1).

12.  On January 30, 2003, in maintaining his innocence, M. Schulze proceeded to trial in a federal court in the District of Hawaii.

13.  At a time unknown, but at least by January 30, 2003, Maglasang, an FBI Case Agent, conspired with Ho and Sorenson to produce evidence for use in M. Schulze's federal drug trial, and thereupon did willfully and maliciously fabricate documents (hereinafter "worksheets") that contained information she knew to be false and misleading of fictitious deposits into non-existent bank accounts and she doubled and triple-counted actual figures to implicate that Plaintiffs received unexplained income, laundered money, and evaded income tax, and she did so with the knowledge that such false and misleading information would be used as evidence in a federal court proceeding, and thereafter made public.

14.  At a time unknown, but at least by January 30, 2003, Ho, an FBI financial analysis, conspired with Maglasang and Sorenson to produce

evidence for use in M. Schulze's federal drug trial, and thereupon did willfully and maliciously create documents (hereinafter "spreadsheets and summary charts") that were based solely on the worksheets that he knew Maglasang had fabricated to falsely implicate that Plaintiffs received unexplained income, laundered money, and evaded income tax, and did so with the knowledge that his spreadsheets and summary charts that were based on false and misleading information, would be used as evidence in a federal court proceeding, and thereafter made public.

15. On January 30, 2003, Sorenson announced publicly that G. Schulze laundered approximately $244,000 in drug proceeds through her ten (10) bank accounts, despite his knowledge of her innocence, and that the evidence he based this false claim on were the fruits of the conspiracy in which he furthered by representing to the jury and thereby making public.

16. On January 30, 2003, and on through February 11, 2003, Sorenson, acting in furtherance of the conspiracy, did submit into evidence in the federal trial of M. Schulze, spreadsheets and summary charts which he conspired to create and knew contained false and misleading information to implicate that M. Schulze received unexplained income, laundered money, and evaded income tax.

17. On January 30, 2003, and on through February 11, 2003, Maglasang and Ho did testify under oath in the federal trial of M. Schulze that their findings contained in the worksheets, spreadsheets, and summary charts, accurately reflect the total deposits and bank transactions of M. Schulze and G. Schulze, and implicated that Plaintiffs received unexplained income, laundered money, and evaded income tax.

18. On February 11, 2003, based on the conspiratorial acts committed by Maglasang, Ho, and Sorenson, to discriminate against and deprive M. Schulze of a fair trial, and to obstruct justice and influence the verdict,

1  Schulze was found guilty by a jury of offending a controlled substance law.

2      19.  On February 12, 2003, the same jury found that assets worth in

3  excess of $500,000 belonging to M. Schulze and his Nevada corporation, were

4  subject to criminal forfeiture as a result of the unlawful income

5  demonstrated in the spreadsheets and summary charts, which, were maliciously

6  fabricated and used in furtherance of Maglasang's, Ho's, and Sorenson's

7  agreement to discriminate against and deprive M. Schulze of his civil and

8  constitutional rights to a far trial, and to obstruct justice and influence

9  the jury's verdict.

10     20.  On September 2, 2003, based on the conspiratorial acts and

11 agreement between Maglasang, Ho, and Sorenson, to discriminate against and

12 obstruct justice by presenting false evidence and thereby influencing the

13 verdict and Court's judgment, M. Schulze, an alien with absolutely no

14 criminal past, was sentenced to a term of 360 months' imprisonment for the

15 same non-violent offense that his American co-defendants Byrd and Tabion

16 received 51 and 60 months' in a prison camp for, respectively.

17     21.  On September 7, 2003, Sorenson, while acting outside the scope

18 and authority of his official duties, and in furtherance of his agreement

19 with Maglasang and Ho to discriminate and deprive G. Schulze of her civil

20 rights, privileges, and immunities to be free from harassment and unwanted

21 invasion of privacy, did knowingly, willfully, and maliciously, communicate

22 and provide to Rick Daysog, a news reporter for the Honolulu Star-Bulletin –

23 a newspaper publisher, who, subsequently did distribute worldwide, the

24 information, spreadsheets, and summary charts that Sorenson knew had been

25 fabricated to implicate that G. Schulze laundered money for, and was

26 criminally associated with drug trafficking – and was convicted thereof, and

27 Sorenson did so with full knowledge that G. Schulze was innocent; had not

28 been charged for any crimes; and that such false and defamatory information

1  would be distributed worldwide.

2      22.  On May 31, 2006, while acting to further the agreement made with

3  Maglasang and Ho to discriminate against M. Schulze and deprive him of his

4  civil and constitutional rights to due process of law, and to further

5  obstruct the course of justice, Sorenson did willfully and maliciously

6  submit and file a document in the district court that contained statements

7  that were based solely on the spreadsheets and summary charts that he

8  conspired with Maglasang and Ho to fabricate, which, contained information

9  they knew to be false and misleading, and he did so with the corrupt motive

10 to prevent M. Schulze from being granted a new trial, and thereby preventing

11 his liberty.

12                              Declarations

13     23.  Defendants discriminated against, conspired to, and did in fact

14 deprive G. Schulze of her fundamental civil and constitutional rights,

15 privileges, and immunities, because she is a white elderly deaf and

16 disabled woman.

17     24.  Defendants discriminated against M. Schulze, conspired to, and

18 did in fact obstruct justice because he is a white Canadian, and an alien to

19 the United States of America.

20     25.  Plaintiffs hereby incorporate the allegations set forth above as

21 if the same were fully set forth and re-alleged herein below in Counts 1

22 through 9.

23     26.  Unless otherwise specifically indicated, the word "Defendants"

24 will include Maglasang, Ho, and Sorenson.

25     27.  The word "personal injury", when used in respect to G. Schulze,

26 will mean the injury caused from emotional distress, mental anguish, stress,

27 depression, diminished esteem, public contempt and ridicule, humiliation,

28 discrimination, and disassociation from family and community members.

28. The word "personal injury", when used in respect to M. Schulze, will incorporate the meanings described above in paragraph 27, to further include injuries suffered from the loss of his liberty, relationships, friendships, associates, and public standing.

29. The word "actual injury" means the pecuniary loss suffered from: (1) the seizure and subsequent disposal of assets and real estate valued in excess of $500,000; (2) lost personal income of $600,000 ($120,000 per year); (3) failed investment of $130,000; (4) $50,000 fine imposed; (5) future loss of $3,000,000 in profit from investment; (6) future loss of $10,000,000 in personal income due to imprisonment over the next 21 years; and (7) future loss of $21,000,000 in profits from investments over the next 21 years.

COUNT ONE

30. At a date unknown, but at least by September 7, 2003, in the District of Hawaii, Defendants did act outside the authority of their office and conspired to deprive G. Schulze of her civil and constitutional rights, privileges, and immunities, to be free from harassment, discrimination, and unwanted invasion of privacy, and did perform at least one act in furtherance of the said conspiracy, thereby causing her injury, in violation of the Civil Rights Act under Title 42, United States Code, Section 1985(3).

COUNT TWO

31. At a date unknown, but at least by September 7, 2003, in the District of Hawaii, Defendants did act outside the authority of their office with reckless indifference to the federally protected rights of G. Schulze, and intentionally engaged in a discriminatory manner to deprive her of her constitutional and civil rights, to be free from harassment and unwanted invasion of privacy, thereby causing her injury, in violation of the Civil Rights Act under Title 42, United States Code, Section 1981.

COUNT THREE

32.  At a date unknown, but at least by September 7, 2003, in the

District of Hawaii, Defendants, having knowledge that others were acting

outside the authority of their office to conspire to discriminate and/or

deprive G. Schulze of her civil and constitutional rights, enunciated under

Title 42 U.S.C. § 1985(3), and having the power to prevent or aid in

preventing the commission of the same, did neglect or refused to prevent the

commission of such conspiracy, which resulted in injury, and is therefore

liable for such injury pursuant to the Civil Rights Act under Title 42,

United States Code, Section 1986.

COUNT FOUR

33.  At a date unknown, but at least by September 7, 2003, in the

District of Hawaii, Defendants did act outside the authority of their office

and violate the constitutional rights of G. Schulze, by unlawful intrusion

and warrantless invasion into her life and privacy without showing probable

cause, by oath or affirmation, in violation of the Fourth Amendment of the

United States Constitution.

COUNT FIVE

34.  At a date unknown, but at least by September 7, 2003, in the

District of Hawaii, Defendants did act outside the authority of their office

and violate the constitutional rights of G. Schulze, by depriving her of due

process of law and equal protection from malicious prosecution and

government vindictiveness, in violation of the Fifth Amendment of the

United States Constitution.

COUNT SIX

35.  At a date unknown, but at least by January 30, 2003 and

continuing to May 31, 2006, in the District of Hawaii, Defendants did act

outside the authority of their office and conspired to discriminate against

-8-

1  M. Schulze, obstruct justice, and influence the jury's verdict in his

2  federal court proceeding, and did perform at least one act in furtherance of

3  the said conspiracy, thereby causing him injury, in violation of the Civil

4  Rights Act under Title 42, United States Code, Section 1985(2).

COUNT SEVEN

5

6      36.  At a date unknown, but at least by January 30, 2003 and

7  continuing to May 31, 2006, in the District of Hawaii, Defendants did act

8  outside the authority of their office with reckless indifference to the

9  federally protected rights of M. Schulze, and intentionally discriminated

10  against him by treating him different than citizens of the United States

11  because of his race and alienage, thereby causing him injury, in violation

12  of the Civil Rights Act under Title 42, United States Code, Section 1981.

COUNT EIGHT

13

14      37.  At a date unknown, but at least by January 30, 2003 and

15  continuing to May 31, 2006, in the District of Hawaii, Defendants, having

16  knowledge that others were acting outside the authority of their office to

17  conspire to discriminate against M. Schulze, obstruct justice, and influence

18  the jury's verdict in his federal court proceeding, enunciated under Title

19  42, U.S.C. § 1985(2), and having the power to prevent or aid in preventing

20  the commission of the same, did neglect or refused to prevent the commission

21  of such conspiracy, which resulted in injury, and is therefore liable for

22  such injury pursuant to the Civil Rights Act under Title 42, United States

23  Code, Section 1986.

COUNT NINE

24

25      38.  At a date unknown, but at least by January 30, 2003 and

26  continuing to May 31, 2006, in the District of Hawaii, Defendants did act

27  outside the authority of their office with reckless indifference and

28  deprived M. Schulze of his fundamental rights to due process of law and

-9-

1  equal protection from malicious prosecution and government vindictiveness,

2  in violation of the Fifth Amendment of the United States Constitution.

3                              Right to Recovery

4      39.  Plaintiff, G. Schulze, is a person aggrieved by Defendant's

5  intentional acts, as alleged in the above mentioned Counts 1 through 5.

6      40.  Plaintiff, M. Schulze, is a person aggrieved by Defendant's

7  intentional acts, as alleged in the above mentioned Counts 6 through 9.

8      41.  Because of Defendant's wrongful acts, Plaintiff, G. Schulze, is

9  entitled to judgement against Defendants for (a) compensatory damages; (b)

10 punitive damages; (c) full costs of this action together with reasonable

11 attorney fees as determined by the court; and (d) such other and further

12 relief as the jury and the court deems just and proper.

13     42.  Because of Defendant's wrongful acts, Plaintiff, M. Schulze, is

14 entitled to judgment against Defendants for (a) pecuniary damages; (b)

15 compensatory damages; (c) punitive damages; (d) full costs of this action

16 together with reasonable attorney fees as determined by the court; and (e)

17 such other and further relief as the jury or the court deem just and proper.

18                              Jury Demand

19     43.  Pursuant to the Seventh Amendment of the United States

20 Constitution, and Title 42 U.S.C. § 1981a, Plaintiffs hereby demand a trial

21 by jury.

22                              Damages

23     44.  WHEREFORE, Plaintiff GRETCHEN V. SCHULZE requests that this Court

24 enter judgment against Defendants CINDY MAGLASANG, CONRAD HO, and KENNETH M.

25 SORENSON, for:

26     (a) Compensatory damages for personal injury suffered from Defendant's

27 intentional violation of her civil and constitutional rights, as alleged in

28 Counts 1 through 5, according to proof, in the amount of two hundred forty-

                                 -10-

1    four thousand, three hundred and seventy-one dollars ($244,371.00) for each

2    Count if separated from this action in whole, or for all Counts 1 through 5

3    combined within this action, irrespective of the number of defendants.

4         (b)  Punitive damages for intentional discrimination and willful

5    violation of federally protected rights, as alleged in Counts 1 through 5,

6    according to proof, in the amount of five hundred thousand dollars

7    ($500,000.00) for each Count if separated from this action in whole, or for

8    all Counts 1 through 5 combined within this action, irrespective of the

9    number of defendants.

10        (c)  Full costs of this action, including reasonable attorney fees.

11        (d)  Such other and further relief the jury and the court deems just

12   and proper.

13        45.  WHEREFORE, Plaintiff MICHAEL F. SCHULZE requests that this Court

14   enter judgment against Defendants CINDY MAGLASANG, CONRAD HO, and KENNETH M.

15   SORENSON, for:

16        (a)  Pecuniary damages for personal and actual injuries suffered from

17   Defendants' intentional discrimination, obstruction of justice, influence of

18   a federal jury's verdict, and deprivation of his federally protected civil

19   and constitutional rights, as alleged in Counts 6 through 9, according to

20   proof, in the amount of twenty-five million, two hundred and eighty thousand

21   dollars ($25,280,000.00) for each Count if separated from this action in

22   whole, or for all Counts 6 through 9 combined within this action,

23   irrespective of the number of defendants.

24        (b)  Compensatory damages for personal injury suffered from

25   Defendants' intentional discrimination, obstruction of justice, influence of

26   a federal jury's verdict, and deprivation of his federally protected civil

27   and constitutional rights, as alleged in Counts 6 through 9, according to

28   proof, in the amount of one million dollars ($1,000,000.00) for each year of

-11-

1 | imprisonment served since April 2, 2002, for each Count if separated from
2 | this action in whole, or for all Counts 6 through 9 combined within this
3 | action, irrespective of the number of defendants.

4 |     (c)  Punitive damages for intentional discrimination and willful
5 | violation of federally protected rights, as alleged in Counts 6 through 9,
6 | according to proof, in the amount of one million dollars ($1,000,000.00) for
7 | each year of imprisonment served since April 2, 2002, for each Count if
8 | separated from this action in whole, or for all Counts 6 through 9 combined
9 | within this action, irrespective of the number of defendants.

10 |     (d)  Full costs of this action, including reasonable attorney fees.

11 |     (e)  Such other and further relief the jury and the court deems just
12 | and proper.

14 | DATED: February 28, 2007, at Honolulu, Hawaii.

By: _____
GRETCHEN V. SCHULZE
Plaintiff, pro se

By: _____
MICHAEL F. SCHULZE
Plaintiff, pro se

-12-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GRETCHEN V. SCHULZE, and<br>MICHAEL F. SCHULZE,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CINDY MAGLASANG, CONRAD HO, and<br>KENNETH M. SORENSON,<br><br>        Defendants.  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 06-00490 EFS LEK<br><br><br>SECOND AMENDED SUMMONS IN A<br>CIVIL ACTION |

**TO:** CINDY MAGLASANG, CONRAD HO, and KENNETH M. SORENSON.

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiffs

GRETCHEN V. SCHULZE
91-189 Ewa Beach Road
Ewa Beach, Hawaii 96706

and

MICHAEL F. SCHULZE
Reg.#36817-048
Federal Detention Center
Post Office Box 30080
Honolulu, Hawaii 96820

an answer to the complaint which is served on you with this summons, within

20      days after service of this summons on you, exclusive of the

day of service.  If you fail to do so, judgment by default will be taken

against you for the relief demanded in the complaint.  Any answer that you

serve on the parties to this action must be filed with the Clerk of this

Court with a reasonable period of time after service.

SUE BEITIA                                    MAR 0 2 2007
_____            _____
CLERK                                          DATE
/s/ Drew Tomimoto

_____
(By) DEPUTY CLERK