ORIGINAL

MICHAEL F. SCHULZE
Register No. 36817-048
Federal Detention Center - Honolulu
Post Office Box 30080
Hobolulu, Hawaii 96820

Defendant, pro se

FILED IN THE
UNITED STATES DISTRICT
DISTRICT OF HAWAII

MAY 0 2 2007

at ___ o'clock and ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

cr 02-00090 DAE (1)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | DEFENDANT'S REPLY TO THE |
| ) | GOVERNMENT'S OPPOSITION TO |
| Plaintiff, ) | DEFENDANT MICHAEL |
| ) | SCHULZE'S MOTION TO |
| vs. ) | POSTPONE RESENTENCING |
| ) | HEARING; CERTIFICATE OF |
| MICHAEL F. SCHULZE, ) | SERVICE |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION
TO DEFENDANT MICHAEL SCHULZE'S MOTION
TO POSTPONE RESENTENCING HEARING

The Government asserts fact that are incorrect. To begin with, the record reflects just six (6) - not "eight (8)" - continuances. They are:

(1) March 1, 2006 to June 21, 2006 (Docket #242);

(2) June 21, 2006 to July 20, 2006 (Docket #259);

(3) July 20, 2006 to October 27, 2006 (Docket #272);

(4) October 27, 2006 to January 26, 2007 (Docket #284);

(5) January 26, 2007 to April 5, 2007 (Granted on January 10, 2007);

(6) April 5, 2007 to May 25, 2007 (Granted on March 23, 2007).

The first two were requested by pro bono counsel, Mr. Shawn Perez, so that he could prepare. The last four were requested by Schulze, three of which were filed after arriving in Hawaii and filing an emergency motion for injunctive relief, requesting intervention so as to gain better than six hours per-week access to the law library at the Federal Detention Center (FDC), which was

rejected by the Court.

Second, there are, in fact, a number of significantly important factors pertaining to Schulze's resentencing that cannot "be quickly resolved by the Court." In Schulze's December 26th, 2006 motion to postpone, he informed that his intention was to submit a resentencing statement objecting to findings contained in the Presentence Investigation Report. That time has come. This week Schulze will file and deliver a copy of his Resentencing Statement to each the Assistant U.S. Attorney and U.S. Probation Officer who authored the report. This 68-page statement contains a 5-page index and cites numerous factors which are supported by 69 cases. Schulze was found guilty of possessing and distributing a controlled substance and sentenced to a term of 30 years' imprisonment, and he was remanded during a period where there was a dramatic change in the application of the law. Despite the Government's confidence that the "facts were fully developed by way of a [seven-day] jury trial", the bulk of the issues raised pertain to the errors committed in determining the applicable penalty provision and the enhancements the Government sought following the trial. In light of the voluminous Resentencing Statement the Government will receive this week, it may want to reconsider its opposition to Schulze's motion to postpone.

Third, Schulze had not "been allowed unprecedented and generous use of the FDC's legal facilities." That statement is a baseless claim. Schulze does not receive more than twelve hours per-week access to legal materials. Also, it is pure speculation and conjecture to state that "Schulze has been utilizing significant amounts of his legal access time preparing and filing pro se lawsuits ...." The 12-page civil complaint that Schulze filed against the author of the Government's (retaliatory) opposition, cites no case law nor does it submit any arguments. It is a simple and concise statement of the facts. That particular document was prepared in one days time, and it

was drafted specifically in an attempt to toll the statute of limitations for re-submission once Schulze succeeds in reversing his conviction and dismissing the indictment. Moreover, the statement that Schulze's "most recent lawsuit has been dismissed" is another baseless claim. In addition, the Court should note that Government Exhibit "A" was not created by Schulze nor does it involve him.

There are two other pending civil matters that Schulze is a party to. The first is a habeas corpus filed in 2004 pursuant to 28 § U.S.C. 2241 (see 1:04-cv-06100-AWI LJO HC, Eastern District Court of California), and the second is made under the Freedom of Information - Privacy Act, pursuant to 5 U.S.C. §§ 552 and 552a (see 1:05-cv-00180-AWI-NEW (WMW), Eastern District of California). In fact, on March 13, 2007, AUSA Mr. Brian Enos filed a motion to postpone submission of dispositive motions in that case. Schulze is expecting to receive and respond to those pleading any day now. In addition, on February 27, 2007, Schulze filed his Objections to Magistrate Judge's findings and recommendations, he is expecting to receive the final order any day now, in which case he may seek an appeal.

Another issue worth raising here is that in Schulze's March 5th, 2007 motion to postpone, he advised that should the Court deny his motion for CJA funds to retain a private investigator, he would seek other means. On April 23rd, 2007, Schulze's mother retained a private investigator who is now in the process of obtaining documents and interviewing witness for use at Schulze's resentencing hearing. Schulze intends to submit a motion requesting an evidentiary hearing, and he intends to subpoena Earl Yamada. Schulze may also present Susan Fukumoto as a defense witness to refute the Government's contention and impeach Earl Yamada.

Also, Schulze currently has an ex parte motion pending before the Court. Based on the outcome of that motion, Schulze would require additional time to

explore other means. Schulze wishes to remind the Court that he intends to submit a sentencing memorandum raising specific mitigating factors that he could not raise under a mandatory sentencing regime. This too requires time and study.

In addition, Schulze has received an order from Peter L. Shaw, Appellate Commissioner, dated April 27, 2007, recommending that he be permitted to proceed pro se in effecting his appeal pertaining to this Court's denial of his motion for a new trial and disclosure of grand jury transcripts, as well as relieving standby counsel, Mr. Joseph Mottl. The result of this recommendation is that Schulze will now be engaged in further research to properly effect his appeal. In this sense, he will continue to require additional time and access to the law library at the FDC, and this reason adds force to his position that a postponement of his resentencing hearing is necessary.

And finally, the FDC has been out of stock on typewriting ribbons since April 10th, 2007. Schulze has been extremely limited in his efforts due to this mishap.

In light of all the reasons explained above, this Court should GRANT Schulze's motion to postpone the May 25th, 2007 resentencing hearing.

I SWEAR UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: Honolulu, Hawaii, April 30, 2007.

Respectfully submitted,

MICHAEL F. SCHULZE
Defendant, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the attached document was duly served upon counsel for the United States of America, by depositing the same in the Institutional Legal Mailbox at the Federal Detention Center at Honolulu, Hawaii, postage pre-paid, first class, and addressed to:

> KENNETH M. SORENSON
> Assistant U.S. Attorney
> PJKK Federal Building, Room 6-100
> 300 Ala Moana Boulevard
> Honolulu, Hawaii 96850

DATED: Honolulu, Hawaii, April 30, 2007.

By: _____
Michael F. Schulze
Defendant, pro se