as to allege sufficient facts to allow the defendants to prepare a proper defense.  See <u>United States v. Cecil</u>, 608 F.2d 1294, 1296-97 (9th Cir. 1979) (indictment was barren of facts and circumstances pertaining to drug conspiracy and failed to place any time frame).

Here, the drug conspiracy is alleged to have occurred over a five-year period of time:  "[o]n or between January 1, 1997 and March 21, 2002, in the District of Hawaii and elsewhere . . . ."  Superseding Indictment at 1.  The United States, unlike in <u>Cecil</u>, has provided a description of the overt acts.  <u>Id.</u> at ¶¶ 1-19.  The overt acts portion does narrow the time period of the alleged conspiracy to a year and a half to two-year period of time.  While far from illuminating, the Superseding Indictment does contain, albeit barely, enough information for a reasonably described time-frame.  It, therefore, does not to warrant a bill of particulars.

### CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Defendant Ralph.Luther Byrd's Motion for Bill of Particulars, filed on August 30, 2002.

IT IS SO ORDERED.

DATED at Honolulu, Hawaii, October 23, 2002.

_Leslie E. Kobayashi_
LESLIE E. KOBAYASHI
UNITED STATES MAGISTRATE JUDGE

U.S.A. V. MICHAEL F. SCHULZE AND RALPH LUTHER BYRD; CR. NO.
02-00090 DAE; ORDER DENYING DEFENDANT RALPH LUTHER BYRD'S MOTION
FOR BILL OF PARTICULARS