"A"

course of the 8 month investigation, the CS was a consensual party in dozens of conversations recorded by the FBI. The CS traveled to Las Vegas in February with the FBI for the purpose of taking part in the Schulze investigation. It is important to note that the CS was not working off any "beef" or charge with authorities. The CS voluntarily approached the FBI and then undertook active involvement in the investigation of a known major drug trafficker, Michael Schulze.

   B.   <u>Schulze's Argument that the Consensual Recordings in this Case Were Conducted for the Purpose of Violating Law is Immaterial, Since He Has Wrongly Cited the Court to an Inapplicable Provision of Federal Law for Support</u>

Schulze argues the consensual recordings made in this case were conducted for the purpose of violating law and should be suppressed pursuant to 18 U.S.C. § 2511(2)(d). Schulze has apparently misread the applicable statute. Title 18 U.S.C. § 2511(2)(d) relates to only those consensual recordings that are not made "under color of law." The consensual recordings in this case were conducted under color of law pursuant to Section 2511(2)(c), which provides:

(c) It shall not be unlawful under this chapter for a person **acting under color of law** (emphasis added) to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Section 2511(2)(d) provides:

(d) It shall not be unlawful under this chapter for a person <u>not acting under color of law</u> to intercept a wire, oral, or electronic communication where such person is a party to the

16