"C"

C.    <u>The Consensual Recordings Made in this Case Are Lawfully Gathered Evidence Pursuant to Title 18, United States Code, Section 2511(2)(c)</u>.

Schulze next argues that the consensual recordings in this case should be suppressed because they were not under color of law. Schulze does not articulate in his motion how or why the Court's prior ruling on this issue should be disturbed. Title 18, United States Code, Section 2511(2)(c) makes it plain that consensual recordings made under color of law are lawful.

The consensual recordings in this case were made and authorized by the Federal Bureau of Investigation for the purpose of investigating a major methamphetamine dealer. (Exhibit "A," Maglasang Declaration.) When assessing whether someone acted under "color of law" for the wiretap statute, the question is whether the witness was acting under the government's direction when making the recording. *Obron Atlantic Corp. v. Barr*, 990 F.2d 861, 864 (6th Cir. 1993); *United States v. Shields*, 675 F.2d 1152, 1156-57 (11th Cir.1982); *United States v. Tousant*, 619 F.2d 810, 813 (9th Cir. 1980).

In *Obron*, the court examined a case where the informant "used his own equipment, decided which calls to tape, failed to maintain a log of his recordings and sometimes held on to tapes for weeks or months before turning them over." The Court first found that "... informants who record private conversations at the direction of government investigators are 'acting under color

6

of law." *Id.* at 864. The court further found the recordings admissible under Section 2511(2)(c) finding that the witness' "continuous, albeit irregular, contact [with] DOJ attorneys, following their explicit request that he assist them in this very way and their instructions on how to conduct the calls, outweighs the lack of direct DOJ supervision over the recording process and [his] failure to comply with certain directives." *Id.* at 865. The court closed by stating "[w]hat we find essential is that the government requested or authorized the taping with the intent of using it in an investigation and that they monitored the progress of the covert surveillance activities."

Turning to our facts, the recordings made by Olaes were authorized by the FBI and made with FBI equipment. (Exhibit "A.") The most important conversations were recorded by FBI personnel using the informant as the host for the transmitter. While a number of conversations were recorded by the informant alone, he utilized FBI equipment and all of his recorded calls were authorized contacts with the targets of the investigation. The informant timely turned recorded conversations over, and they were subsequently transcribed. While Schulze may argue the informant's motivations were impure, the Government's motivations were not. The conversations were recorded by the informant acting on behalf of the Government, and it is the Government which intends to use the recordings for lawful purposes.