"D"

the CI's other activities, there are still no grounds for finding that probable cause to issue the search warrant was lacking. As this court previously found, the potentially faulty credibility of the CI does not alter the fact that the CI's information itself was highly reliable and useful to the Government's investigation. As the Government argued in its opposition to both the original motions to suppress as well as the current motion for reconsideration, the Government authorized the recording of all conversations between the CI and various targeted persons. The CI was essentially a "host" for the transmission of the recordings obtained by the Government. See Response at 7. Defendant has failed to offer evidence that the recordings were unreliable.

In the original Orders denying Defendant's motions to suppress, this court found that at trial Defendant will have the opportunity to test the CI's credibility with respect to the nature and content of the information he supplied directly to the Government. Defendant will have the same opportunity with respect

to the information the Government obtained as a result of information provided by the CI. In neither case do grounds exist for suppressing this evidence.

## CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion For Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, JAN 23 2003

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America vs. Michael Schulze, Cr. No. 02-00090 (DAE); ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

13