
the CI's other activities, there are still no grounds for finding that probable cause to issue the search warrant was lacking. As this court previously found, the potentially faulty credibility of the CI does not alter the fact that the CI's information itself was highly reliable and useful to the Government's investigation. As the Government argued in its opposition to both the original motions to suppress as well as the current motion for reconsideration, the Government authorized the recording of all conversations between the CI and various targeted persons. The CI was essentially a "host" for the transmission of the recordings obtained by the Government. See Response at 7. Defendant has failed to offer evidence that the recordings were unreliable.

In the original Orders denying Defendant's motions to suppress, this court found that at trial Defendant will have the opportunity to test the CI's credibility with respect to the nature and content of the information he supplied directly to the Government. Defendant will have the same opportunity with respect

12