IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAΓI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO POSTPONE RESENTENCING HEARING AND DENYING
DEFENDANT'S EXPARTE APPLICATION FOR FUNDS FOR PAYMENT
OF DEFENSE WITNESS/CLINICAL & FORENSIC PSYCHOLOGIST


Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendant's motion and

application, and the supporting and opposing memoranda, the Court DENIES

Defendant's Motion to Postpone Resentencing Hearing and DENIES Defendant's

Ex Parte Application for Funds for Payment of Defense Witness/Clinical &

Forensic Psychologist.

A.    <u>Sentencing</u>

On April 24, 2007, Defendant, pro se, filed a motion to postpone his resentencing.  On April 27, 2007, the government filed an opposition.  Defendant filed a reply on May 2, 2007, and a supplement on May 8, 2007.  Defendant asserts that he needs more time to prepare for his resentencing based on his alleged limited access to the library at the federal detention center.

Defendant's resentencing has been continued numerous times at Defendant's request in order to afford him additional time to prepare.  Now, more than one year has passed since the original date of his resentencing.  During this period, Defendant has had ample access to the library and has filed several different motions relating to his sentencing.  In addition, Defendant has chosen to use his library time to work on an appeal he filed, and to start a lawsuit for a <u>Bivens</u> action against government counsel and FBI agents.  Finally, Defendant has filed a 68-page sentencing statement, with numerous exhibits attached.

In his supplement, Defendant states that his file from this trial attorney has been lost in the mail and that he needs these documents at his resentencing.  This argument, however, is too little too late.  Defendant has not

explained how the file from his trial attorney would be helpful at his resentencing.

Furthermore, Defendant did not request this file until last month, over one year

since the original setting of his sentencing.

Accordingly, Defendant's motion to continue sentencing is DENIED.


B.    Funds for Payment of Psychologist

On April 18, 2007, Defendant, pro se, filed an application requesting

funds for the payment of a psychologist expert to be used at his resentencing.

18 U.S.C.A. § 3006A provides that

> Counsel for a person who is financially unable to obtain
> investigative, expert, or other services necessary for
> adequate representation may request them in an ex parte
> application. Upon finding, after appropriate inquiry in an
> ex parte proceeding, that the services are necessary and
> that the person is financially unable to obtain them, the
> court, or the United States magistrate judge if the services
> are required in connection with a matter over which he
> has jurisdiction, shall authorize counsel to obtain the
> services.

18 U.S.C.A. § 3006A(e).  It is within the Court's discretion to provide an expert.

United States v. Labansat, 94 F.3d 527, 530 (9th Cir. 1996).  "The statute requires

the district judge to authorize defense services when the defense attorney makes a

3

timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them." United States v. Bass, 477 F.2d 723, 725 (9th Cir. 1973).  This statute also entitles pro se defendants to make requests for expert services.  United States v. Hamlet, 456 F.2d 1284, 1284 (5th Cir. 1972) ("The fact that Hamlet was acting as his own counsel does not remove him from the benefits of § 3006A.").  The defendant has the burden of establishing by clear and convincing evidence "the prejudice ... caused by the court's failure to appoint an expert."  United States v. Brewer, 783 F.2d 841, 843 (9th Cir. 1986) (citation and internal quotation marks omitted, ellipses in original).

Here, Defendant has not met his burden.  Other than claiming that he is a deportable alien, Defendant has alleged no facts whatsoever that would lead a reasonable attorney to believe that an expert psychologist is necessary.  As Defendant has failed to provide any reason why the services of an expert are necessary, Defendant's application is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, the Court hereby DENIES Defendant's

Motion to Postpone Resentencing Hearing and DENIES Defendant's Ex Parte

Application for Funds for Payment of Defense Witness/Clinical & Forensic

Psychologist.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 11, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States of America vs. Michael F. Schulze</u>, Cr. No. 02-00090 DAE; ORDER
DENYING DEFENDANT'S MOTION TO POSTPONE RESENTENCING
HEARING AND DENYING DEFENDANT'S EXPARTE APPLICATION FOR
FUNDS FOR PAYMENT OF DEFENSE WITNESS/CLINICAL & FORENSIC
PSYCHOLOGIST