EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM OBJECTING TO THE |
| | ) | APPLICATION OF STATUTORY |
| MICHAEL F. SCHULZE, | ) | MAXIMUMS IMPLICATED BY HIS |
| | ) | CONVICTIONS IN COUNTS 1, 2 |
| Defendant. | ) | AND 3; EXHIBITS "A" - "C"; |
| | ) | CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING
MEMORANDUM OBJECTING TO APPLICATION OF THE STATUTORY MAXIMUMS
IMPLICATED BY HIS CONVICTIONS IN COUNTS 1, 2 AND 3

I.  Schulze's Apprendi[1] Based Arguments Regarding the Statutory Maximums Implicated by His 21 U.S.C. § 841(b)(1) Convictions are Beyond the Mandate from the Court of Appeals

Schulze argues that his sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and (B) is invalid because the jury did not make

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000).

necessary findings of drug type and quantity at trial.  The Ninth Circuit, in addressing Schulze's appeal, affirmed his convictions on all three counts of the Superseding Indictment.[2]  The Court, in remanding the case for resentencing, stated:

> In imposing Schulze's sentence, the district court made factual findings concerning the drug weight and Schulze's role as an organizer of criminal activity and, treating the Sentencing Guidelines as mandatory, used these findings to increase Schulze's sentence beyond that justified by the jury's verdict.[3]  Because the record is insufficient to show whether the judge would have given Schulze a materially different sentence had he known that the Sentencing Guidelines were advisory, Schulze is entitled to a limited remand pursuant to United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).  (Memorandum Opinion, Exhibit "A".)

Thus, the remand from the Ninth Circuit to this Court derives from Booker and Ameline III, not from Apprendi.  Booker and Ameline III addressed the constitutionality of a guideline based mandatory sentencing scheme founded in court made findings, not the statutory maximums implicated by 21 U.S.C.

---

[2]  Count 1 charged Schulze with conspiring to distribute 50 grams or more of methamphetamine, it salts, isomers and salts of its isomers.  Count 2 charged Schulze with distributing 5 grams or more of methamphetamine, it salts, isomers and salts of its isomers.   Count 3 charged Schulze with distributing 50 grams or more of methamphetamine, it salts, isomers and salts of its isomers.

[3]  The Ninth Circuit, in a footnote at this point in its ruling, stated:  "[t]hese findings and Guideline treatment, entirely appropriate when made, are impacted by the Supreme Court's subsequent ruling in the landmark case of United States v. Booker, 125 S. Ct. 738 (2005)."

§§ 841(b)(1)(A) and (B).  The directive from the Ninth Circuit on resentencing is for the district court to determine whether it would "... have given Schulze a materially different sentence had he known that the Sentencing Guidelines were advisory," not to redetermine the applicable statutory maximum which has never been challenged.

II.  Schulze Has Waived any Apprendi Based Arguments Implicating the Statutory Maximums of 21 U.S.C. §§ 841(b)(1)(A) and (B)

Schulze never raised, and the Ninth Circuit accordingly never addressed, any issue regarding Apprendi's application to the statutory maximums implicated by 21 U.S.C. §§ 841(b)(1)(A) and (B).  Neither in his sentencing statement, (Exhibit "B") nor at the sentencing hearing, did Schulze raise any Apprendi issue involving the statutory maximums implicated by Section 841(b).  On appeal, in the wake of the intervening case of Blakely v. Washington, 124 S. Ct. 2531 (2004), Schulze raised an Apprendi/Blakely issue, but only with respect to the Court making guideline findings beyond the 50 grams or more found by the jury.

Most revealing, Schulze actually concedes in his appellate brief that the jury had found him responsible for 50 grams or more of methamphetamine.  In making his argument that the District Court impermissibly raised his guideline level Schulze states:  "... the jury simply found that Appellant was guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine and of

distributing 55 grams or more of methamphetamine." (Schulze's Opening Brief, Page 16, Appended as Exhibit "C".) Schulze goes on to argue: "[b]ased on the verdicts rendered by the jury Appellant is responsible at most for 105 grams of methamphetamine (55 grams for distribution and 50 grams for conspiracy..." Schulze's Apprendi and Blakely based contentions on appeal stemmed solely from the district court making sentencing guideline determinations of drug weight beyond the 50 grams or more found by the jury.[4]  (The Court found him responsible for 2,259 grams of methamphetamine and also determined him responsible for a leadership role.) Schulze never raised any issue as to drug type, and never questioned whether the jury had determined the appropriate statutory thresholds under 21 U.S.C. §§ 841(b)(1)(A) and (B). No question was raised at either the District Court or appellate level that Schulze was not responsible for at least 50 grams of methamphetamine.

      Schulze has been convicted of Counts 1, 2 and 3 of the Superseding Indictment. The Ninth Circuit did not disturb his conviction, nor did it disturb the jury's findings with respect to the statutory maximum of life implicated by Schulze's § 841(b)(1)(A) convictions. The Court properly instructed the

---

[4] Schulze contended on appeal that his guideline level should be at level 26 since this range takes into account amounts of methamphetamine between 50 grams, but less than 200 grams.

jury concerning the elements necessary for conviction of these counts, and the jury convicted Schulze of all three of them.

Accordingly, Schulze's statutory maximum sentence for both Counts 1 and 3 is life, and the mandatory minimum is 10 years.  For Count 2 the statutory maximum is forty years and the mandatory minimum is 5 years.

DATED:  May 18, 2007, at Honolulu, Hawaii.

                    EDWARD H. KUBO, JR.
                    United States Attorney
                    District of Hawaii


                    By  /s/ Kenneth M. Sorenson
                      KENNETH M. SORENSON
                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

    Michael F. Schulze
    Immate No. 36817-048
    Federal Detention Center
    P.O. Box 30080
    Honolulu, HI   96820

    Pro Se

    DATED:  May 18, 2007, at Honolulu, Hawaii.

                                  /s/ Dawn M. Aihara