H. DEAN STEWARD, HI Bar No. 4026
107 Avenida Miramar, Suite C
San Clemente, CA  92672
Telephone: (949) 481-4900
Facsimile: (949) 496-6753

SHAWN PEREZ
2740 Camino Capistrano
San Clemente, CA  92672
Telephone: (949) 492-9545
Facsimile: (949) 492-9538

EARLE A. PARTINGTON   1568
1330 Pacific Tower
1001 Bishop Street
Honolulu, HI  96813
Telephone: (808) 526-9500
Facsimile: (808) 533-4588

Attorneys for Defendant SCHULZE

RECEIVED
UNITED STATES
ATTORNEY

'03 JUL 28 A10:51

DISTRICT OF
HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 02-00090 (DAE) |
| Plaintiff, | DEFENSE SENTENCING STATEMENT |
| vs. | Sentencing Date: |
| MICHAEL SCHULZE (1), | September 2, 2003 |
| Defendant. | Time: 1:00 p.m. |

**COMES NOW** defendant Michael Schulze, together with counsel, and submits the attached sentencing statement,

EXHIBIT B

in compliance with the local rules.

1. **Standard of Proof**

The government bears the burden of proof on all factors that serve to increase the defendant's sentence. U.S. v. Howard 894 F.2d 1085 (9th Cir. 1990). The standard utilized by the court is the preponderance standard. U.S. v. Restrepo 946 F.2d 654 (9th Cir. 1991),(en banc), cert. denied 503 U.S. 961 (1992). Evidence that is speculative, unsupported or unreliable does not meet the preponderance standard. U.S. v. Rivalta, 892 F.2d 223 (2nd Cir. 1989); U.S. v. Robison, 904 F.2d 365 (6th Cir. 1990), cert. denied 498 U.S. 946 (1990), (district court's reliance on certain unreliable witnesses regarding drug amount was clear error).

2. **The Informants**

Throughout the draft pre-sentence report, the probation officer relies on the words and testimony of a group of unsavory informants and drug dealers. Mentioned frequently are Anthony Tabion, Donald Grimm, Earl Yamada, Ralph Byrd and the main informant, Steve

2

Olaes. All five testified, and all five received or will receive abundant benefits for their testimony. Several were caught in out-and-out lies on the witness stand.

The probation officer has correctly discounted the tales from these five about millions of dollars and perhaps thousands of pounds of drugs regularly traveling to this district.[1] At page 18, §46, the probation officer doubts the connection to Mr. Schulze on these wild tales, and adopts only the hand-to-hand drugs and the Yamada/Fukumoto drugs. [See defense objection to Yamada/Fukumoto drugs, below].

The defense asks the court to consider going even farther. As the Ninth Circuit has opined, "By definition, criminal informants are cut from untrustworthy cloth and must be ...carefully watched by the government and courts to prevent them from falsely accusing the innocent, from manufacturing evidence

---

[1] Indeed, if Donald Grimm's testimony alone is credited, the scheme here moved over $100,000,000.00. Grimm's testimony was no more than self-serving fantasy.

3

against those under suspicion of crime, and from lying under oath in the courtroom..." U.S. v. Bernal-Obeso, 989 F.2d 331, 333-34 (9th Cir. 1992). The group here was particularly "untrustworthy", and their tales should not increase the defendant's sentence.

3. **Specific Objections/Corrections**

*§11-12- The Yamada/Fukumoto drugs-* No physical evidence connects this 2,000+ gram drug seizure to defendant Schulze. The case of Earl Yamada and Susan Fukumoto pre-dated this matter by 18 months. Schulze's name was not uttered once during the sworn guilty pleas by either Yamada or Fukumoto, and only Yamada testified.

For his part, Earl Yamada candidly admitted that he expected a substantial reduction in his 135 month jail sentence, in return for his roping of defendant Schulze into the Yamada/Fukumoto drug deal. Given Yamada's criminal past and his incentive to lie here, his word is not enough to connect Schulze to the drugs.

*§14 and 18- Olaes transactions-* The government monitored and controlled these transactions, resulting

4

in the seizure of a little over 100 grams of "ice". This is the only reliable evidence of any drug transactions in this matter. 50 to 150 grams of "ice" results in a level 32, the correct guideline herein. Guideline Manual §2D1.1(4).

**§19 and 23- Other drugs-** As indicated above, the only slim connection to Mr. Schulze on these drug amounts are Tabion and Byrd, who the Ninth Circuit might have had in mind when they described "untrustworthy cloth". The proof does not rise to the preponderance standard.

**§46- Yamada/Fukumoto drugs-** As indicated above, Earl Yamada is not a credible source, and the 2,458.2 grams seized belonged to Yamada, not Schulze. No physical evidence connects Schulze, and Yamada invented his story to get out of jail faster.

**§48- Base offense level-** As set out above, the correct offense level is 32, not 38.

**§51- Role in the offense-** Once again, the court would have to give substantial weight to the five informants herein to find this role enhancement. The

5

government will no doubt argue that the informants corroborate each other. However, three of them (Yamada, Grimm and Byrd) were held together at the Federal Detention Center prior to trial, offering the perfect opportunity to "get their stories straight".

In addition, even if the court accepts all that the informants have offered, careful factual examination rules out this enhancement. An essential role in a criminal enterprise does not necessarily require an aggravating role increase. U.S. v. Sostre, 967 F.2d 728 (1st Cir. 1992). Having leadership qualities, such as a strong personality, is not sufficient in itself to support a role increase. U.S. v. Jordan, 291 F.3d 1091 (9th Cir. 2002). The role enhancement may not apply, even if a defendant is more culpable than the others involved. U.S. v. Morgan, 238 F.3d 1180 (9th Cir. 2001), cert denied 122 S.Ct. 146 (2001). Here, Michael Schulze was and is a strong personality. However, accepting everything the five informants have claimed, Schulze is still only a middle man/conduit between the "Mexicans" and the actual distributors in this

6

district. No role enhancement applies.

*§53 and 57-* The correct level is 32.

## 4. Conclusion

For the above reasons, the correct offense level is 32 with a criminal history category of I, for a guideline range of 121-151 months.

DATED: July 22, 2003
San Clemente, CA

Respectfully submitted,

_____
H. DEAN STEWARD
Attorneys for Defendant,
MICHAEL SCHULZE

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing DEFENSE SENTENCING STATEMENT was duly served on the following parties by U.S. Mail, Facsimile or hand-delivery on July 23, 2003.

|  | U.S. Mail | Fax/Hand-Delivery |
|---|---|---|
| KENNETH M. SORENSON<br>Assistant United States Attorney<br>PJKK Federal Building, Room 6100<br>300 Ala Moana Blvd.<br>Honolulu, HI 96813 | X |  |
| ROSANNE DONOHOE<br>U.S. PROBATION OFFICER<br>300 Ala Moana Boulevard<br>Room C-110<br>Honolulu, HI 96850-0110 | X |  |

DATED: July 23, 2003
San Clemente, CA

_Kaye Limbuaugh_
Kaye L. Limbuaugh