EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| vs. | ) | INDICTMENT; EXHIBITS "A" AND |
| | ) | "B"; CERTIFICATE OF SERVICE |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS INDICTMENT</u>

In his motion to dismiss the indictment, Defendant Michael F. Schulze (Schulze) repackages his motion for a new trial, which this Court denied on October 4, 2006.  Schulze's latest motion asks the Court to exercise its supervisory powers to dismiss the Indictment.  For the reasons set forth below, the motion should be denied and dismissed.

I.  <u>The Doctrine of the Law of the Case Precludes Further Court Review Regarding the Legality of the Recordings Made by the Federal Bureau of Investigation</u>

Schulze cannot request further review of the legality of the recordings made by the FBI in this case.  The Ninth Circuit, in the direct appeal from this case, found all recordings to have been made "under color of law."  The Court, in its memorandum opinion, stated:  "[t]he district court also properly concluded that audiotapes of conversations between Schulze and a confidential informant were legally made because the confidential informant was 'acting under color of law' as required by 18 U.S.C. § 2511(2)(c)."  (Ninth Circuit Memorandum Opinion, Page 2, appended as Exhibit "A".)  The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.  The doctrine is a judicial invention designed to aid in the efficient operation of court affairs.  Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.  For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition.  See, <u>United States v. Thrasher</u>, --- F.3d ----, 2007 WL 1138486 (9th Cir. 2007).  Here, Schulze again claims that the recordings were illegally made, and that government counsel committed misconduct by introducing them at

trial.  This issue has been determined and is precluded by the Ninth Circuit's decision in this case.

II. <u>Schulze Has Failed to Establish a Jurisdictional Basis for His Motion</u>

Schulze has failed to allege any basis upon which the Court has subject matter jurisdiction over his motion to dismiss the Indictment.  Schulze was convicted on February 11, 2003.  Schulze was sentenced on September 2, 2003.  Schulze's case was granted a limited remand for resentencing pursuant to <u>Ameline III</u> and <u>Booker</u> on November 28, 2005.  Rule 12(b)(3) of the Federal Rules of Criminal Procedure has been interpreted to afford subject matter jurisdiction for facial challenges to the indictment after trial.  But this review is limited to facial attacks on the indictment, and does not extend to allegations of governmental misconduct at or before trial.[1]  Because Schulze is

---

[1] Where a defendant challenges an Indictment under Rule 12(b)(3)(B) after trial, "the indictment will be 'upheld unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant [was] convicted.'"  <u>United States v. Childress</u>, 58 F.3d 693, 720 (D.C. Cir. 1995) (quoting <u>United States v. Gironda</u>, 758 F.2d 1201, 1210 (7th Cir. 1985)); <u>see also</u>, <u>Wander</u>, 601 F.2d at 1259 (explaining that "indictments which are tardily challenged are liberally constructed in favor of validity" (internal quotation omitted)); <u>United States v. Freeman</u>, 813 F.2d 303, 304 (10th Cir. 1987) ("It is well established ... that the failure of an indictment to state an offense is a fatal defect that may be raised at any time. Nonetheless, the countervailing interest in judicial efficiency requires that tardily-challenged indictments be construed liberally in favor of validity." (Citing <u>United States v. Watkins</u>, 709 F.2d 475, 478 n. 2 (7th Cir. 1983)); <u>United States v. Pheaster</u>, 544 F.2d 353, 361 (9th Cir. 1976).)  Such a limited review of an indictment is driven by the recognition that

not attacking the indictment, he must provide an independent basis other than Rule 12 for subject matter jurisdiction, which he has failed to do.

In United States v. Ross, 372 F.3d 1097 (9th Cir. 2004) the defendant under similar circumstances filed a motion for a new trial and a motion to dismiss the indictment alleging Brady violations.  Just as here, Ross' case had been remanded for resentencing only.  Ross filed a motion appealing to the district court's supervisory powers for a new trial and a motion to dismiss the indictment.  In deciding that the district court had jurisdiction to hear the new trial motion under Rule 33, the Ninth Circuit determined that the Court would have jurisdiction to dismiss the indictment, since that could be an available remedy on the new trial motion.  In the absence of some other jurisdictional peg, the Court observed "... supervisory powers provide a wider range of remedial options than would otherwise exist, but are not typically considered to be an independent basis for post-conviction review."  Ross at 1107.  (Emphasis added.)

Under our facts there is no independent jurisdictional basis upon which Schulze can argue the Court has power to hear his motion to dismiss the Indictment.  Schulze's motion for a new

---

"the very limited resources of our judicial system require that such challenges be made at the earliest possible moment in order to avoid needless waste."  FN7 Pheaster, 544 F.2d at 361.

trial has been disposed of and is currently on appeal to the Ninth Circuit.  Rule 12(b)(3) permits a challenge of defective indictments, but no defect has been alleged here.  Since Schulze has provided the Court with no other authority for hearing his motion to dismiss, it must be denied.

III. <u>Even If the Court Had Subject Matter Jurisdiction Schulze Has Failed to Provide Any Basis for the Court to Exercise its Supervisory Powers</u>

Schulze has raised the same allegations in the instant motion as were raised in his motion for a new trial, which this Court denied.  As set forth in the government's response to Schulze's motion for a new trial, Schulze has failed to provide any support for his argument that Steven Olaes was not acting under the direction of the FBI throughout the investigation.  FBI Agent Cindy Maglasang testified during the trial of this case that Olaes was acting under FBI authority in conducting all investigative activities with Schulze.  In fact, every shred of evidence offered in this case demonstrates that each recording introduced at trial was made by FBI agents with FBI digital recording equipment using Olaes as the host for the recorder.  All activities with Schulze were "live" monitored by FBI agents, and Olaes' activities with Schulze were under the surveillance of multiple FBI agents during the investigative acts that occurred both before and after October 5, 2002.

FBI agent Cindy Magalasang testified that she began using Olaes for investigative activity in August 2001 and he continued to work for FBI for nine (9) months. [TR Vol. 3-16 through 3-76.] During this time the FBI, using Olaes, gathered the evidence which Schulze claims was improperly used to convict him.

As argued in multiple previous responses to Schulze's claims, the consensual recordings in this case were conducted under "color of law" pursuant to Section 2511(2)(c), which provides:

> (c) It shall not be unlawful under this chapter for a person **acting under color of law** (emphasis added) to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Title 18, United States Code, Section 2511(2)(c) makes it clear that consensual recordings made under color of law are lawful. When assessing whether someone acted under "color of law" for the wiretap statute, the question is whether the witness was acting under the government's direction when making the recording. Obron Atlantic Corp. v. Barr, 990 F.2d 861, 864 (6th Cir. 1993); United States v. Shields, 675 F.2d 1152, 1156-57 (11th Cir. 1982); United States v. Tousant, 619 F.2d 810, 813 (9th Cir. 1980).

As argued in other government responses, Olaes did not record any of the tapes introduced at trial of this case. Olaes

instead was fitted with a recorder/transmitter by an FBI agent and then consensually recorded his conversations with Schulze. The fact of whether Olaes was on state probation or not is immaterial. Section 2511(2)(c) and all legal precedent are clear: conversations recorded under the direction of governmental agents are under "color of law."

The appended affidavit of FBI Special Agent Cindy Maglasang, (Exhibit "B") clearly demonstrates that Olaes was acting under FBI authority from August 30, 2001 through Schulze's arrest on April 2, 2002. The affidavit demonstrates that Olaes was "opened" as a cooperating witness on August 30, 2001, and that clearance to utilize him as a CW was given by the State of Hawaii Probation Office on August 31, 2001. Thus, Schulze has offered nothing to support his unfounded allegations of prosecutorial misconduct and his motion to dismiss should be denied on this basis as well.

IV. <u>Schulze's Unfounded Allegations Concerning the Financial Evidence Introduced at Trial Provide No Basis for Exercise of the Court's Supervisory Powers</u>

Schulze next argues that FBI Special Agent Cindy Maglasang "manufactured" worksheets that included double and triple counted deposits, transfers and withdrawals of various bank accounts of Schulze, his mother and former fiancé, Alena Olaes. Schulze offers no factual support for this baseless allegation. The government's financial evidence demonstrated

7

that Schulze, with no job or profession (other than drug dealing) and no legitimate source of income, deposited over $514,000 into his Innovative Investments bank account between July 22, 1999 and April 1, 2002.  Between July 8, 1999 and March 20, 2002, Schulze deposited $221,000 in currency into the same account, much of it in deposits clearly "structured" to evade currency reporting requirements.  Notably, Schulze reported no income for tax years 1999, 2000, 2001 or 2002.  (Trial Exhibits 84, 85, 86 and 87)

Evidence at trial demonstrated that drug dealers like Schulze acquire large amounts of currency which must be "laundered" in order to appear legitimate.  Special Agent John Madinger of the Internal Revenue Service testified that drug dealers like Schulze typically utilize others to assist them in laundering drug proceeds.  Schulze and his attorneys had access to the government's financial evidence well in advance of trial, and they had ample opportunity to cross-examine the government's evidence and present evidence on their own behalf.

Schulze has failed to demonstrate any governmental misconduct in presenting its financial evidence at trial, other than his baseless and unsupported allegations.  Accordingly, even if the Court had jurisdiction to entertain his motion to dismiss, it should be denied.

V.   Conclusion

Schulze has tirelessly raised the same issues, despite their having been long decided in this case.  He has also failed to demonstrate any subject matter jurisdiction for the Court to entertain his motion to dismiss the Indictment.  Additionally, even if the Court did have jurisdiction, Schulze's allegations are erroneous and unfounded.  Government counsel respectfully requests that the Court make an affirmative finding that no governmental or prosecutorial conduct occurred with respect to these ongoing and repetitive allegations.  The record in this case is replete with evidence that Steve Olaes acted as an FBI cooperating witness throughout the conduct of this investigation. There is not one scintilla of evidence supporting Schulze's claims that any government agent acted outside of their lawful duties in this case.  Further motions regarding this subject matter from Schulze should be met with sanctions for the burdensome and unnecessary drain they foster on Court and governmental resources.

DATED:  May 18, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Kenneth M. Sorenson
   KENNETH M. SORENSON
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

    Michael F. Schulze
    Immate No. 36817-048
    Federal Detention Center
    P.O. Box 30080
    Honolulu, HI  96820

    Pro Se

    DATED:  May 21, 2007, at Honolulu, Hawaii.

                                /s/ Dawn M. Aihara