IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00090 DAE |
| Plaintiff, ) | DECLARATION OF CINDY MAGLASANG |
| vs. ) | |
| MICHAEL F. SCHULZE, ) aka: "Alan Banks" ) "Michael Dannon" ) | |
| Defendant. ) | |

### DECLARATION OF CINDY MAGLASANG

I, Cindy Maglasang, declare and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed for ten(10) years.

2. I was Federal Bureau of Investigation's primary case agent in the investigation of Michael F. Schulze.

3. I have reviewed Schulze's allegations with respect to the Federal Bureau of Investigation's dealings with informant Steven Olaes. I can attest that Olaes began working as an active informant in the Schulze investigation on August 30, 2001. Specifically, I requested that Olaes be opened as a cooperating witness on August 17, 2001. On August 30, 2001 this approval was given by virtue of a stamp marked "Open & Assign" at the bottom of my request EC (Electronic Communication). This approval was followed on August 31, 2001 by our contact, through our Honolulu Police Department task force officer Dwight Sato, with Harry



Yoshida of the State of Hawaii Probation Office. Mr. Yoshida was advised of our wish to utilize Olaes as a cooperating witness and at that time gave approval to utilize Olaes provided he abided with his standard conditions of probation. On August 31, 2001 Olaes was formally signed up to work as a cooperating witness. His initial form, designated an "Unlawful Activity Authorization" was good for 90 days and is included with this declaration. I can attest that he entered into this same agreement with the FBI every 90 days until the investigation was complete.

4. From August 30, 2001 to April 2, 2001, Olaes acted as a cooperating witness of the Federal Bureau of Investigation and subsequently conducted multiple drug buys and recorded meetings with Michael Schulze and other targets of the investigation. At no time between August 30, 2001 to April 2, 2002 did Olaes' designation as a cooperating source lapse or terminate.

5. The appended FBI documents are true and correct copies of the original documents generated during the scope of this investigation in August, 2001. These are FBI investigation documents related to the confidential source (Olaes) and are rarely shared with criminal defendants. Certain confidential information has been redacted.

I declare under penalty of perjury that the facts set forth in this affidavit are true and correct to the best of my knowledge and belief.

EXECUTED on May 16, 2007, at Honolulu, Hawaii.

                                                               _____
                                                               CINDY MAGLASANG
                                                               Special Agent
                                                               Federal Bureau of Investigation

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                                     Date: 8/31/2001

To: Honolulu                    Attn: █████████████████

From: Honolulu
      █████████
          Contact: SA Cindy Maglasang, Ext. 475

Approved By: Kelly Daniel

Drafted By: Maglasang Cindy:cm

Case ID #: ███████████████ (Pending)

Title: ██████████████
       COOPERATIVE WITNESS
       UNLAWFUL ACTIVITY AUTHORIZATION

Synopsis: Participation in ordinary unlawful activity by Cooperative Witness (CW).

Details: This communication is to document approval for captioned CW to engage in ordinary unlawful activity in connection with the following matter, effective the date of this communication ████████████████████████████████████████

## APPROVAL LEVELS

   1. If the unlawful activity is Tier II, and only involves the purchase of stolen goods or contraband (i.e. credit cards, drugs), the authority can be obtained from a **ASAC (AUSA concurrence is strongly recommended)**.

   2. If the unlawful activity is Tier II, but involves more than the purchase of stolen goods and contraband, and **does not** involve a significant risk to violence, corrupt actions by high public officials, or severe financial loss, authority is to be obtained from an **ASAC OR ABOVE (AUSA concurrence is strongly recommended)**.

   3. If the unlawful activity is Tier I, and involves a significant risk of violence, corrupt actions by high public officials, or severe financial loss, the authority can be obtained from the SAC, **AND** the **UNITED STATES ATTORNEY (USA)**.

   A written finding by the authorizing official must be documented in the CW's main file prior to the activity. In emergency situations, the ASAC may verbally authorize Tier II unlawful activity and immediately thereafter document the decision in the CW's main file.



To: Honolulu   From: Honolulu
Re: ▮▮▮▮▮ 8/31/2001



1. Synopsis (Background of Case):
On July 21, 2000, Susan Fukumoto was arrested by Honolulu FBI after accepting a box containing approximately six pounds of crystal methamphetamine, a.k.a. "ice." The box was shipped to Fukumoto via FedEx from Las Vegas, Nevada by Fukumoto's boyfriend Earl Yamada. Yamada was arrested on July 22, 2000 at the Los Angeles Airport by Los Angeles FBI on a warrant issued by Honolulu.
Yamada was living in Las Vegas, Nevada at the time and met an individual named Michael Schulze, date of birth (DOB) ▮▮▮▮, Social Security Account Number (SSAN) ▮▮▮▮. Information has been obtained by Yamada and another Source that Schulze is a multi-pound distributor of "ice"

2. Authorized Unlawful Activity (Clearly Defined):
The Source is an acquaintance of Schulze and has been approached by Schulze to help him with his "ice" distribution in Hawaii. The Source is capable of collecting money for "ice" from dealers in Hawaii supplied by Schulze, transport this money back to Las Vegas for Schulze and to distribute "ice" in Hawaii that is supplied by Schulze.

3. Oversight:
Every authorized unlawful activity done by the Source will be a controlled operation.

**Effective Dates of Authorization:**

8/31/2001   THROUGH   11/30/2001

**(Not to exceed 90 days)**

This approval for captioned CW to participate in Tier II unlawful activity is being granted for the following reason(s):

Please check the correct reason(s):

(x) The activity is necessary to obtain information or evidence for prosecutive purposes.
( ) To prevent or avoid death or serious bodily injury.

2

To: Honolulu  From: Honolulu
Re: ███████████ 8/31/2001

    (x)    To establish and maintain credibility with subjects of our investigation.

Constraints:

It has been determined that the need for participation in the above unlawful activity by captioned CW outweighs the seriousness of the conduct involved. Captioned CW has been reinstructed that the CW, under no circumstances, should participate in any act of violence, initiate a plan to commit unlawful acts, or use unlawful techniques to obtain information and is forbidden to engage in any unlawful activities other than those previously authorized.

Captioned source has been instructed that he/she may participate only in the unlawful activity directed by the FBI in this case.

SA Signature _[signature]_    DATE: 8/31/01
(Agent re-instructing CW)

Name of United States Attorney: AUSA Ken Sorenson

Date of United States Attorney Concurrence: 8/20/2001
    (complete letter)

3

To: Honolulu  From: Honolulu
Re: ███████████  8/31/2001

      On <u>8/31/2001</u>, individual was advised of the following conditions regarding Tier I or Tier II authorized otherwise illegal activity:

      1. The source is authorized only to engage in the specific conduct set forth in the written authorization described above and not in any other illegal activity.

      2. The source's authorization is limited to the time period specified in the written authorization.

      3. Under no circumstance may the source:

         (a) Participate in an act of violence or

         (b) Participate in an act that constitutes obstruction of justice (e.g., perjury, witness tampering, witness intimidation, entrapment, or the fabrication, alteration, or destruction of evidence).

         (c) Participate in an act designed to obtain information for the FBI that would be unlawful if conducted by a law enforcement agent (e.g., breaking and entering, illegal wiretapping, illegal opening or tampering with the mail, or trespass amounting to an illegal search); or

         (d) Initiate or instigate a plan or strategy to commit a federal, state, or local offense.

      4. If the source is asked by any person to participate in any such prohibited conduct, or if he or she learns of plans to engage in such conduct, he or she must immediately report the matter to his or her contact agent; and

      5. Participation in any prohibited conduct should subject the source to full criminal prosecution.

To: Honolulu   From: Honolulu
Re: ▓▓▓▓▓▓▓▓▓▓  8/31/2001

6. AUSA <u>Ken Sorenson</u> was contacted regarding the source on <u>8/20/2001</u> and concurred with the authorized activity. A letter of confirmation was sent to the U.S. Attorney.

_____    _____
                                                        Date

_____    8/31/01
Special Agent              Date

SA _____  8/31/01
Witnessing Law Enforcement Official   Date

♦♦

5

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                              Date: 09/06/2001

To: Honolulu                        Attn: █████████████

From: Honolulu
        █████████
        Contact: SA Cindy Maglasang, ████████

Approved By: Kelly Daniel

Drafted By: Maglasang Cindy:cm

Case ID #: ███████████   (Pending)

Title: ███████████

Synopsis: State probation authority granted to utilize Source on an operational basis.

Details: On August 31, 2001, Honolulu Police Department (HPD) Detective Dwight Sato informed writer that Detective Sato met with Harry Yoshida, a supervisor with state probation. Yoshida gave Detective Sato approval to utilize the Source as long as the Source abides by his/her conditions of probation. The conditions stressed were no drug or alcohol use, obtaining employment and attending scheduled meetings with the Source's probation officer.

   On August 31, 2001, the Source was informed of this and reminded that the Source still had to abide by the conditions of his/her probation. The Source was reminded that the Source could not participate in any illegal activity unless under the direction and supervision of law enforcement. The Source understood and stated that the next scheduled appointment with the probation officer was set for September 11, 2001.

♦♦

'07 MAY 17 A9:51

RECEIVED
UNITED STATES
ATTORNEY

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                                      Date: 8/17/2001

To: Honolulu                          Attn: ███████████

From: Honolulu
        ███████
          Contact: SA Cindy Maglasang, ext. 475

Approved By: Kelly Daniel P

Drafted By: Maglasang Cindy:cm

Case ID #: ███████████

Title: ███████████
███████████████████████████████████



Synopsis: Cooperating Witness Opening EC.

Details: It is requested that the following individual be opened under the Cooperative Witness Program:

    A.    (True Name and Aliases)
           Steven Polanco Olaes

    B.    (DOB) ███
           (POB) ███





To:  Honolulu            From:  Honolulu
Re:  ▮                   8/17/2001

    B1.    (PHYSICAL DESCRIPTION)
          RACE: ~~Philipino~~ Filipino, Mexican, Indian (Asian)
          SEX: M
          HEIGHT: 5'7"
          WEIGHT: 145 lbs
          HAIR: salt/pepper
          EYES: brown

    C.    (FBI AND/OR OTHER IDENTIFYING #S)
          SSAN: ▮

    C1.   (RESIDENCE)
          ADDRESS: ▮
          CITY: ▮
          STATE: ▮
          COUNTY:
          TELEPHONE: ▮

          (BUSINESS INFORMATION)

          NAME OF BUSINESS: ▮
          CITY:
          STATE:
          BUSINESS TELEPHONE:

    D.    (OCCUPATION)

    E.    (EMPLOYER) ▮

    F.    (CODENAME) ▮

    G.    CITIZENSHIP - ▮

    H.    ARREST RECORD (LIST ANY PENDING CHARGES)

    I.    Subject is in a position to furnish valuable
          information regarding: (fill in here)
Michael Schulze's drug distribution ring and other drug distributers in the Ewa Beach/Waipahu area.

    J.    CONTEMPLATED COVERAGE (LIST BY CLASS AND
          SUBCLASS) ▮

To: Honolulu                        From: Honolulu
Re: ███████████ 8/17/2001



INFORMANT:

| IS  | IS NOT |                                                           |
|-----|--------|-----------------------------------------------------------|
| ( ) | (x)    | A MEMBER OF THE NEWS MEDIA                                |
| ( ) | (x)    | EMPLOYEE OF A FINANCIAL INSTITUTION                       |
| ( ) | (x)    | NOW OR EVER ADMITTED TO THE WITNESS SECURITY PROGRAM      |
| ( ) | (x)    | UNION OFFICIAL                                            |
| ( ) | (x)    | PRIVILEGED OCCUPATION, I.E., ATTORNEY, PHYSICIAN, CLERGYMAN |
| ( ) | (x)    | PUBLIC OFFICIAL                                           |
| ( ) | (x)    | LAW ENFORCEMENT OFFICER                                   |

| IS  | IS NOT |                                      |
|-----|--------|--------------------------------------|
| ( ) | (x)    | MEMBER OF THE MILITARY               |
| ( ) | (x)    | COUNSELORS IN DRUG TREATMENT PROGRAMS |
| ( ) | (x)    | BUREAU OF PRISON PERSONNEL           |
| ( ) | (x)    | MINOR (UNDER 18)                     |

If any of the below responses are positive, the supervisor must determine if the use of the CW would violate the terms and conditions of the person's probation, parole, or supervised release.

Federal or State Probationers     Yes (x) No ( )

Federal or State Parolees         Yes ( ) No (x)

Supervised Releases               Yes ( ) No (x)

To: Honolulu          From: Honolulu
Re: ███████████ 8/17/2001

```
        IS      IS NOT

        ( )     (x)       ON FEDERAL PAROLE

        ( )     (x)       ON FEDERAL PROBATION

        ( )     (x)       ON STATE PAROLE

        (x)     ( )       ON STATE PROBATION

        ( )     (x)       STATE/FEDERAL INMATE
```

Parole Officer's Name _____

Date Officer Contacted _____

Ending date of probation or parole  October 2001

_____SSA_____
Supervisory signature indicating
no violation of above terms

Name of AUSA who concurs  Ken Sorenson

Date of concurrence  8/20/2001

CASE AGENT SIGNATURE: _____

ALTERNATE AGENT:                    ████████████
(Mandatory Entry. Even if the case has a TFM as a Co-Case Agent, you still need an FBI Agent as an alternate.)

TASK FORCE AGENT: _____
[Must do EC requesting authorization for Task Force Member (TFM) to act as Co-Case Agent]

O & A to Case Agent  Cindy Maglasang

4