IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION OF ORDER DENYING
MOTION TO POSTPONE RESENTENCING HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and application, and the supporting memoranda, the Court DENIES Defendant's Motion for Reconsideration of Order Denying Motion to Postpone Resentencing Hearing.

BACKGROUND

On May 11, 2007, this Court denied Defendant's motion to postpone his resentencing. This Court found that Defendant's resentencing had been continued numerous times at his request in order to afford him additional time to prepare, and more than one year has passed since the original date of his

resentencing.  On May 17, 2007, Defendant filed a Motion for Reconsideration of Order Denying Motion to Postpone Resentencing.

### STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rodgers v. Watt, 722 F.2d 456, 459; Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Carnell, 872 F. Supp. at 758.  There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988).

The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an

intervening change in law, or proof of manifest error of law or fact.  Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).  The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision.  Id.

## DISCUSSION

In his motion for reconsideration, Defendant argues for the first time that he hired a private investigator, Jeffrey Owens, but that the investigator was not able to complete his investigation because he got sick for four days.  This argument is too little too late.  Defendant had over a year to hire a private investigator.  Furthermore, Defendant apparently hired Mr. Owens in late February, three months before his scheduled resentencing.  Certainly, three months is sufficient time for the investigator to contact the known individuals, and a four-day illness is not so significant as to substantially delay the completion of the investigation.  Finally, Defendant intends to call Mr. Owens to the stand at his resentencing, in addition to the individuals that Mr. Owens was supposed to contact.

Accordingly, Defendant has failed to meet the high standard required in order to grant a motion for reconsideration.  Defendant did not even argue that there was an intervening change in controlling law, that there was new evidence, or

that the Court's finding was clear error.  Thus, this Court DENIES Defendant's motion.

CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration of Order Denying Motion to Postpone Resentencing Hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 22, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Michael F. Schulze, Cr. No. 02-00090 DAE; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO POSTPONE RESENTENCING HEARING