## DECLARATION OF DEFENDANT

I, Michael F. Schulze, declare as follows:

1. I am the named defendant in criminal matter No. 02-00090-DAE.

2. That on May 10, 2007, I filed a motion requesting the District Court of Hawaii to invoke its supervisory powers and reverse my conviction and dismiss the indictment based on, inter alia, the Government's withholding of material information in violation of Brady v. Maryland.

3. That my position was founded on FBI Special Agent Cindy Maglasang's February 2003 testimony at my trial where she revealed information not previously disclosed to my defense during the pre-trial phase which would have caused suppression of all evidence in this case.

4. That Agent Maglasang stated under oath that by the end of August of 2001, she had not received approval from the State of Hawaii Probation Office to allow Steven Olaes to conduct drug transactions because he was on probation until October 5, 2001. (All evidence was obtained by Olaes).

5. That I have conferred with trial counsels H. Dean Steward and Shawn R. Perez, and neither they nor I have ever received any documents that demonstrate Agent Maglasang received approval from the State of Hawaii to allow Steven Olaes to conduct drug transaction during the period he was on state probation.

6. That on May 21, 2007, the Government filed a pleading in opposition to my motion to reverse my conviction and dismiss the indictment, and attached a declaration from FBI Special Agent Cindy Maglasang in addition to documents never before disclosed to defense.

7. That Agent Maglasang, for the first time ever, states that on August 30, 2001, she received approval to use Steven Olaes as an Informant, and that on August 31, 2001, this approval was "followed" by Honolulu

Police Department task force officer Dwight Sato, with Harry Yoshida of the State of Hawaii Probation Office.

8. That there are no supporting documents from either of Dwight Sato or Harry Yoshida to demonstrate that Agent Maglasang specifically received approval from the State of Hawaii on August 30, 2001.

9. That Count 2 of the Second Superceding Indictment was based on evidence received on August 30, 2001, and this evidence gave support to the Government's case in chief. It is therefore important to obtain proof from Dwight Sato and Harry Yoshida that will either support of refute Agent Maglasang's claims.

10. That Agent Maglasang's declaration of May 16, 2007, is inconsistent to her February 2003 sworn testimony, and because this case hinges on whether she did infact receive approval on August 30, 2001, supporting documentation from the above-named persons must be obtained.

11. That once the District Court approves my application for the attached subpoena(s) duces tecum, I will serve it upon Dwight Sato and Harry Yoshida through a retained private investigator, who will then collect the requested documents.

12. I swear under the penalty of perjury that the foregoing is true and correct.

EXECUTED: This 1st day of June, 2007.

By: /s/ Michael F. Schulze
Michael F. Schulze
Defendant, pro se

-4-