IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION
TO REVERSE CONVICTION AND DISMISS INDICTMENT
AND DENYING DEFENDANT'S EX PARTE
APPLICATION FOR SUBPOENA DUCES TECUM AS MOOT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion to Reverse Conviction and Dismiss Indictment and DENIES Defendant's Ex Parte Application for Subpoena Duces Tecum as Moot.

BACKGROUND

Defendant moved to suppress audiotapes that included recordings of his conversations with others, which were made with the help of confidential informant, Steven Olaes. Defendant's motion was denied. Defendant moved for

reconsideration of the issue and that motion was also denied. On February 13, 2003, a jury found Defendant guilty as to Count One for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; Count Two for distribution of 5 grams or more of methamphetamine; and Count Three for distribution of 50 grams or more of methamphetamine. Defendant was sentenced on September 2, 2003, to 360 months imprisonment as to each count, all terms to be served concurrently.

   Defendant appealed his conviction and sentence. On his appeal, Defendant argued, *inter alia,* that Olaes was not acting under color of law when he recorded the conversations with the targets of the FBI's investigation, and therefore, the audiotapes should have been suppressed. On November 28, 2005, the Ninth Circuit affirmed Defendant's conviction and remanded his sentence. The Ninth Circuit found that this Court's finding that the confidential informant was acting under color of law was proper and therefore, the audiotapes were legally made.

   The Ninth Circuit also noted that this Court had treated the Sentencing Guidelines as mandatory, and that the Supreme Court's subsequent ruling in United States v. Booker, 125 S. Ct. 738 (2005) impacted this Court's factual findings and guideline treatment. Thus, the Ninth Circuit found that "[b]ecause the

record is insufficient to show whether the judge would have given Schulze a materially different sentence had he known that the Sentencing Guidelines were advisory, Schulze is entitled to a limited remand pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc)." (11/28/05 Memorandum at 3, attached as Ex. A to Gov. Opp'n.)

In mid-August 2006, Defendant requested a new trial, making the same arguments regarding Steven Olaes that he makes in the instant motion. The motion for new trial was denied on October 4, 2006. Defendant has appealed that order. On May 30, 2007, this Court affirmed Defendant's sentence.

On May 10, 2007, Defendant, pro se, filed the instant motion. The Government filed an opposition on May 21, 2007, and Defendant filed a reply on May 30, 2007. Defendant also filed an application for a subpoena duces tecum to obtain documents from the Honolulu Police Department regarding Steven Olaes.

## DISCUSSION

Defendant argues that his conviction should be reversed and the indictment dismissed because the Government failed to inform Defendant during the suppression hearing and reconsideration thereof that the confidential informant, Steven Olaes, was on probation at the time he made the audio recordings, and therefore, was not acting under the direction of the FBI. Defendant also asserts

that the FBI manufactured exhibits containing false information related to deposits, withdrawals and transfers in his financial accounts. Defendant's arguments fail for several reasons.

First, the issue of the legality of the audiotapes has already been addressed and previously resolved, not only by this Court, but also by the Ninth Circuit. Indeed, in response to Defendant's argument that the audiotapes were made illegally, the Ninth Circuit found that

> [t]he district court . . . properly concluded that audiotapes of conversation between Schulze and a confidential informant were legally made because the confidential informant was acting under color of law as required by 18 U.S.C. § 2511(2)(c). The FBI asked the informant to make recordings for use in a criminal investigation, supplied the informant with equipment for making such recordings, monitored the recordings on some occasions, and collected the recordings from the informant.

(11/28/05 Memorandum at 3, attached as Ex. A to Gov. Opp'n.)

> The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. . . . Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition.

United States v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007). Under this doctrine, the issue of whether the recordings were legally made has already been decided. Therefore, this Court is precluded from further review of the issue of legality of the tape recordings.

In addition, to the extent that Defendant changed his basis for challenging the legality of the audio recordings and is now arguing that they are illegal because the Government did not inform him prior to trial that Olaes was on probation at the time of the recordings, Defendant has waived this argument. "Failure to raise an issue on appeal results in waiver of that issue." Mendoza v. Block  27 F.3d 1357, 1363 (9th Cir. 1994); see United States v. Radmall, 340 F.3d 798, 802 (9th Cir. 2003) (finding the defendant had waived challenges to his pleas since he did not raise them on direct appeal); see also United States v. Nagra, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.").

Here, Defendant admits that the alleged fact that Olaes was on probation until October 5, 2001, was revealed at trial. Defendant's trial concluded in February 2003. Defendant did not file his appellate brief until September 27, 2004, well over a year and a half after his trial. Thus, Defendant was well aware of

his argument prior to filing his appellate brief. Defendant, however, failed to address this argument in his opening brief.[1] Defendant clearly had an opportunity to make his argument to the Ninth Circuit in his direct appeal. Defendant failed to do so and has provided no reasons for such failure. Accordingly, Defendant has waived such argument. Likewise, Defendant has waived his argument regarding fabrication of financial exhibits as Defendant did not present that issue on his direct appeal and has provided no reason for failing to do so.

Furthermore, Defendant already made the argument regarding the alleged failure to disclose that Steven Olaes was on probation to this Court. This Court rejected his argument and the issue is currently on appeal. (See Oct. 4, 2006 Order Denying Motion for New Trial.) Moreover, this case was back before this Court on a limited remand pursuant to Ameline. A limited remand pursuant to Ameline does not vest this Court with the authority to re-sentence or consider new arguments unless it finds that it would have given a materially different sentence. United States v. Combs, 470 F.3d 1294, 1297 (9th Cir. 2006). This Court did not so find and it affirmed Defendant's sentence. Accordingly, this Court does not have jurisdiction to consider this motion.

---

[1] Defendant was represented by counsel during his appeal.

In his reply brief, Defendant argues that he is entitled to a full resentencing, and not merely a limited remand pursuant to Ameline, since he previously alleged a Sixth Amendment Booker error, which he preserved on appeal.  This argument, however, is moot as this Court, carefully following the Ninth Circuit's instructions in this case, has affirmed Defendant's sentence.  If Defendant believes that the Ninth Circuit was incorrect in ordering a limited remand, rather than vacating his conviction and ordering a full resentencing, then Defendant must take up that issue with the Ninth Circuit.  United States v. Beng-Salazar, 452 F.3d 1088, 1092 -1093 (9th Cir. 2006) (the Ninth Circuit explains when it is appropriate to remand a case pursuant to Ameline or vacate a conviction and order a resentencing).  Indeed, Defendant has already appealed this Court's denial of his motion for a full resentencing.

As the purpose of the application for a subpoena duces tecum was to support Defendant's instant motion, the application is DENIED as moot.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Reverse Conviction and Dismiss Indictment and DENIES Defendant's Ex Parte Application for Subpoena Duces Tecum as Moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States of America vs. Michael F. Schulze</u>, CR. No. 02-00090-01 DAE; ORDER DENYING DEFENDANT'S MOTION TO REVERSE CONVICTION AND DISMISS INDICTMENT  AND DENYING DEFENDANT'S EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM AS MOOT