*Hawkins, McKeown, Tifton*

w. DAE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 03-10493 |
| ) | |
| Plaintiff-Appellee, ) | DC. No. 02-00090-DAE |
| ) | (District of Hawaii) |
| vs. ) | |
| ) | |
| MICHAEL F. SCHULZE, ) | EX PARTE MOTION TO MODIFY FINE |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2007

at 1 o'clock and 00 min. P.M.
SUE BEITIA, CLERK

EX PARTE MOTION TO MODIFY FINE

Respectfully submitted,

MICHAEL F. SCHULZE
Register No. 36817-048
Federal Correctional Institution
Post Office Box 52020
Bennettsville, South Carolina
29512-5220

Defendant-Appellant, pro se

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 03-10493 |
| | ) | |
| Plaintiff-Appellee, | ) | DC No. 02-00090-DAE |
| | ) | (District of Hawaii) |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | MOTION TO MODIFY FINE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

MOTION TO MODIFY FINE

COMES NOW appellant-defendant Michael F. Schulze ("Schulze"), pro se, and respectfully moves this Honorable Court to modify the fine imposed by the District Court, District of Hawaii.

Jurisdiction in this Court is proper Pursuant to 28 U.S.C. § 1291, as the final judgement was entered in the District Court on May 25, 2007, and a timely notice of appeal has been filed - docket No. 07-10290.

This application for relief is brought pursuant to Federal Rules of Appellate Procedure, Rule 27(a).

I. BACKGROUND

On April 2, 2002, the Government seized several items from Schulze pursuant to 21 U.S.C. § 853, that were mentioned in an Indictment as known assets. Among the items listed was a 1995 Chevrolet, C1500, Pick-up Truck, VIN: 2GCEC19Z3S1253051, registered to Alan D. Banks.[1]

On February 12, 2003, during the forfeiture hearing, the Government

---

[1] Alan Banks purchased this Pick-up Truck through Bank of America and satisfied the loan on September 8, 2000. (Exhibit "A"). This particular truck was never seized and Alan Banks was never charged in any way.

-2-

moved to withdraw a 1995 GMC Suburban and the 1995 Chevrolet Pick-up Truck from the jury's consideration. Both items were subsequently removed from the jury's verdict form.

On September 2, 2003, the District Court denied Government's motion to forfeit as substitute property, the 1995 GMC Suburban, the 1995 Chevrolet Pick-up Truck, and $23,000 in cash.[2] During the hearing, the Government misrepresented to the Court that it had possession of the 1995 Chevrolet Pick-up Truck. (Exhibit "C"). Schulze then sought the return of the 23,726 taken from his home; the 1995 GMC Suburban; and two computers, which the Court granted.[3] However.

Upon imposing a term of imprisonment, the Court also imposed a $50,000 fine and ordered that the $23,000 and the proceeds recovered from the sale of the 1995 GMC and 1995 Chevrolet by the U.S. Marshals Service be used to satisfy the fine amount. (Exhibit "D"). Schulze filed a timely notice of appeal.

On October 4, 2004, an amended final order of forfeiture was filed, and on October 7, 2004, Schulze filed a motion to stay the forfeiture proceedings pending the outcome of his appeal, which, was denied on April 18, 2005.

On May 26, 2005, AUSA Kenneth M. Sorenson advised the Court and Schulze that $7,100 had been received from the sale of the 1995 GMC, and informed that the 1995 Chevrolet was not in the Government's possession.

On June 28, 2005, Schulze filed a motion in the District Court to modify the fine, arguing that the Government had known all along that the 1995 Chevrolet was not his property and was never seized.

---

[2] The actual amount is $23,726. (Exhibit "B")

[3] The motion submitted did not mention the 1995 Chevrolet Pick-up.

On November 28, 2005, this Court affirmed Schulze's conviction but ordered a limited remand for sentencing. On May 25, 2007, during the remand hearing in the District Court of Hawaii, Schulze orally renewed his motion to modify the fine imposed to the $30,000 amount already satisfied.[4] The Court, after hearing the Government's non-objection, stated that it did not have the authority under the liminted remand to modify the fine, but informed that it would do so if this Court authorized it. (Exhibit "E").

II. ARGUMENT

SCHULZE DOES NOT HAVE THE ABILITY TO PAY THE REMAINING BALANCE OF THE FINE IMPOSED

A sentencing court is instructed to impose a fine in all cases, "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." United States v. Ortland, 109 F.3d 539, 549 (9th Cir. 1997).

As previously stated, the District Court determined Schulze was able to pay a $50,000 fine with the $23,726 in currency and proceeds from the sales of both vehicles thought to be property belonging to Schulze. However, once Schulze demonstrated that one of the vehicles (1995 Chevrolet Pick-up) had never been seized and was mistakenly listed as an asset, the court found he had established an inability to pay the remaining balance and agreed to modify the fine pending jurisdiction or authorizatoin from this Court.

Schulze is currently serving a 30-year prison term with a release date of 2028 (see www.bop.gov). He has no assets and his monthly income is

---

[4] This $30,000 amount includes the $23,726 in currency plus the $7,100 recognized from the sale of the 1995 GMC Suburban, which is $30,826. When deducting the $300 court assessment fee, the fine payed is approximately $30,526. Schulze seeks to modify the fine to the amount satisfied to date.

$1.45 as a recreation orderly. Furthermore, as a deportable alien, Schulze is not eligible for prison work programs such as UNICOR. Moreover, upon completion of his 30-year term, he will be deported back to Canada, and at age 61, it is not likely he will be able to satisfy the balance of the fine, much less support himself.

In addition, pursuant to 18 U.S.C. § 3612(f), the interest accruing currently exceeds the $50.00 per-quarter payments taken from Schulze's prison account - money which his 77-year-old mother sends - and of which only $18.67 is actually directed towards the fine. At this rate it will take over 100 years to completely satisfy the balance.

III. CONCLUSION

FOR GOOD CAUSE HAVING BEEN SHOWN, appellant-defendant MICHAEL F. SCHULZE respectfully prays this Honorable Court GRANT this ex parte application for relief and ORDER that the balance of the fine imposed be MODIFIED to the current amount owed and SATISFIED as if paid in full, or, in the alternative, GRANT the District Court of Hawaii jurisdiction to do the same.

DATED: Bennettsville, South Carolina, October 9, 2007.

Respectfully submitted,

MICHAEL F. SCHULZE
Appellant-Defendant, pro se