EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Ken.Sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO MODIFY |
| vs. | ) | FINE; EXHIBIT A; CERTIFICATE |
| | ) | OF SERVICE |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO MODIFY FINE

On October 15, 2007, Defendant Michael Schulze, (Schulze) moved the Ninth Circuit Court of Appeals by way of an *ex parte* motion for a modification of his fine.  The Ninth Circuit has now directed this Court to take such action as it deemed proper with respect to Schulze's fine.

The government objects to any modification of Schulze's fine. The premise underlying Schulze's argument is that the Court based the fine amount on the incorrect assumption that the U.S. Marshals were in possession of the 1995 Chevrolet, C1500 Pick Up truck, registered to an Alan Banks. Schulze incorrectly believes that because the Marshal Service has been determined to not have been in possession of the truck, the fine amount should be decreased or somehow abrogated.

Schulze confuses possession of the truck with ownership. This Court grounded its fine determination in Schulze's ownership of the asset, not whether the U.S. Marshal Service had possession of it. This Court, having heard compelling testimony concerning the level of methamphetamine trafficking conducted by Schulze, and his ownership of hundreds of thousands of dollars of assets in the names of other persons, concluded that Schulze was the *de facto* owner of the truck, and that its value should be applied toward a fine. The Court found that the truck, registered to an "Alan Banks," was in fact the property of Schulze. The basis for this finding was clear. The evidence at trial demonstrated that the name "Alan Banks" was an alias utilized by Schulze. The Government introduced a California driver's license seized from Schulze's residence with Schulze's photograph in the name of "Alan Banks." (Trial Transcript, Vol. 6, page 10, Attached as Exhibit "A.") This

fictitious license was likely utilized by Schulze to obtain the Nevada registration for the vehicle in the name of "Alan Banks" which he has attached to his motion.  Additionally, during the search of Schulze's residence agents located a Hawaii birth certificate in the name of "Alan Douglas Banks."  (Exhibit "A")

On September 2, 2003, the Court ruled against the government's motion to forfeit the 1995 Chevrolet truck as a substitute asset, and ordered instead that it be used towards the Court's $50,000 fine of Schulze.  The order was grounded in the Court's conclusion that the truck was the property of Schulze and that it should be sold and the proceeds used to pay a fine.  At the time of Schulze's sentencing, the government mistakenly believed that the truck was among the multiple trucks, boats, cars and jet skis seized by the U.S. Marshal Service and in the government's possession.  As it turned out, the truck was not among Schulze's assets in the possession of the U.S. Marshal Service and could not be sold.[1]

This Court may reduce Schulze's fine if it finds that Schulze is unable to pay it.  Nonetheless, no reduction of the

---

[1] Schulze incorrectly infers that government counsel intentionally misrepresented the U.S. Marshal was in possession of the truck.  At the time of sentencing, the government believed the truck was among the many vehicles seized in this case.  Government counsel was later advised by the U.S. Marshal Service in Nevada that the 1995 pick up was not among the vehicles in its possession.

fine in this case should be grounded upon Schulze's identity and ownership of the asset.

Accordingly, the government objects to Schulze's motion to reduce his fine.

DATED:  December 10, 2007, at Honolulu, Hawaii.

                    EDWARD H. KUBO, JR.
                    United States Attorney
                    District of Hawaii


                    By   /s/ Kenneth M. Sorenson
                      KENNETH M. SORENSON
                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>Michael F. Schulze
>Immate No. 36817-048
>FCI Bennettsville
>P.O. Box 52020
>Bennettsville, SC   29512-5220
>
>Pro Se
>
>DATED:  December 10, 2007, at Honolulu, Hawaii.

                                    /s/ Dawn M. Aihara