MICHAEL F. SCHULZE
Register No. 36817-048
FCI Bennettsville
Post Office Box 52020
Bennettsville, S.C. 29512-5220

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 10 2007

at 11 o'clock and 35 min A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00090-DAE |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING GOVERNMENT'S MOTION FOR EXTENTION OF TIME TO FILE RESPONSE; EXHIBITS; CERTIFICATE OF SERVICE** |
| MICHAEL F. SCHULZE, ) | |
| Defendant. ) | |

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Michael Schulze ("Defendant") will and do hereby move this Honorable Court for reconsideration of its November 29, 2007 order granting Government's ("Plaintiff") motion for an extention of 30 days time by which to file a response to Defendant's ex parte motion to modify fine. For the following reasons, this Court should reverse said order and (1) deny and (2) strike Plaintiff's motion, (3) grant Defendant's motion, and (4) order the fine satisfied as of May 25, 2007.

1. **Plaintiff is Procedurally Barred From Moving for an Extention.**

This Court's November 7, 2007 order directed Plainitff to "file a response to Defendant's ex parte motion within 14 days from the date of this order." (Order at 1, Exhibit "A"). Accordingly, Plaintiff's response was due on or before November 21, 2007. Consequently, Plaintiff's November 26, 2007 motion for a time extention is procedurally defaulted and must be denied.

### 2. Plaintiff's Motion Violates Local Rule 7.2(f) and Must be Struck.

Local Rules of Practice for the United States District Court of Hawaii, Rule 7.2(f) states: "All motions shall be accompanied, when appropriate, by affidavits or declarations sufficient to support material factual assertions and by a memorandum of law." LR7.2(f). Local Rule 12.3 states that "local rules pertaining to civil matters are applicable to matters in criminal cases". LR12.3.

Plaintiff's motion asserts "[E]vidence which is material to the Government's response, is contained in the FBI file which is in Washington." (Motion at 2). Plaintiff's motion is based on this single material factual assertion, yet no affidavit or declaration is submitted to support it. In addition, Plaintiff fails to mention what evidence it requires from the FBI file, and what effect it would have in the instant matter, as Defendant's ex parte motion provided attachments of a hearing transcript in which counsel for the Plaintiff specifically stated a non-objection to Defendant's motion.

Here, Plaintiff's motion is unsupported and because it is founded on a single factual assertion, it violates LR7.2(f) and must be struck.

### 3. Defendant's Ex Parte Motion to Modify the Fine Does Not Require a Response Because Plaintiff Already Stated Its Non-Objection.

Defendant specifically styled his motion ex parte because a response was not required, as councel for Plaintiff stated, orally in court, on May 25, 2007, that it had "[N]o objection" to Defendant's "motion to modify the fine to the $30,000 that [Defendant had] already paid." (Hearing Transcript, at 23, Exhibit "B"). Accordingly, because there was no objection made to Defendant's motion to modify, there is no reason to respond again.

//
//

**4. This Court Already Granted Defendant's Motion to Modify the Fine.**

On May 25, 2007, Defendant orally moved this Court "to modify the fine to the $30,000 that [he] ha[d] already paid." (Hearing Transcript, at 23, Exhibit "B"). This Court then replied, "I will say on the record, Mr. Schulze, that if the 9th Circuit gives me the authority to modify the fine, as you have requested, the court will do so." (Hearing Transcript, at 23, Exhibit "B"). Consequently, Defendant moved the 9th Circuit to grant this Court the "authority to modify the fine", and on October 24, 2007, it did so. (Exhibit "C"). Ipso facto, Defendant's motion has been granted since May 25, 2007, or at least since the 9th Circuit authorized this Court to do so on October 24, 2007.

**WHEREFORE**, for good cause having been shown, this Court should reconsider and reverse its November 29, 2007 order granting the Government's motion for an extention of time, strike Plaintiff's motion as untimely, GRANT Defendant's Motion, and ORDER the fine imposed in this case SATISFIED and PAID IN FULL.

DATED: Bennettsville, South Carolina, December 4, 2007.

Respectfully submitted,

_____
MICHAEL F. SCHULZE
Defendant, pro se