MICHAEL F. SCHULZE
Register No. 36817-048
Post Office Box 52020
Bennettsville, S.C. 29512-5220

Defendant, pro se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 26 2007

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANT'S REPLY TO |
| | ) | GOVERNMENT'S RESPONSE TO |
| MICHAEL F. SCHULZE, | ) | DEFENDANT'S MOTION TO MODIFY |
| | ) | FINE; EXHIBIT "A" & "B"; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO MODIFY FINE

The Government continues to advance incorrect information, ignores three significant facts, and, cites absolutely no authority to support its position.

To begin, the Government again misinforms this Court that the 1995 Chevrolet Pick-up Truck at issue here was owned by Schulze, but it offers absolutely no evidence to support this claim. Attached to this pleading is a copy of a Lien Release from Bank of America, dated September 8, 2000, that demonstrates that Alan D. Banks purchased this Truck long before 2000, and has been and is the legal owner. (See Exhibit "A").

The Government would like this Court to believe the speculated opinion that because Alan Banks' birth cirtificate and an ID was found in Schulze's home that Schulze somehow used it to purchase said truck, however, no evidence is offered to support the ultimate allegation that Schulze

somehow duped one of the Nation's largest banks into loaning him money under the guise of an "Alan Banks". What's more, the indictment in this case was returned on March 21, 2001, almost a year after Mr. Banks satisfied his loan to purchase said truck. Thus, there was no reason at all to think that a truck belonging to an individual who was never a part of this case, might be an asset belonging to Schulze.

Second, the Government states that "[this] Court found that the truck, registered to an 'Alan Banks,' was in fact the property of Schulze." (Response at 2). This statement is completely false. This Court uttered no such thing, it could not have, because there was absolutely no evidence nor any mention about the 1995 truck during trial or otherwise. Nothing. In fact, even the jury was confused and could not decide whether to forfeit the 1995 truck or the 1995 GMC because neither were mentioned at trial (see Exhibit "B"), and this is why the Government moved to withdraw said ietms from the jury's verdict form. Indeed, if this Court did make such a finding, surely the Govenment would provide evidence of it, but it cannot, because this Court would not speculate about something never mentioned throughout this entire case.

Third, the Government seems to forget that it already stated its non-objection to Schulze's motion to modify the fine at the May 25, 2007 remand hearing. Now it suddenly decides to file an objection and advance a position based on nothing more than unsupported and erroneous claims. In truth, the Assistant U.S. Attorney in this case, Mr. Kenneth M. Sorenson, should withdraw himself from futher proceedings in this matter because the pending civil action brought aginst him and two FBI Agents by Schulze (see Schulze v. Maglasang, 1:06-cv-00490-EFS) seems to have disturbed his ability to remain professional and avoid being vindictive, as the response filed by him was a complete waste of time and judicial resources.

DATED: Bennettsville, South Carolina, December 17, 2007.

                    Most respectfully submitted,

                    _____
                    MICHAEL F. SCHULZE
                    Defendant, pro se