IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S
EX PARTE MOTION TO MODIFY FINE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendant's Ex Parte Motion to

Modify Fine and the supporting and opposing memoranda, the Court DENIES

Defendant's Ex Parte Motion.

BACKGROUND

On February 11, 2003, Defendant was convicted by a jury on four

counts on a Second Superceding Indictment: (1) conspiracy to distribute and

possess with intent to distribute 50 grams or more of methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution of 5 grams or more of

methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) distribution of 50

grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A); and (4) criminal forfeiture in violation of 21 U.S.C. § 853. On

September 2, 2003, Defendant was sentenced to 360 months imprisonment as to

Counts 1, 2, and 3, all terms to be served concurrently.  Defendant was ordered to

serve a five-year term of supervised release as to each count, all terms to be served

concurrently.  Defendant was also ordered to pay a fine of $50,000 immediately

and a special assessment of $100 as to each count for a total of $300.

As to the $50,000 fine, the Court ordered the Government to return

Defendant's personal assets of approximately $23,000 in cash, a GMC Suburban,

and a Chevy pick-up truck, which were seized for forfeiture, and to apply the value

of these assets to the fine.[1]  The $23,000 in cash and the proceeds from the sale of

the GMC vehicle left approximately $20,000 remaining on the fine.  The

Government, however, had mistakenly listed the Chevy truck for forfeiture when,

in fact, it did not possess the vehicle.  It therefore could not sell the Chevy truck in

satisfaction of the remaining balance.

---

[1]The Government filed a countermotion to substitute the assets ($23,000, and the two vehicles) for unrecoverable assets directly traced to Defendant's drug trafficking pursuant to criminal forfeiture under 21 U.S.C. § 853.  The Court denied this motion and granted, instead, Defendant's motion to return assets.

2

Defendant appealed his sentence to the Ninth Circuit, and on November 28, 2005, the Ninth Circuit affirmed Defendant's conviction but remanded the sentence pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), to determine if the Court would have imposed the same sentence if it had known that the sentencing guidelines were advisory and not mandatory. On May 25, 2007, a hearing on the limited remand was held, and the Court affirmed the sentence. Schulze made a motion at the hearing to modify the $50,000 fine to $30,000, but the Court declined to entertain the motion on a limited remand without authority from the Ninth Circuit.

On October 15, 2007, Schulze filed an Ex Parte Motion to Modify Fine in the Ninth Circuit, and on October 24, 2007, the Ninth Circuit referred Defendant's motion to this Court. The Government filed a response to Defendant's Ex Parte Motion to Modify Fine on December 10, 2007, and Defendant filed a reply to the Government's response on December 26, 2007.

DISCUSSION

Defendant's Ex Parte Motion to Modify Fine requests that this Court write-off the remaining balance due on the fine, or reduce the fine to approximately $30,000 on the theory that the Court erroneously based the $50,000

fine on the Government's "misrepresentation" that it had the Chevy truck for sale.

Since the Government did not have the vehicle, the fine was overestimated and

should be reduced to reflect only the assets within the Government's actual

possession. Defendant disputes ownership over the Chevy truck and claims that it

belongs to "Alan Banks." Defendant further avers that he does not have the ability,

as a prisoner, to pay off the remaining balance without the sale of this alleged

asset.

       The Government in response asserts that the $50,000 fine is proper

because it was based on Defendant's ownership of the vehicle in question, not the

Government's possession of the vehicle. As support for Defendant's ownership,

the Government cites to the discovery of a California driver's license with

Defendant's photograph in the name of "Alan Banks," and a Hawaii birth

certificate in the name of "Alan Douglas Banks." Both items were recovered from

Defendant's residence and introduced at trial. The Government asserts that this

evidence demonstrates that Defendant used the alias "Alan Banks" and that the

Chevy truck, registered to "Alan Banks," belongs to Defendant. This Court agrees.

       This Court finds by the preponderance of the evidence that the Chevy

truck in fact belongs to Defendant. As noted in the Government's response, this

4

Court previously determined that "Alan Banks" is an alias of Defendant based on the driver's license and birth certificate, which were recovered from Defendant's residence. Since the vehicle was registered to "Alan Banks," this Court found that Defendant owned the vehicle and imposed the $50,000 fine to be covered *inter alia* through the sale of the vehicle. This evidence has not changed. It still appears that Defendant owns or owned the vehicle. As such, Defendant has an asset that he may sell to satisfy the remainder of the fine.

Since the Defendant has an asset he can or could have sold, he has failed to demonstrate his inability to pay the remainder of the fine. See United States v. Ortland, 109 F.3d 539, 549 (9th Cir. 1997) (a sentencing court should not impose a fine "where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine.")

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Ex Parte

Motion to Modify Fine.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 4, 2008.



_____
David Alan Ezra
United States District Judge

United States v. Schulze, CR. NO. 02-00090 DAE; ORDER DENYING DEFENDANT'S EX
PARTE MOTION TO MODIFY FINE

6