ORIGINAL

MICHAEL F. SCHULZE
Register No. 36817-048
FCI Bennettsville
Post Office Box 52020
Bennettsville, S.C. 29512-5220

Defendant, pro se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 10 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 02-00090-DAE |
| Plaintiff, | ) | |
| vs. | ) | NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO MODIFY FINE; EXHIBIT "A"; CERTIFICATE OF SERVICE |
| MICHAEL F. SCHULZE, | ) | |
| Defendant. | ) | |

**TO COUNSEL FOR PLAINTIFF UNITED STATES OF AMERICA:**

**PLEASE TAKE NOTICE** that defendant Michael F. Schulze ("Schulze"), will and do hereby move this Honorable Court to reconsider its February 4, 2008, order denying his motion to modify the fine imposed.

This motion is submitted pursuant to Local Rule 60.1, and is based on the attached memorandum of law and new evidence, submitted hereto and marked as Exhibit "A".

DATED: March 2, 2008, at Bennettscille, South Carolina.

Respectfully submitted,

MICHAEL F. SCHULZE
Defendant, pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 02-00090-DAE |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OF LAW IN SUPPORT OF |
| ) | DEFENDANT'S MOTION FOR |
| MICHAEL F. SCHULZE, ) | RECONSIDERATION |
| ) | |
| Defendant. ) | |
| ) | |

I.  BACKGROUND

On September 2, 2003, after granting Schulze's motion for the return of two computers, $23,726 in cash, and one 1995 GMC Suburban, the Court imposed a $50,000 fine.[1]  It is unclear how, but the Court believed that there was another vehicle seized in the case, a 1995 Chevrolet truck, that was thought to belong to Schulze, and, in imposing the fine, directed the Chevrolet to be sold along with the GMC, and that all proceeds join the $23,726 in satisfying the fine imposed.

On June 28, 2005, Schulze moved the Court to modify the fine, and explained that the 1995 Chevrolet had never been seized and was not his property.  [Dkt. 235].  The Court did not address the matter until May 25, 2007, when Schulze orally renewed his motion, at which point the Court stated it would grant such if the Ninth Circuit Court of Appeals authorized.

On October 24, 2007, the Ninth Circuit so authorized, and the District Court then ordered the Government to respond, and afterwards denied the motion based on a preponderance of the evidence finding that the 1995 Chevrolet belonged to Schulze based on the Government's assertion that Schulze used the alias "Alan Banks" to purchase said truck.

---

[1] Schulze did not seek the return of, much less mention, a Chevolet.

2

II. RULES

A motion for reconsideration must present a reason why the court should reconsider its prior decision, and state facts or law of a strongly convincing nature to induce the court to reverse its prior ruling. Carnell v. Grimm, 872 F.Supp. 746, 758 (D.Haw. 1994). There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F.Supp. 745, 750 (D.Mont. 1988).

The District Court of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available,... or proof of manifest error of ... fact. Reliance Ins. Co. v. Doctors Co., 299 F.Supp. 2d 1131, 1153 (D.Haw. 2003).

III. ARGUMENT

It is an undisputed fact that the 1995 Chevrolet truck is registered and owned by an individual named Alan Banks. The issue in dispute is: who then is Alan Banks?

The Government claims that Schulze is Alan Banks. This conclusion is based on the theory that Schulze used the alias name "Alan Banks" to purchase and register said truck. For support, the Government points to the alleged recovery of an ID and birth certificate found in Schulze's home bearing the name Alan Banks. In sum, the Government maintians that because Schulze is the true owner of the Chevrolet, he thus has an asset in which to sell to pay towards the fine.

Schulze asserts that Alan Banks is a real person and true owner of the Chevrolet, and that he is without any means to pay the $20,000 fine balance.

3

Since receiving this Court's February 4, 2008, order denying said motion, Schulze contacted Alan Banks and explained that the Government and the Court believed that he was Alan Banks, and the owner of the 1995 Chevrolet truck. Alan Banks then offered to sign a sworn declaration attesting to the fact that he is a real person; that he purchased the 1995 Chevrolet truck for $7,000 by obtaining an auto loan at Bank of America, which he satisfied on or about September 2000; and that he is the sole legal owner of said truck. (See attached Exhibit "A").

With respect to his birth cirtificate being placed in Schulze's care, Alan Banks explains that he had asked Schulze to hold it during a vacation to Mexico and purposely left it in his care for future travel. (See attached Exhibit "A").

This new evidence proves beyond a reasonable doubt that Alan Banks is a real person and the true owner of the 1995 Chevolet, and not only dispels the Government's theory, it is of a strong and convincing nature to induce this Court to reverse itself and grant Schulze's motion to modify the fine.

It is important to note that Alan Banks became the true owner of this truck in September 2000, long before the March 2001 Indictment was filed in this case, and, before the alleged recovery of Mr. Banks' documents from Schulze's home, thus, there was no reason or cause whatsoever to have included this truck as an item for seizure in the Indictment.

Accordingly, because this Court's preponderance finding was based on a theory now proven to have been clearly erroneous, and, because new and compelling evidence "provides proof of manifest error" of fact, this Court should reverse its earlier ruling and grant Schulze's motion to modify the fine because he has no means whatsoever to pay the $20,000 balance that was based on an item that was not his, and worth just $7,000 when purchased.

III. <u>CONCLUSION</u>

**WHEREFORE**, for the foregoing reasons, Schulze respectfully urges this Honorbale Court to reconsider and reverse its decision, and **GRANT** his motion to modify the fine imposed to reflect a zero-balance due.

DATED: March 2, 2008, at Bennettsville, South Carolina.

Most humbly submitted,

_____
MICHAEL F. SCHULZE
Defendant, pro se