UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338
CLERK

OFFICIAL BUSINESS

9241550025 0000

RETURN TO SENDER
Not In Custody
S. B. Co. Jail By



FIRST CLASS

RECEIVED
CLERK U.S. DISTRICT COURT
MAY 09 2008
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338

CLERK

OFFICIAL BUSINESS
RETURN SERVICE REQUESTED

CR 02-90 DAE

MICHAEL F. SCHULZE
36817-048
FDC HONOLULU
FEDERAL DETENTION CENTER
PO BOX 30080
HONOLULU HI 96820

RECEIVED
CLERK U.S. DISTRICT COURT
MAY 09 2008
DISTRICT OF HAWAII

CR-02-90 DAE

RECEIVED
CLERK U.S. DISTRICT COURT
APR 28 2008
12:45pm
DISTRICT OF HAWAII

Case 1:02-cr-00090-DAE   Document 393   Filed 04/23/2008   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 02-00090 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL F. SCHULZE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF
ORDER DENYING DEFENDANT'S MOTION TO MODIFY FINE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting memoranda, the Court DENIES Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Modify Fine.

BACKGROUND

On February 4, 2008, this Court issued an order denying Defendant Schulze's Ex Parte Motion to Modify Fine. Schulze moved this Court to reconsider the denial on March 10, 2008.[1]

STANDARD OF REVIEW

---

[1] This Court's February 4, 2008 Order lays out a detailed summary of the events leading up this appeal. (Doc. # 389.)

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Three predominant grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp.

at 758-59. Fed. R. Civ. P. 60(b) also provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The District of Hawaii has implemented the federal standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id. Local Rule 60.1 also places a time limitation on filing a motion for reconsideration, that is, ten (10) business days after the filing of the Court's written order.

3

## DISCUSSION

Schulze moves this Court to reconsider its February 4, 2008 Order Denying Defendant's Motion to Modify Fine in light of new evidence, a signed affidavit from "Alan Banks." The attached affidavit attests to the independent existence of an Alan Banks and his sole ownership of a 1995 Chevrolet Pick Up Truck. It also explains how Schulze came to possess Alan Bank's birth certificate in his Las Vegas residence. Schulze claims that this affidavit "dispels the Government's theory" that Schulze used Alan Bank's identity to purchase and register the 1995 Chevrolet. The affidavit, as Schulze avers, "provides proof of manifest error" in fact in this Court's preponderance of the evidence finding that Schulze owns the 1995 Chevrolet Pick Up Truck, and warrants a reversal of this Court's February 4, 2008 Order Denying Schulze's Motion to Modify Fine.

This Court disagrees. The affidavit, though new evidence, was not previously unavailable. Schulze could have attached this affidavit to his prior memorandum in support of his Ex Parte Motion to Modify Fine. He did not, and this Court disposed of Schulze's bare claims that he did not use Alan Bank's identity to purchase and register the 1995 Chevrolet Pick Up Truck in the February 4, 2008 Order. The affidavit merely serves as a means of reviving an argument that this Court has properly dismissed. As such, it provides no basis for

4

reconsideration. See Haw. Stevedores, Inc., 363 F. Supp. 2d at 1269 (reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.)

Additionally, the preponderance of the evidence still weighs in favor of Schulze's ownership of the 1995 Chevrolet Pick Up Truck. The affidavit notably makes no mention of the California driver's license, which authorities recovered from Schulze's Las Vegas residence. This driver's license has the name "Alan Banks" printed below a photograph of Defendant Schulze's face. It is convincing evidence of Schulze's use of "Alan Banks" as an alias and supports this Court's February 4, 2008 finding that Schulze used the alias "Alan Banks" to purchase and register the 1995 Chevrolet Pick Up Truck. The affidavit does not provide a strongly convincing basis for reconsideration. See Reliance Ins. Co., 299 F. Supp. 2d at 1153 (The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision.)

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Modify Fine.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 23, 2008.



David Alan Ezra
United States District Judge

United States v. Michael F. Schulze, CR. No. 02-00090 DAE ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO MODIFY FINE

-DC V3.1.2 (12/07) **LIVE**    https://ecf.hid.circ9.dcn/cgi-bin/Dispatch.pl?540852469321433

## Orders on Motions
1:02-cr-00090-DAE USA v. Schulze, et al

U.S. District Court

District of Hawaii - CM/ECF V3.1.2 (12/07)

### Notice of Electronic Filing

The following transaction was entered on 4/23/2008 at 11:57 AM HST and filed on 4/23/2008
**Case Name:**     USA v. Schulze, et al
**Case Number:**   1:02-cr-90
**Filer:**
**Document Number:** 393

**Docket Text:**
**ORDER DENYING DEFENDANT MICHAEL F. SCHULZE'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO MODIFY FINE [390]. Signed by JUDGE DAVID ALAN EZRA on 4/23/08. (afc)**

**1:02-cr-90-1 Notice has been electronically mailed to:**

Joseph R. Mottl, III  tizmot@earthlink.net

Kenneth M. Sorenson  ken.sorenson@usdoj.gov, USAHI.ECFNarcotics@usdoj.gov, dawn.aihara@usdoj.gov

H Dean Steward  deansteward@fea.net

**1:02-cr-90-1 Notice will not be electronically mailed to:**

Sean R. Perez


Michael F. Schulze
36817-048
FDC HONOLULU
FEDERAL DETENTION CENTER
Inmate Mail/Parcels
P.O. BOX 30080
HONOLULU, HI 96820

Reuel M. Williams

P.O. Box 370490
Las Vegas, NV 89137-0490

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=4/23/2008] [FileNumber=478760-0]
[2e24a0391ad8d2ca17fd8430e3fc5547a5c5b292ac45815876aec8d37ee9b840c61a
173d85870a14c7c32c2c0d452f4284891d99e79dfcf57842a40f4312da09]]